## UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

| | | |
|---|---|---|
| **M CORP DBA 11:59,** | : | |
| | : | **Civil Action No: 1:24-cv-01823** |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **INFINITIVE, INC., JOSEPH** | : | |
| **BRADLEY SHERIDAN, AND DOES** | : | |
| **1-25, INCLUSIVE.** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

### SUPPLEMENTAL DECLARATION OF STEVEN HILARY IN SUPPORT OF PLAINTIFF'S
### APPLICATION FOR PRELIMINARY AND PERMANENT INJUNCTION

I, Steven Hilary, declare:

1. As I previously certified, Plaintiff M Corp dba 11:59 ("11:59") retained Maragell, LLC ("Maragell") to perform a forensic imaging and examination of a laptop computer that I have been informed by 11:59 was used by Defendant Joseph Bradley Sheridan ("Sheridan") in connection with Sheridan's employment with 11:59.

2. In addition to being primarily responsible for conducting the forensic examination of Sheridan's 11:59 issued laptop computer, I also conducted analysis on the contents of Sheridan's Google Drive. Except as stated upon information and belief, I have personal knowledge of the facts set forth below and if called to do so, could testify competently thereto.

3. As I explained in my initial certification, I am the Lead Digital Forensics Examiner at Maragell. I am an EnCase Certified Examiner ("EnCE") as conferred by OpenText, a Certified Computer Examiner ("CCE") as conferred by the International Society of Forensic Computer Examiners, and an AccessData Certified Examiner ("ACE"), as conferred by Exterro, Inc. I received a Bachelor of Science degree in Computer Forensics from Bloomsburg University of

Pennsylvania.  I am a member of the International Society of Forensic Computer Examiners, and an associate member of the Association of Certified Fraud Examiners.  I have expertise in the forensic examination of computers, thumb drives, tablets, smart phones, cell phones, and related devices.

4.   On the morning of October 15, 2024, Maragell was provided via iManage Share a secure link with a copy of the Zip file which upon information and belief contains the Google Drive Files Mr. Sheridan's attorneys provided to 11:59's attorneys on the afternoon of October 12, 2024 via iManage Share. See Appendix A chain of custody form.

5.   After downloading the Google Drive data via a .zip file format, the data was forensically imaged using FTK Imager version 4.7.1.2. The zip file was then added to Encase Forensic version 24 to parse the zip file's data. The forensic image of the Google Drive data was also processed using Magnet Forensics Axiom version 8.5.  See Appendix B acquisition form.

**Google Drive Contents and Activity**

6.   The Google Drive Files consist of approximately 1,709 files and 4 Gigabytes of data.

7.   The Google Drive Files contain the following file folder listing:



8.   Within the folders contained in the Google Drive Files are further subfolders, including a folder entitled "WhenLeave" which contains approximately 3.5 GB of data.

9.   In my previous certification, I discussed certain Google Drive activity found on Sheridan's 11:59 issued MacBook, including:

    a.   On September 6, 2024 (on information and belief Sheridan's last day of employment with 11:59), the MacBook user profile "bradsheridan" visited https://drive.google.com/drive/my-drive.

    b.   There is evidence Google Drive was visited again after September 6, 2024 on September 9, 10, 11, and 13, 2024.

    c.   On Wednesday, September 11, 2024 there was access to Google Drive folders related to 11:59 project work including Project C at 3:17 p.m. and to a general folder named "Projects."  At 3:18 p.m. the same day, there was access to a Google Drive folder named "Infinitive."

    d.   On September 13, 2024, a Google Drive folder entitled "11:59" was accessed.

10.   Notably, despite there being evidence of access to a Google Drive folder entitled "Infinitive" on Sheridan's 11:59 MacBook close in time to access to folders entitled Projects and Project C, no folder titled "Infinitive" was provided in the Google Drive Files.

11.   It is reasonably probable that the "11:59" Google Drive folder Sheridan accessed on September 13, 2024 after he began his employment at Infinitive is the same 11:59 folder found within the Google Drive Files Sheridan produced via his attorneys.

**Google Drive Files Metadata**

12.   On information and belief, 11:59's attorneys requested Maragell be permitted to collect and analyze the data on Sheridan's devices and accounts, including his Google Drive, so

that a complete forensic analysis of the 11:59 information contained therein could be conducted. On information and belief, Sheridan did not agree to this request.

13.    Instead, on information and belief, Sheridan's attorneys collected Sheridan's Google Drive and produced the portions Sheridan claimed contained 11:59's work product and other proprietary information.

14.    Because of the technology Google Drive uses to store files online, when those files are downloaded/exported, the available system metadata and some internal metadata is either lost entirely, limited, or simply incorrect/erroneous.

15.    For example, the file system metadata (the Last Access date (Opened), File Created Date (i.e. the date the file was uploaded to Google Drive), and the edited date(s)) for all the documents provided is not available to me because that information is only stored within the Google Drive itself as part of the File Activity Log.   In addition, the Last Written Date and Entry Modified Date for the files we were provided from within the Google Drive reflect a date of October 15, 2024, which is after Sheridan's counsel provided 11:59's attorneys access to the data and thus could not be the last time Sheridan himself touched a file.  In other words, these metadata fields are populated with incorrect/erroneous information because the dates are coming from the system(s) on which the Google Drive Files were saved after they were exported by Sheridan's counsel.  The true and correct Last Written/edited and Modified Dates for each file are part of the File Activity Log which exists only within Google Drive.  Maragell has not been given direct access to the Google Drive to forensically review, preserve, and collect the data.

16.    Notwithstanding the foregoing, from the Google Drive data that was provided to me for review, I was able to glean some information regarding Sheridan's activities related to the files he retained on his Google Drive.  On information and belief, inside the WhenLeave folder is

a file entitled Copy of NM Lakehouse Pricing Option ScheduleLB") saved alongside a nearly identical document except that "11:59" within the document is replaced with "Infinitive" (document entitled "[Project B] Lakehouse Tasks – Infinitive").

17.     Forensic evidence was found showing that the document entitled "[Project B]AA Lakehouse Tasks - Infinitive.xlsx" was modified on September 11, 2024, after, on information and belief, Sheridan left 11:59 and started at Infinitive.

18.     I have had the opportunity to review the Supplemental Certification of Tim Collinson and can verify that each of the folders and files he references were found within the Google Drive Files.[1]

**Metadata Available with Proper Collection and Analysis**

19.     If a forensic analyst was permitted to examine and collect the designated contents of Sheridan's Google Drive, the forensic analyst would likely be able to identify significant additional metadata regarding the contents of the Google Drive, as follows:

    a.     As noted in Paragraph 15 above, each file within the Google Drive typically has an associated File Activity Log which provides a timeline of what was done with that file including whether it was opened, modified (edited), or shared.  If the file was shared, the File Activity Log would indicate to whom the file was shared.  If the file was modified, the File Activity Log would show the date and time of each modification, not just the last modification.

    b.     Google also holds the last ten IP addresses and associated devices that were used to access a user's Google account.  Because, on information and belief, Sheridan's

---

[1] I am privy to the Confidential Key referencing the coded names of 11:59 clients used in Mr. Collinson's Supplemental Certification.

attorneys collected the Google Drive, the attorneys' IP address and device(s) would likely have removed at least one previous device from the list.  If the attorneys accessed the Google Drive multiple times from multiple devices, additional IP addresses and devices would be lost from that list.

20.      Regardless of the manner in which the Google Drive is collected, we are unable to determine whether any of the contents of the Google Drive were downloaded without reviewing the devices by which the Google Drive was accessed.  If a forensic analyst were able to examine and collect the Google Drive directly as discussed in Paragraph 19, a review of the devices (excluding the attorneys' device(s)) on the list of IP addresses used to access the Google account could be reviewed to determine whether the information contained in the Google Drive was downloaded to such other devices.

21.      This certification reflects some of the forensic data found within Sheridan's Google Drive.  My analysis is ongoing.

I declare under penalty of perjury under the laws of the State of Virginia that the foregoing is true and correct, and that this declaration was executed on the date below at 2 Coleman Ave, Suite 201 Cherry Hill, New Jersey 08034.

DATED: 10/28/24

_____
STEVEN M. HILARY, EnCE, CCE, ACE

# APPENDIX A



# Chain of Custody

**Case Name:** NFC (M Corp)

**Case Number:** 2409007

**Item Number:** 2409007GoogleDrive

**Description:** Download of Google Drive data provided by NFC

**Manufacturer:** Google

**Model name/number:** N/A

**Evidence markings:** N/A

**Serial Number:** N/A

**Custodian:** Joseph Bradley Sheridan

## Transfer Log

| Date/Time | Transferor | Transferee | Purpose of Transfer |
|---|---|---|---|
| 10/15/24<br><br>Time: 10:10 AM | Nukk-Freeman, Cerra P.C.<br><br>Via ShareFile<br><br>Stacy Landau, Esq. | Maragell<br><br>*Steve M. Hilary, CCE, ENCE, ACE*<br><br>Steve Hilary, CCE | Imaging & Analysis |
|  |  |  |  |
|  |  |  |  |



# APPENDIX B



## Electronic Evidence Data Acquisition Form

| Client: | M Corp | Date: | 10/15/24 | | |
|---|---|---|---|---|---|
| Matter: | M Corp | Time: | 11:17 AM | **Time Zone:** | EST |
| Job #: | 2409007 | Evidence #: | 2409007 | | |
| Examiner: | SMH | Location: | Maragell Lab | | |

**Environment Description**

Download of Google Drive files provided by counsel.

**Source Media Information**

| Manufacturer: | Model #: | Jumper: | Drive Specifics: | Serial #: | LBA: |
|---|---|---|---|---|---|
| Google | N/A | N/A | 1.27 GB (zipped) 4 GB (unzipped) | N/A | N/A |
| | | | | | |

**Source BIOS Information**

| Drive Sequence: | Drive BIOS ID: | BIOS Time/Date: | Location Time Zone: |
|---|---|---|---|
| N/A | N/A | N/A | N/A |

**Acquisition Software**

| Name & Version: | FTK Imager version 4.7.1.2 |
|---|---|

**Destination Media Information**

| Manufacturer: | Western Digital | Model #: | 3621Q | Serial #: | WXV2AB08PTAC |
|---|---|---|---|---|---|
| | | Size: | 4 TB | | |
| Password: | N/A | Compression: | N/A | Elapsed Time: | 1 Minute |
| Path to Image File: | E:\2409007\2409007GoogleDrive | | | Initials: | SH |
| Acquisition Hash: | b73d646070e926aa158b229ea437b15a | | | | |
| Verification Hash: | b73d646070e926aa158b229ea437b15a | | | | |



| Acquisition Performed: | ☐ On Site | ☒ In Lab | ☐ Other (See notes) |
|---|---|---|---|

| Notes |
|---|
| |
| |
| |
| |
| |
| |
| |
| |
| |
| |
| |
| |
| |
| |
| |
| |
| |