**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| **M CORP DBA 11:59,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **Case No.:  1:24-cv-1823** |
| ) | |
| ) | |
| **INFINITIVE, INC.,** *et al.* ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## STIPULATED PRELIMINARY INJUNCTION ORDER

This matter comes upon the Joint Motion for Entry of a Stipulated Preliminary Injunction Order filed by Plaintiff M Corp d/b/a 11:59 ("Plaintiff" or "11:59") and Defendants Infinitive, Inc. ("Infinitive") and Joseph Bradley Sheridan ("Sheridan").  Infinitive and Sheridan are collectively, referred to as "Defendants".

**THE COURT FINDS AS FOLLOWS:**

1.     Plaintiff filed its Verified Complaint on October 15, 2024 (Dkt. 1), Motion Pursuant to Fed. R. Civ. 65 for Order to Show Cause and Temporary Restraining Order (Dkt. 6) ("TRO Motion"), and Memorandum of Points and Authorities in Support of Plaintiff's Application for Order to Show Cause and Temporary Restraining Order (Dkt. 7).

2.     On November 6, 2024, the Court entered a Memorandum Opinion and Order granting Plaintiff's TRO Motion (Dkt. 32) (the "TRO").

3.     The TRO ordered that Defendants are temporarily enjoined and restrained from the following:

    A.  Soliciting or inducing any 11:59 client serviced within the last two (2) calendar years by Sheridan during his employment with 11:59 to terminate or modify its contractual or business relationship with 11:59 or assisting any other person or entity to do so;

B.  With respect to Defendant Sheridan, servicing any 11:59 client serviced within the last two (2) calendar years by Sheridan during his employment with 11:59 or assisting any other person or entity to do so;

C.  Using any confidential, proprietary, or trade secret information of 11:59;

D.  Continuing to use 1l:59's confidential information, and Defendants shall specifically identify, preserve, and appropriately sequester and refrain from further accessing any and all documents and information belonging to 11:59 in Defendants' possession, including but not limited to, hard copies and computer-saved versions of these documents, whether the information is on external hard drives, disks, CD-ROMs, networked data services, internet accessed outside storage, or any other portable media device;

E.  With respect to Defendant Sheridan, directly or indirectly soliciting, recruiting, inducing, or hiring any employee of 11:59 to work for a third party other than 11:59 or engage in any activity that would cause any employee to violate any agreement with 11:59;

F.  With respect to Defendant Sheridan, disclosing any 11:59 confidential, proprietary, and trade secret information or documents to any third party, including but not limited to Infinitive;

4.      The TRO further ordered the Parties to "preserve all documents, electronically stored information and other information relevant to factual allegations and claims contained within the Verified Complaint."

5.      The TRO further ordered Defendants to appear on December 12, 2024 at 10:00 a.m. "to show cause, if any, why this Court should not enter a Preliminary Injunction, pending final ruling on the Complaint against Defendants, enjoining Defendants from the conduct temporarily restrained by the preceding provisions of this order."

6.      The parties have agreed to this stipulated Preliminary Injunction which will supersede the TRO and resolve Plaintiff's request for a Preliminary Injunction.

7.      In conferring, 11:59 provided a list of clients which 11:59 contends Sheridan Serviced during his employment with 11:59 within the last two years (the "Restricted Clients").

2

11:59 has authorized Sheridan and 3 other management employees of Infinitive (together the "List Holders") to review and retain a list of Restricted Clients solely for the purpose of ensuring compliance with the Preliminary Injunction.  The List Holders agree to treat the Restricted Clients List as highly confidential and not to disclose the information on the list to anyone else without written permission from 11:59.

8.      The Parties agree that for the purposes of this Injunction "Service" shall be defined as Sheridan providing or creating substantive work product for the client.  Sheridan does not concede that he Serviced every one of the Restricted Clients during his employment with 11:59 and does not waive any right to make arguments to the contrary. However, Defendants agree to their inclusion on the list for purposes of the Preliminary Injunction.  Of the Restricted Clients, Infinitive has identified four entities that it has an existing relationship with (together the "Existing Clients"), which the Parties agree shall be subject to reduced restrictions as to Infinitive only and not Sheridan.

9.      The Parties further agree upon a definition of "Soliciting" as that term is used in this Injunction to mean actively enticing, persuading, or inducing a Restricted Client to terminate or modify its existing contract or business relationship with 11:59 or assisting any other person or entity to do so.  This does not include participating in networking activities where Restricted Clients are present or participating, or generalized posts or general communications on social media sites such as LinkedIn.

10.     With regard to Sheridan, but not Infinitive, Soliciting includes communications with Restricted Clients initiated by Sheridan for the purpose of discussing business opportunities with Infinitive (or any other entity with whom Sheridan may work or associate). Examples of Soliciting include, but are not limited to, speaking with a Restricted Client about specific use cases

3

provided by Infinitive, discussing services offered by Infinitive, discussing Infinitive's expertise, putting together a statement of work, or providing proposed contractual terms to a Restricted Client In the event any Restricted Client initiates contact with Sheridan regarding potential work for Infinitive or with a third party other than 11:59, Sheridan may respond by stating, "I am personally under a restriction that prevents me from servicing you at this time"; and to the extent the Client questions Mr. Sheridan if Infinitive is under the same restriction, he is free to accurately relay that it is not.

11.    With regard to Infinitive, "Soliciting" shall not include communications made by non-List Holder employees to Restricted Clients, when the employee was not otherwise aware that the client was on the Restricted Client list.  In the event Infinitive discovers a non-List-Holder employee engaged in communications that would otherwise have constituted Soliciting, Infinitive shall promptly notify 11:59 and the parties shall meet and confer to determine appropriate next steps depending upon the extent of the communications with the Restricted Client.

**THEREFORE**, as stipulated and agreed to by Plaintiff and the Defendants, and for good cause shown, pending the outcome of the litigation or until this Order is otherwise modified or vacated, the Court **ORDERS AS FOLLOWS:**

1.    Sheridan is enjoined and restrained from Soliciting any of the Restricted Clients to terminate or modify their existing contractual or business relationship with 11:59 or assist any other person or entity to do so.

2.    Infinitive is enjoined and restrained from Soliciting any of the Restricted Clients who are not Existing Clients.

3.    Sheridan is enjoined and restrained from Servicing any Restricted Client or from assisting any other person or entity to do so.

4.      Sheridan and Infinitive are enjoined and restrained from using any confidential, proprietary or trade secret information of 11:59.

5.      Sheridan and Infinitive shall specifically preserve and appropriately sequester and refrain from further accessing any and all documents and information belonging to 11:59 in Defendants' possession, including but not limited to, hard copies and computer-saved versions of these documents, whether the information is on external hard drives, disks, CD-ROMs, networked data services, internet accessed outside storage, or any other portable media device;

6.      Sheridan is enjoined and restrained from directly or indirectly soliciting, recruiting, inducing or hiring any employee of 11:59 to work for a third party other than 11:59 or engage in any activity that would cause any employee to violate any agreement with 11:59. In the event any employee of 11:59 initiates contact with Sheridan regarding potential employment for or with a third party other than 11:59, Sheridan may respond by stating, "I am under a non-solicit and may not speak with you about this matter, but wish you well in your endeavors."

7.      Sheridan is enjoined and restrained from disclosing any 11:59 confidential, proprietary, and trade secret information or documents to any third party, including but not limited to Infinitive.

8.      Plaintiff shall post bond in the amount of $50,000 to be paid into the Court registry pursuant to Rule 65(c).

9.      The December 12, 2024 hearing is cancelled.

Alexandria, Virginia
December 10, 2024

_____ /s/ _____
Rossie D. Alston, Jr.
United States District Judge

5