December 12, 2024

**Via E-Mail**

Dan McCoy, Esq.
Fenwick
555 California St
#12
San Francisco, CA 94104
dmccoy@fenwick.com

      RE:    **M Corp dba 11:59 v. Infinitive, Inc., et al.**
                **United States District Court for the Eastern District of Virginia**
                **Civil Action No.:  1:24-cv-1823**

Dear Mr. McCoy,

      As you know, this firm represents Plaintiff M Corp dba 11:59 in the above matter. We write in follow up to counsels' telephone conference on or about November 25th and in response to your December 2, 2024 email. In sum, Databricks' assertions in response to 11:59's November 20 cease and desist letter, that: (1) it has no influence over whether a potential client chooses 11:59 or another vendor; (2) its account executives, Cheryl Miles ("Miles") and William McKinney ("McKinney") are not in possession of 11:59's Confidential Information[1]; and (3) that Miles and McKinney did not assist Brad Sheridan in misappropriating same, are irreconcilable with the evidence 11:59 has learned so far. Critically, the evidence of Miles and McKinney's wrongdoing has already been shared with Databricks, yet Databricks is either in denial of its employees' misconduct, has been misled by Miles and McKinney, or has failed to make a meaningful inquiry into their misconduct.

      Indeed, as 11:59 has already shared with Databricks, Miles explicitly interfered with 11:59's relationship with ▇▇▇[2], telling Sheridan she instructed relevant personnel "not to sign th▇ contract." Your client's representation that its employees do not instruct clients with whom to sign contracts is therefore demonstrably false. McKinney and Sheridan then conspired to make a plan to move the ▇▇▇▇▇▇▇ project to Infinitive, with McKinney encouraging Sheridan to "change the email associated with [his] ▇▇ ID from the backend on [his] side… change it to our personal email so its not tied to [his] old 11:59 email." On September 5, 2024, just before Sheridan's separation from 11:59, McKinney asked Sheridan to provide him with a video recording of 11:59's demonstration to ▇▇▇▇▇▇▇▇. Accordingly, it is beyond our

---

[1] 11:59 understands "Confidential Information" to include such information as is defined by the Databricks Partner Program Terms and Conditions Agreement, executed by 11:59 by click through on or about August 15, 2022 as well as under the common law and the Defend Trade Secrets Act, 18 U.S.C. §1836.

[2] We reiterate that all references to 11:59's clients/projects are confidential and should not be disclosed to any third parties nor placed in the public domain without 11:59's written permission.

**NUKK-FREEMAN & CERRA, PC**
EMPLOYMENT ATTORNEYS

Dan McCoy, Esq.
December 12, 2024
Page 2

comprehension how Databricks could represent that it did not interfere with 11:59's business relationships or leverage 11:59's Confidential Information. Such misconduct also supports that Databricks breached the Databricks Partner Program Terms and Conditions, which includes, among other things, a prohibition on Databricks disclosing any of 11:59's Confidential Information to any third party, except in the context of its relationship with 11:59.

**Required Next Steps**

When we spoke, you indicated that Databricks values its relationship with 11:59. However, Databricks' actions to date have conveyed the opposite. Indeed, Miles and McKinney's actions to date, in conjunction with Sheridan, have already directly caused 11:59 to lose business and its losses continue to grow. As Databricks has refused to provide the requested assurances to date, we write to provide one more opportunity for Databricks to comply with the following next steps:

1) Provide 11:59 with Databricks' investigation notes and report, detailing Databricks' investigation into the allegations of misconduct related to Miles and McKinney. This should include who was interviewed, any documents collected, interview notes, and any discipline or counseling given to these employees as a result of the investigation.

2) Represent via declaration under penalty of perjury:

   - Databricks and its employees, including but not limited to Miles and McKinney, have not instructed, advised or otherwise caused an 11:59 prospective client to discontinue its business relationship with 11:59.

   - Specific to the ████ and ███████ projects, provide a detailed explanation of why Databricks alleges these projects decided not to work with 11:59.

   - Databricks has conducted a search in good faith of all data storage locations it has reason to believe 11:59's Confidential Information may be located (i.e., email accounts, shared drives, servers, etc. of Miles, McKinney and any other Databricks' employees who worked on projects with 11:59 and is not in possession of any 11:59 Confidential Information. This should include the data storage locations searched and methods used to identify 11:59 Confidential Information.

   - To the extent Databricks does possess 11:59's Confidential Information, identify all location and devices, including physical and electronic files, e-mail accounts, cloud storage, computers, cellular phones or similar devices or accounts where any such 11:59 Confidential Information has been stored,

**NUKK-FREEMAN & CERRA, PC**
EMPLOYMENT ATTORNEYS

Dan McCoy, Esq.
December 12, 2024
Page 3

        accessed or copied to. 11:59 will provide Databricks with instructions on how to return same.

3) Provide 11:59 with Miles and McKinney's communications with Sheridan, ▇▇▇ and/or ▇▇▇▇▇▇ personnel from August 1, 2024 to the present that refer or relate to 11:59 or 11:59's clients, prospective clients, or business relationships.

    Failure to comply with the above required next steps will indicate to 11:59 that it refuses to address its misconduct and rectify same in any appropriate manner. Please contact me no later than **December 17, 2024** to confirm compliance with the above requirements.

    <u>**In closing, 11:59 wishes to notify Databricks of its *immediate* termination of the Databricks Partner Agreement due to Databricks' breach of same.**</u> Should you have any questions, please feel free to contact me. 11:59 reserves all rights and remedies.

        Very truly yours,

        NUKK-FREEMAN & CERRA, P.C.

        *Stacy Landau*

        Stacy Landau, Esq.

SL:bw