**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | | |
|---|---|---|
| M CORP DBA 11:59, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. 1:24-cv-1823 |
| INFINITIVE, INC., JOSEPH | ) | |
| BRADLEY SHERIDAN, | ) | |
| DATABRICKS INC., WILLIAM | ) | |
| McKINNEY, CHERYL MILES, AND | ) | |
| DOES 1-25, INCLUSIVE., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**<u>DEFENDANT'S ANSWER TO PLAINTIFF'S</u>**
**<u>FIRST AMENDED VERIFIED COMPLAINT</u>**

Defendant Databricks, Inc. ("Databricks") hereby submits its Answer and Affirmative Defenses to Plaintiff M Corp DBA 11:59's ("Plaintiff") First Amended Verified Complaint (the "Amended Complaint") as follows. Each of the paragraphs below corresponds to the same numbered paragraph in the Amended Complaint. In responding to the Amended Complaint, Databricks included several of Plaintiff's headings for ease of reference, but in doing so, Databricks is not admitting to the accuracy of any statements made or agreeing with any characterizations made in such headings. Headings are used solely for organization and do not in any case act as an admission or statement. Databricks denies all allegations in the Amended Complaint, whether express or implied, that are not specifically admitted below. Databricks further denies that Plaintiff is entitled to the relief requested in the Amended Complaint, or to any other relief.

## INTRODUCTION

[These paragraphs are unnumbered]. These paragraphs purport to describe this action and consist of legal conclusions to which no response is required. To the extent a response is required, Databricks lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in these paragraphs and, on that basis, denies them.

## THE PARTIES

1.      Databricks lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 1 and, on that basis, denies them.

2.      Databricks lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 2 and, on that basis, denies them.

3.      Databricks lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 3 and, on that basis, denies them.

4.    Databricks lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 4 and, on that basis, denies them.

5.    Databricks admits that it is headquartered in San Francisco, California. To the extent the remaining allegations in paragraph 5 are intended to include factual allegations against Databricks, Databricks denies them.

6.    Databricks admits that William McKinney ("Mr. McKinney") is an individual who resides in Raleigh, North Carolina, and was at all relevant times an Account Executive responsible for Databricks public sector projects. To the extent the remaining allegations in paragraph 6 are intended to include factual allegations against Databricks, Databricks denies them.

7.    Databricks admits that Cheryl Miles ("Ms. Miles") is an individual who resides in Fair Oaks, California, and was at all relevant times an Account Executive responsible for Databricks public sector projects. To the extent the remaining allegations in paragraph 7 are intended to include factual allegations against Databricks, Databricks denies them.

## JURISDICTION AND VENUE

8.    Paragraph 8 consists of legal conclusions to which no response is required. To the extent the allegations in paragraph 8 are intended to include factual allegations against Databricks, Databricks denies them.

9.    Paragraph 9 consists of legal conclusions to which no response is required. To the extent the allegations in paragraph 9 are intended to include factual allegations against Databricks, Databricks denies them.

10.    Paragraph 10 consists of legal conclusions to which no response is required. To the extent the allegations in paragraph 10 are intended to include factual allegations against Databricks, Databricks denies them.

11.     Paragraph 11 consists of legal conclusions to which no response is required. To the extent the allegations in paragraph 11 are intended to include factual allegations against Databricks, Databricks denies them.

12.     Paragraph 12 consists of legal conclusions to which no response is required. To the extent the allegations in paragraph 12 are intended to include factual allegations against Databricks, Databricks denies them.

13.     Paragraph 13 consists of legal conclusions to which no response is required. To the extent the allegations in paragraph 13 are intended to include factual allegations against Databricks, Databricks denies them.

## FACTS COMMON TO ALL CAUSES OF ACTION

### A.     11:59's Business

14.     Databricks lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 14 and, on that basis, denies them.

15.     Databricks lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 15 and, on that basis, denies them.

16.     Databricks lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 16 and, on that basis, denies them.

17.     Databricks lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 17 and, on that basis, denies them.

18.     Databricks lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 18 and, on that basis, denies them.

### B.     Sheridan's Employment Background

19.     Databricks lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 19 and, on that basis, denies them.

20.     Databricks lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 20 and, on that basis, denies them.

21.     Databricks lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 21 and, on that basis, denies them.

22.     To the extent the allegations in paragraph 22 purport to quote or characterize the contents of Sheridan's Offer Letter, the document speaks for itself. Databricks lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations of paragraph 22, and, on that basis, denies them.

23.     To the extent the allegations in paragraph 23 purport to quote or characterize the contents of Sheridan's Offer Letter, the document speaks for itself. Databricks lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations of paragraph 23, and, on that basis, denies them.

24.     To the extent the allegations in paragraph 24 purport to quote or characterize the contents of Sheridan's Offer Letter, the document speaks for itself. Databricks lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations of paragraph 24, and, on that basis, denies them.

25.     To the extent the allegations in paragraph 25 purport to quote or characterize the contents of Sheridan's Confidentiality and Non-Disclosure Agreement with 11:59, the document speaks for itself. Databricks lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations of paragraph 25, and, on that basis, denies them.

26.     To the extent the allegations in paragraph 26 purport to quote or characterize the contents of Sheridan's Confidentiality and Non-Disclosure Agreement with 11:59, the document

speaks for itself. Databricks lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations of paragraph 26, and, on that basis, denies them.

27.    To the extent the allegations in paragraph 27 purport to quote or characterize the contents of Sheridan's Confidentiality and Non-Disclosure Agreement with 11:59, the document speaks for itself. Databricks lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations of paragraph 27, and, on that basis, denies them.

28.    To the extent the allegations in paragraph 28 purport to quote or characterize the contents of Sheridan's Confidentiality and Non-Disclosure Agreement with 11:59, the document speaks for itself. Databricks lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations of paragraph 28, and, on that basis, denies them.

29.    To the extent the allegations in paragraph 29 purport to quote or characterize the contents of Sheridan's Confidentiality and Non-Disclosure Agreement with 11:59, the document speaks for itself. Databricks lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations of paragraph 29, and, on that basis, denies them.

30.    To the extent the allegations in paragraph 30 purport to quote or characterize the contents of Sheridan's Confidentiality and Non-Disclosure Agreement with 11:59, the document speaks for itself. Databricks lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations of paragraph 30, and, on that basis, denies them.

31.    To the extent the allegations in paragraph 31 purport to quote or characterize the contents of Sheridan's Confidentiality and Non-Disclosure Agreement with 11:59, the document speaks for itself. Databricks lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations of paragraph 31, and, on that basis, denies them.

32.     To the extent the allegations in paragraph 32 purport to quote or characterize the contents of 11:59's Employee Handbook, the document speaks for itself. Databricks lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations of paragraph 32, and, on that basis, denies them.

33.     To the extent the allegations in paragraph 33 purport to quote or characterize the contents of 11:59's Employee Handbook, the document speaks for itself. Databricks lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations of paragraph 33, and, on that basis, denies them.

34.     Databricks lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 34 and, on that basis, denies them.

35.     Databricks lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 35 and, on that basis, denies them.

**C.     11:59 and Sheridan's Relations with Databricks**

36.     Databricks admits that 11:59 and Databricks entered into a Partner Program Agreement ("Partner Agreement") and that a true and correct copy of the Partner Agreement is attached. To the extent the allegations in paragraph 36 purport to quote or characterize the contents of the Partner Agreement between 11:59 and Databricks, the document speaks for itself. Databricks lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations of paragraph 36, and, on that basis, denies them.

37.     To the extent the allegations in paragraph 37 purport to quote or characterize the contents of the Partner Agreement between 11:59 and Databricks, the document speaks for itself. To the extent the allegations in paragraph 37 are intended to include factual allegations against Databricks, Databricks denies them.

38.     To the extent the allegations in paragraph 38 purport to quote or characterize the contents of the Partner Agreement between 11:59 and Databricks, the document speaks for itself. To the extent the allegations in paragraph 38 are intended to include factual allegations against Databricks, Databricks denies them.

39.     To the extent the allegations in paragraph 39 purport to quote or characterize the contents of the Partner Agreement between 11:59 and Databricks, the document speaks for itself. To the extent the allegations in paragraph 39 are intended to include factual allegations against Databricks, Databricks denies them.

40.     Databricks admits that 11:59 worked with Databricks personnel, including William McKinney and Cheryl Miles. To the extent the allegations in paragraph 40 are intended to include factual allegations against Databricks, Databricks denies them.

41.     Databricks lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 41 and, on that basis, denies them.

42.     Databricks lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 42 and, on that basis, denies them.

43.     Databricks lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 43 and, on that basis, denies them.

44.     Databricks lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 44 and, on that basis, denies them.

**D.      Sheridan's Resignation from 11:59**

45.     Databricks lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 45 and, on that basis, denies them.

46.     Databricks lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 46 and, on that basis, denies them.

47.    Databricks lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 47 and, on that basis, denies them.

48.    Databricks lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 48 and, on that basis, denies them.

**E.    11:59's Investigation into Sheridan's Pre-Separation Misconduct**

49.    Databricks admits that on August 29, 2024, Sheridan emailed a Databricks employee. To the extent the allegations in paragraph 49 purport to quote or characterize the contents of Sheridan's email, the email speaks for itself. Databricks denies the remaining allegations in paragraph 49.

50.    Databricks lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 50 and, on that basis, denies them.

51.    Databricks lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 51 and, on that basis, denies them.

52.    Databricks lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 52 and, on that basis, denies them.

53.    Databricks lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 53 and, on that basis, denies them.

**F.    11:59's Review of Sheridan's Company MacBook**

54.    Databricks lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 54 and, on that basis, denies them.

55.    Databricks lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 55 and, on that basis, denies them.

56.    Databricks lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 56 and, on that basis, denies them.

57.     Databricks denies the allegations against them in paragraph 57. Databricks lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations of paragraph 57, and, on that basis, denies them.

a.     Databricks lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 57(a), and, on that basis, denies them.

b.     Databricks lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 57(b), and, on that basis, denies them.

c.     Databricks admits that Sheridan texted Ms. Miles on August 21, 2024. To the extent the allegations in paragraph 57(c) purport to quote or characterize the contents of Sheridan's text message, the message speaks for itself. Databricks denies the remaining allegations in paragraph 57(c).

d.     Databricks admits that Sheridan texted Mr. McKinney on August 21, 2024. To the extent the allegations in paragraph 57(d) purport to quote or characterize the contents of Sheridan's text message, the message speaks for itself. Databricks denies the remaining allegations in paragraph 57(d).

e.     Databricks lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 57(e), and, on that basis, denies them.

f.     Databricks lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 57(f), and, on that basis, denies them.

g.     Databricks lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 57(g), and, on that basis, denies them.

h.     Databricks lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 57(h), and, on that basis, denies them.

i.    Databricks lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 57(i), and, on that basis, denies them.

j.    Databricks admits that Sheridan emailed a Databricks contact on August 29, 2024, from his 11:59 email. To the extent the allegations in paragraph 57(j) purport to quote or characterize the contents of Sheridan's email, the email speaks for itself. Databricks denies the remaining allegations in paragraph 57(j).

k.    Databricks admits that Mr. McKinney texted Sheridan on September 5, 2024. To the extent the allegations in paragraph 57(k) purport to quote or characterize the contents of Mr. McKinney's text message, the message speaks for itself. Databricks denies the remaining allegations in paragraph 57(k).

58.    Databricks denies the allegations against Mr. McKinney in paragraph 58. Databricks lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations of paragraph 58, and, on that basis, denies them.

59.    Databricks admits that Mr. McKinney and Sheridan exchanged texts messages on September 5, 2024. To the extent the allegations in paragraph 59 purport to quote or characterize the contents of such messages, the messages speak for themselves. Databricks denies the remaining allegations in paragraph 59.

60.    Databricks admits that Mr. McKinney emailed Sheridan on September 20, 2024. To the extent the allegations in paragraph 60 purport to quote or characterize the contents of Mr. McKinney's email message, the message speaks for itself. Databricks denies the remaining allegations in paragraph 60.

61.    Databricks lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 61, and, on that basis, denies them.

62.     Databricks lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 62, and, on that basis, denies them.

**G.      Infinitive's Involvement in Sheridan's Illegal Actions**

63.     Databricks lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 63, and, on that basis, denies them.

64.     Databricks lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 64, and, on that basis, denies them.

65.     Databricks lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 65, and, on that basis, denies them.

66.     Databricks lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 66, and, on that basis, denies them.

67.     Databricks lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 67, and, on that basis, denies them.

68.     Databricks lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 68, and, on that basis, denies them.

69.     Databricks lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 69, and, on that basis, denies them.

70.     Databricks lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 70, and, on that basis, denies them.

71.     Databricks lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 71, and, on that basis, denies them.

**H.      Plaintiff's Further Attempts to Address Infinitive and Sheridan's Misconduct**

72.     Databricks lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 72, and, on that basis, denies them.

73.     Databricks lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 73, and, on that basis, denies them.

74.     Databricks lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 74, and, on that basis, denies them.

75.     Databricks lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 75, and, on that basis, denies them.

76.     Databricks lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 76, and, on that basis, denies them.

77.     Databricks lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 77, and, on that basis, denies them.

78.     Databricks lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 78, and, on that basis, denies them.

79.     Databricks lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 79, and, on that basis, denies them.

80.     Databricks lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 80, and, on that basis, denies them.

**G.     [sic] Plaintiff's Further Attempts to Address Databricks, McKinney and Miles' Misconduct**

81.     Databricks admits that 11:59's counsel attempted to reach Databricks beginning on or about October 1, 2024. Databricks lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in paragraph 81, and, on that basis, denies them.

82.     Databricks denies the allegations in paragraph 82.

83.    To the extent the allegations in paragraph 83 purport to quote or characterize the contents of the cease and desist letter dated November 20, 2024, the document speaks for itself. Databricks admits that 11:59 dispatched a formal cease and desist letter to Databricks dated November 20, 2024. Databricks denies the remaining allegations in paragraph 83.

84.    To the extent the allegations in paragraph 84 purport to quote or characterize the contents of the cease and desist letter dated November 20, 2024, the document speaks for itself. To the extent the allegations in paragraph 84 are intended to include factual allegations against Databricks, Databricks denies them.

85.    Databricks denies the allegations in paragraph 85.

86.    To the extent the allegations in paragraph 86 purport to quote or characterize the contents of the cease and desist letter dated November 20, 2024, the document speaks for itself. To the extent the allegations in paragraph 86 are intended to include factual allegations against Databricks, Databricks denies them.

87.    Databricks denies the allegations in paragraph 87.

88.    Databricks admits it responded to 11:59's cease and desist letter on or about December 2, 2024, to confirm that Ms. Miles and Mr. McKinney did not have possession of or access to 11:59 code or other confidential business information. Databricks denies the remaining allegations in paragraph 88.

89.    To the extent the allegations in paragraph 89 purport to quote or characterize the contents of the Cease and Desist Letter dated December 12, 2024, the document speaks for itself. Databricks admits that 11:59 dispatched a letter to Databricks dated December 12, 2024. Databricks denies the remaining allegations in paragraph 89.

90.     To the extent the allegations in paragraph 90 purport to quote or characterize the contents of the Cease and Desist Letter dated December 12, 2024, the document speaks for itself. Databricks denies the remaining allegations in paragraph 90.

91.     Databricks denies the allegations in paragraph 91.

**H.    <u>Plaintiff's Confidential and Trade Secret Information</u>**

92.     Databricks lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 92, and, on that basis, denies them.

93.     Databricks lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 93, and, on that basis, denies them.

94.     Databricks lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 94, and, on that basis, denies them.

95.     Databricks lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 95, and, on that basis, denies them.

96.     Databricks lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 96, and, on that basis, denies them.

97.     Databricks lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 97, and, on that basis, denies them.

98.     Databricks lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 98, and, on that basis, denies them.

99.     Databricks lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 99, and, on that basis, denies them.

100.     Databricks lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 100, and, on that basis, denies them.

101.    Databricks lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 101, and, on that basis, denies them.

102.    Databricks admits that they do not own any of 11:59's confidential information or trade secrets. Databricks denies the remaining allegations in paragraph 102.

**I.    Harm Caused by Defendants**

103.    Databricks lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 103, and, on that basis, denies them.

104.    Databricks denies the allegations in paragraph 104.

105.    Databricks lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 105, and, on that basis, denies them.

106.    Databricks lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 106, and, on that basis, denies them.

107.    Databricks lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 107, and, on that basis, denies them.

108.    Databricks denies the allegations in paragraph 108.

109.    Databricks denies the allegations in paragraph 109.

**CAUSES OF ACTION**

**COUNT I**

**BREACH OF DUTY OF LOYALTY**
**(AGAINST DEFENDANT SHERIDAN)**

110.    Databricks incorporates by reference and restates its response to each and every allegation set forth in the foregoing paragraphs of the Amended Complaint.

111.    Databricks lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 111, and, on that basis, denies them.

112.    Databricks lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 112, and, on that basis, denies them.

113.    Databricks lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 113, and, on that basis, denies them.

## COUNT 11

### VIOLATION OF THE DEFEND TRADE SECRETS ACT, 18 U.S.C. § 1836 (AGAINST DEFENDANTS SHERIDAN AND INFINITIVE)

114.    Databricks incorporates by reference and restates its response to each and every allegation set forth in the foregoing paragraphs of the Amended Complaint.

115.    Paragraph 115 consists of legal conclusions to which no response is required.

116.    Databricks admits that 18 U.S.C. § 1839(3) defines "Trade Secret" to include information that "derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable through proper means by, another person who can obtain economic value from the disclosure or use of the information."

117.    Databricks lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 117, and, on that basis, denies them.

118.    Databricks lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 118, and, on that basis, denies them.

119.    Databricks lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 119, and, on that basis, denies them.

120.    Databricks lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 120, and, on that basis, denies them.

121.    Databricks admits that the DTSA defines "Misappropriation" to include "acquisition of a trade secret of another by a person who knows or has reason to know that the

trade secret was acquired by improper means" or "disclosure or use of a trade secret of another without express or implied consent" in specified circumstances.

122.    Databricks lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 122, and, on that basis, denies them.

123.    Databricks lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 123, and, on that basis, denies them. To the extent the allegations in paragraph 123 are intended to include factual allegations against Databricks, Databricks denies them.

124.    Databricks lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 124, and, on that basis, denies them.

125.    Databricks denies the allegations in paragraph 125.

126.    Databricks denies the allegations in paragraph 126.

127.    Databricks lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 127, and, on that basis, denies them. To the extent the allegations in paragraph 127 are intended to include factual allegations against Databricks, Databricks denies them.

128.    Databricks lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 128, and, on that basis, denies them.

129.    Databricks denies the allegations in paragraph 129.

130.    Databricks denies the allegations in paragraph 130.

131.    Databricks denies the allegations in paragraph 131.

132.    Databricks denies the allegations in paragraph 132.

133.    Databricks denies the allegations in paragraph 133.

134.    Databricks denies the allegations in paragraph 134.

## COUNT III

### VIRGINIA UNIFORM TRADE SECRETS ACT § 59.1-336 TO § 59.1-343 (AGAINST DEFENDANTS SHERIDAN AND INFINITIVE)

135.    Databricks incorporates by reference and restates its response to each and every allegation set forth in the foregoing paragraphs of the Amended Complaint.

136.    Databricks admits that the Virginia Unified Trade Secrets Act ("VUTSA") prohibits the misappropriation of trade secrets.

137.    Databricks admits that the VUTSA defines "trade secret" as

> [I] nformation including but not limited to, a formula, pattern, compilation, program, device, method, technique, or process, that: 1. Derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use, and 2. Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

138.    Databricks admits that "Misappropriation" under the VUTSA means:

1. Acquisition of a trade secret of another by a person who knows or has reason to know that the trade secret was acquired by improper means; or

2. Disclosure or use of a trade secret of another without express or implied consent by a person who

   a. Used improper means to acquire knowledge of the trade secret; or

   b. At the time of disclosure or use, knew or had reason to know that his knowledge of the trade secret was

   (1) Derived from or through a person who had utilized improper means to acquire it;
   (2) Acquired under circumstances giving rise to a duty to maintain its secrecy or limit its use;

   (3) Derived from or through a person who owed a duty to the person seeking relief to maintain its secrecy or limit its use; or

   (4) Acquired by accident or mistake.

139.    Databricks lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 139, and, on that basis, denies them.

140.    Databricks lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 140, and, on that basis, denies them.

141.    Databricks lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 141, and, on that basis, denies them.

142.    Databricks lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 142, and, on that basis, denies them.

143.    Databricks lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 143, and, on that basis, denies them.

144.    Databricks lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 144, and, on that basis, denies them. To the extent the allegations in paragraph 144 are intended to include factual allegations against Databricks, Databricks denies them.

145.    Databricks lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 145, and, on that basis, denies them.

146.    Databricks denies the allegations in paragraph 146.

147.    Databricks denies the allegations in paragraph 147.

148.    Databricks lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 148, and, on that basis, denies them. To the extent the allegations in paragraph 148 are intended to include factual allegations against Databricks, Databricks denies them.

149.     Databricks lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 149, and, on that basis, denies them.

150.     Databricks denies the allegations in paragraph 150.

151.     Databricks denies the allegations in paragraph 151.

152.     Databricks denies the allegations in paragraph 152.

153.     Databricks denies the allegations in paragraph 153.

154.     Databricks denies the allegations in paragraph 154.

155.     Databricks denies the allegations in paragraph 155.

## COUNT IV

### COMMON LAW MISAPPROPRIATION OF TRADE SECRETS
### (AGAINST DEFENDANTS SHERIDAN AND INFINITIVE)

156.     Databricks incorporates by reference and restates its response to each and every allegation set forth in the foregoing paragraphs of the Amended Complaint.

157.     Databricks lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 157, and, on that basis, denies them.

158.     Databricks lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 158, and, on that basis, denies them.

159.     Databricks lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 159, and, on that basis, denies them.

160.     Databricks lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 160, and, on that basis, denies them.

161.     Databricks lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 161, and, on that basis, denies them. To the extent the

allegations in paragraph 161 are intended to include factual allegations against Databricks, Databricks denies them.

162.    Databricks lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 162, and, on that basis, denies them.

163.    Databricks denies the allegations in paragraph 163.

164.    Databricks denies the allegations in paragraph 164.

165.    Databricks denies the allegations in paragraph 165.

166.    Databricks denies the allegations in paragraph 166.

167.    Databricks denies the allegations in paragraph 167.

168.    Databricks denies the allegations in paragraph 168.

169.    Databricks denies the allegations in paragraph 169.

170.    Databricks denies the allegations in paragraph 170.

## COUNT V

### CONSPIRACY IN VIOLATION OF VA CODE ANN. § 18.2-499
### (AGAINST ALL DEFENDANTS)

171.    Databricks incorporates by reference and restates its response to each and every allegation set forth in the foregoing paragraphs of the Amended Complaint.

172.    Databricks denies the allegations in paragraph 172.

173.    Databricks denies the allegations in paragraph 173.

## COUNT VI

### TORTIOUS INTERFERENCE WITH BUSINESS EXPECTANCIES AND/OR
### CONTRACT RELATIONS
### (AGAINST ALL DEFENDANTS)

174.    Databricks incorporates by reference and restates its response to each and every allegation set forth in the foregoing paragraphs of the Amended Complaint.

21

175.    Databricks lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 175, and, on that basis, denies them.

176.    Databricks lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 176, and, on that basis, denies them.

177.    Databricks denies the allegations in paragraph 177.

178.    Databricks denies the allegations in paragraph 178.

179.    Databricks denies the allegations in paragraph 179.

180.    Databricks denies the allegations in paragraph 180.

## COUNT VII

### AIDING AND ABETTING BREACH OF FIDUCIARY DUTY
### (AGAINST DEFENDANTS INFINITIVE, DATABRICKS, MILES AND MCKINNEY)

181.    Databricks incorporates by reference and restates its response to each and every allegation set forth in the foregoing paragraphs of the Amended Complaint.

182.    Databricks lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 182, and, on that basis, denies them.

183.    Databricks denies the allegations in paragraph 183.

184.    Databricks denies the allegations in paragraph 184.

## COUNT VIII

### BREACH OF CONTRACT
### (AGAINST DEFENDANT SHERIDAN)

185.    Databricks incorporates by reference and restates its response to each and every allegation set forth in the foregoing paragraphs of the Amended Complaint.

186.    Databricks lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 186, and, on that basis, denies them.

187.     Databricks lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 187, and, on that basis, denies them.

188.     Databricks lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 188, and, on that basis, denies them.

189.     Databricks lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 189, and, on that basis, denies them.

190.     Databricks lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 190, and, on that basis, denies them.

191.     Databricks lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 191, and, on that basis, denies them.

192.     Databricks lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 192, and, on that basis, denies them.

193.     Databricks lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 193, and, on that basis, denies them.

194.     Databricks lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 194, and, on that basis, denies them.

195.     Databricks lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 195, and, on that basis, denies them.

196.     Databricks lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 196, and, on that basis, denies them.

## COUNT IX

### VIOLATION OF THE FEDERAL COMPUTER FRAUD AND ABUSE ACT ("CFAA") 18 U.S.C. § 1030, ET SEQ. (AGAINST DEFENDANT SHERIDAN)

197.    Databricks incorporates by reference and restates its response to each and every allegation set forth in the foregoing paragraphs of the Amended Complaint.

198.    Databricks lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 198, and, on that basis, denies them.

199.    Databricks admits that the CFAA, 18 U.S.C. § 1030 (a)(2)(C) makes it unlawful for a person to intentionally obtain "information from a protected computer" "without authorization" or by "exceed[ing] authorized access."

200.    Databricks admits that the CFAA, 18 U.S.C. § 1030(g) provides:

> Any person who suffers damage or loss by reason of a violation of this section may maintain a civil action against the violator to obtain compensatory damages and injunctive relief or other equitable relief. A civil action for a violation of this section may be brought only if the conduct involves 1 of the factors set forth in subclauses (I), (II), (III), (IV), or (V) of subsection (c)(4)(A)(i).

201.    Paragraph 201 consists of legal conclusions to which no response is required.

202.    Databricks admits that the CFAA, 18 U.S.C. § 1030(e)(8) defines "damage" as "any impairment to the integrity or availability of data, a program, a system, or information."

203.    Databricks lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 203, and, on that basis, denies them.

204.    Databricks lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 204, and, on that basis, denies them.

205.    Databricks lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 205, and, on that basis, denies them.

206.    Databricks lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 206, and, on that basis, denies them.

207.    Databricks lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 207, and, on that basis, denies them.

208.    Databricks lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 208, and, on that basis, denies them.

209.    Databricks lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 209, and, on that basis, denies them.

## COUNT X

### VIOLATION OF THE VIRGINIA COMPUTER CRIMES ACT, VA CODE ANN. §18.2-152.1, ET SEQ.
### (AGAINST DEFENDANT SHERIDAN)

210.    Databricks incorporates by reference and restates its response to each and every allegation set forth in the foregoing paragraphs of the Amended Complaint.

211.    Paragraph 211 consists of legal conclusions to which no response is required.

212.    Databricks denies the characterization of Virginia Code § 18.2-152-2 in paragraph 212, which speaks for itself.

213.    Databricks lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 213, and, on that basis, denies them.

214.    Databricks lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 214, and, on that basis, denies them.

215.    Databricks lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 215, and, on that basis, denies them

216.     Databricks lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 216, and, on that basis, denies them.

## COUNT XI

### BREACH OF CONTRACT
### (AGAINST DEFENDANT DATABRICKS)

217.     Databricks incorporates by reference and restates its response to each and every allegation set forth in the foregoing paragraphs of the Amended Complaint.

218.     Databricks admits that the Partner Agreement is a valid and binding agreement between 11:59 and Databricks.

219.     To the extent the allegations in paragraph 219 purport to quote or characterize the contents of the Partner Agreement, the document speaks for itself. To the extent the allegations in paragraph 219 are intended to include factual allegations against Databricks, Databricks denies them.

220.     Databricks denies the allegations in paragraph 220.

221.     Databricks denies the allegations in paragraph 221.

222.     Databricks lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 222, and, on that basis, denies them.

223.     Databricks lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 223, and, on that basis, denies them.

224.     Databricks admits that the provisions are not harmful to the general public and are not unreasonably burdensome to the Defendants.

225.     Databricks denies the allegations in paragraph 225.

226.     Databricks denies the allegations in paragraph 226.

## PRAYER FOR RELIEF

The paragraph entitled "Prayer for Relief" states Plaintiff's requests for relief and therefore no response is required. To the extent a response is required, Databricks denies that Plaintiff is entitled to any of the relief requested or to any relief whatsoever.

## JURY TRIAL DEMAND

Plaintiff's demand for jury trial does not require a response.

## AFFIRMATIVE DEFENSES

Databricks asserts the following additional defenses to the Amended Complaint.  In doing so, Databricks does not assume any burden of proof on any issue that is Plaintiff's burden as a matter of law.  Databricks also reserves the right to amend or supplement these defenses as additional facts become known.

### FIRST DEFENSE:

### (Failure to State a Claim)

The Amended Complaint fails to state facts sufficient to constitute a cause of action or causes of action against Databricks.

### SECOND DEFENSE:

### (No Basis for Injunctive Relief)

Plaintiff's claims for injunctive relief are barred, in whole or in part, because on information and belief, Plaintiff has failed to state facts sufficient to provide a legal or factual basis to award injunctive relief against Databricks.

**THIRD DEFENSE:**

**(Good Faith)**

Plaintiff's claims are barred, in whole or in part, because Databricks actions were a just and proper exercise of discretion, undertaken for fair and honest reasons accompanied by good faith under the circumstances then existing for legitimate business reasons.

**FOURTH DEFENSE:**

**(Waiver and/or Estoppel)**

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver and/or estoppel.

**FIFTH DEFENSE:**

**(Unclean Hands)**

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

**SIXTH DEFENSE:**

**(Failure to Mitigate)**

Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed, and continues to fail, to act reasonably to mitigate the damages it alleges.

**SEVENTH DEFENSE:**

**(Damages Speculative)**

Plaintiff's claims are barred, in whole or in part, because the alleged damages and injury, if any, are purely speculative and impossible to prove or allocate.

**EIGHTH DEFENSE:**

**(Unjust Enrichment)**

Plaintiff's claims are barred, in whole or in part, because Plaintiff would be unjustly enriched if it was permitted to obtain any recovery against Databricks in this action.

**NINTH DEFENSE:**

**(Economic Justification / Legitimate Business Purpose/Privilege)**

Plaintiff's claims are barred, in whole or in part, because Databricks acted with a legitimate, competitive business purpose and therefore its actions are protected by an absolute or qualified privilege.

**TENTH DEFENSE:**

**(No Proximate Causation)**

Plaintiff's claims are barred, in whole or in part, because Plaintiff's alleged harm was caused by factors unrelated to Databricks, and Plaintiff cannot establish that Databricks' actions were the proximate cause of its alleged damages.

**ELEVENTH DEFENSE:**

**(No Damages)**

Plaintiff's claims are barred, in whole or in part, because Plaintiff has not suffered any damages or injury.

**TWELFTH DEFENSE:**

**(Virginia Law is Inapplicable)**

Under applicable choice of law principles, Virginia law does not apply to the claims against Databricks, including the Virginia Business Conspiracy Statute.

**THIRTEENTH DEFENSE:**

**(Failure to Join Necessary Parties)**

Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to include indispensable parties necessary to a full resolution of this dispute.

**FOURTEENTH DEFENSE:**

**(Conduct of Others as Superseding Cause)**

Plaintiff's claims are barred, in whole or in part, because Plaintiff's alleged injuries, if any, were caused by the independent and intervening acts of others, which serve as a superseding cause of Plaintiff's injuries.

**FIFTEENTH DEFENSE:**

**(Comparative Fault of Other Parties)**

Plaintiff's claims are barred, in whole or in part, because the alleged injuries, if any, were caused, in whole or in part, by the actions of others, and any recovery should be reduced proportionally to reflect the fault of such parties.

**SIXTEENTH DEFENSE:**

**(Contributory Negligence)**

Plaintiff's claims are barred, in whole or in part, because Plaintiff's own actions or omissions contributed to its alleged injuries.

**SEVENTEENTH DEFENSE:**

**(Damages Unrelated to Defendant's Conduct)**

Plaintiff's claims are barred, in whole or in part, because Plaintiff's alleged injuries, if any, were the result of unrelated, pre-existing, or subsequent conditions unrelated to

Databricks's conduct, including but not limited to Plaintiff's own failures, changes in the market, and actions by third parties.

## RESERVATION OF ADDITIONAL DEFENSES

Databricks reserves the right to assert additional defenses in the event that discovery or other analysis indicates that additional defenses are appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Databricks prays for judgment as follows:

a)      That Plaintiff takes nothing by its Amended Complaint;

b)      That judgment be entered in favor of Databricks and against Plaintiff and that this action be dismissed against Databricks with prejudice;

c)      For any applicable attorneys' fees, costs, and expenses by contract and/or statute;

d)      For such other and further relief as this Court may deem just and proper.


Dated:    March 14, 2025                    Respectfully submitted,


                                    */s/ Robert R. Vieth*
                                    Robert R. Vieth (VSB No. 24304)
                                    HIRSCHLER FLEISCHER, PC
                                    1676 International Dr., Suite 1350
                                    Tysons Corner, Virginia 22102
                                    T: (703) 584-8366
                                    F: (703) 584-8901
                                    Email: rvieth@hirschlerlaw.com

                                    *Local Counsel for Defendant Databricks, Inc.*

*Of counsel:*

Daniel J. McCoy, *pro hac vice*
dmccoy@fenwick.com
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
Telephone: (650) 988-8500
Facsimile: (650) 938-5200

Reanne Swafford-Harris, *pro hac vice*
rswaffordharris@fenwick.com
FENWICK & WEST LLP
730 Arizona Avenue. 1st Floor
Santa Monica, CA 90401
Telephone: 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
Facsimile: 650-938-5200

*Counsel for Defendants Databricks, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of March 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send notification of such filing (NEF) to all counsel of record.

/s/ Robert R. Vieth
Robert R. Vieth (VSB No. 24304)
HIRSCHLER FLEISCHER, PC
1676 International Dr., Suite 1350
Tysons Corner, Virginia 22102
T: (703) 584-8366
F: (703) 584-8901
Email: rvieth@hirschlerlaw.com

*Local Counsel for Defendant Databricks, Inc.*