UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| **M CORP DBA 11:59,** : | : |
| : | : |
| Plaintiff, : | Civil Action No. 1:24-cv-1823 |
| : | RDA-IDD |
| v. : | : |
| : | : |
| **INFINITIVE, INC., ET AL.** : | : |
| : | : |
| Defendants. : | : |
| : | : |
| : | : |
| : | : |

**AMENDED JOINT RULE 26(f) DISCOVERY PLAN**

Plaintiff, M Corp dba 11:59 ("Plaintiff" or "11:49"), and Defendants, Infinitive, Inc. ("Infinitive"), Joseph Bradley Sheridan ("Sheridan") and Databricks Inc. ("Databricks") (collectively "Defendants") through undersigned counsel, certify that following the issuance of the Scheduling Order the parties conferred virtually on Friday, April 25, 2025 and Monday, May 1, 2025, regarding the matters set forth in Rule 26(f) and agreed to the following Discovery Plan. Plaintiff and Defendants are collectively referred to as "the Parties."

I. DISCOVERY

    A. <u>Discovery Schedule</u>

| Item | Deadline |
|---|---|
| Initial Disclosures | May 14, 2025 as to claims in the Amended Complaint;<br><br>Within 2 weeks of the filing of any Counterclaims or Crossclaims |

| Item | Deadline |
|---|---|
| Requests for Documents Served Prior to Scheduling Order. | Objections to Rule 34 requests served prior to issuance of the Scheduling Order shall be provided on or before May 7, 2025.<br><br>Substantive written responses to such requests shall be provided on or before May 22, 2025. |
| Privilege Logs | Within 30 days of production (or non-production) of documents and before the close of fact discovery. |
| Plaintiff Expert Disclosures and Reports[1] | July 14, 2025 |
| Defendants Expert Disclosures and Reports[2] | August 13, 2025 |
| Plaintiff Expert Rebuttal Disclosure and Reports[3] | August 28, 2025 |
| Discovery Close | September 12, 2025 |
| Motions for Summary Judgment | September 26, 2025 |
| If no Motions for Summary Judgment are filed, the parties must file a notice or motion with the Court informing the Court that no motion for summary judgment has been filed. | October 3, 2025 |
| Fed. R. Civ. P. 26(a)(3) Pretrial Disclosures | On or before Final Pre-Trial Conference. |
| Objections under R. 32(a); R. 26(a)(3)(B) | 10 days after Final Pre-Trial Conference |

B.  **Initial Disclosures**.  The Parties have not exchanged Initial Disclosures as of the date of this Discovery Plan.  The Parties intend to exchange Initial Disclosures on May 14, 2025 in accordance with the Discovery Schedule set forth above.  The parties agree that

---

[1] If a Counterclaim is filed, Counterclaim Defendant(s) will adhere to the same deadline set forth here.
[2] If a Counterclaim is filed, Counterclaim Plaintiff will adhere to the same deadline set forth here.
[3] If a Counterclaim is filed, Counterclaim Defendant(s) will adhere to the same deadline set forth here.

2

Initial Disclosures to any additional claims or counterclaims will be provided within 14 days of the filing of those claims.

C. <u>Subjects for Discovery</u>. Plaintiff intends to pursue discovery related to allegations of: Defendant Sheridan's misappropriation, disclosure and use of Plaintiff's confidential, proprietary and trade secret information, Defendants Infinitive and Databricks' knowledge, participation and/or benefit from Defendant Sheridan's misconduct, Defendants Infinitive and Databricks' interference with Plaintiff's current and prospective client relationships, compensation Defendant Sheridan received from Defendants Infinitive and/or Databricks, Defendants Infinitive and Databricks' employment policies and practices and any investigation conducted into the allegations contained in this lawsuit. Defendants intend to pursue discovery on their respective defenses to the claims. Additionally, the parties anticipate that Defendant Infinitive will file a counterclaim within two weeks of the filing of this Discovery Plan alleging, among other things, a conspiracy by Plaintiff to injure Infinitive's business. The parties intend to pursue discovery related to such claims as well.

D. <u>Limitation of Discovery</u>. The Parties incorporate the limitations on discovery contained in this Court's Order of April 16, 2025. Accordingly, a Party may not exceed five (5) non-party, non-expert witness depositions nor serve on any other party more than (30) interrogatories, including parts and subparts, without leave of court.

E. <u>Discovery Material Obtained by Subpoena</u>. Pursuant to Rule 45(a)(4), the Parties agree to provide notice of any subpoena to the other Parties at least three (3) calendar days before service and to confer regarding objections to such subpoenas prior to the service of same. The Parties further agree to refrain from serving any subpoena if a Motion to Quash is filed on or before the third business day following notice. Any such motion shall be set

for the earliest hearing date available with the Court. The Parties agree to exchange, within three (3) business days of receipt, all discovery material obtained from a subpoena to third parties. The production of this discovery material shall be in the same format as it was received from the third party except to the extent such production is made in paper copies, in which case production in paper format is not required.

F. <u>Disclosure or Discovery of Electronically Stored Information</u>. The Parties agree that the Parties will generally produce electronically stored information and other information in PDF or TIFF format, subject to a more detailed ESI protocol the parties anticipate entering that will more fully detail the form and manner of ESI productions. However, the producing party shall maintain any original or hard copies which exist at the time the request for discovery was made. Thereafter, any Party may, at that Party's expense, request the paper production of such original or hard copies.

G. <u>Preserving Discoverable Information</u>. Counsel for the Parties have informed their respective clients of the obligation to preserve discoverable information during the pendency of this litigation.

H. <u>Claims of Privilege or Protection of Trial Preparation Materials</u>. The Parties further agree that it is not necessary to include in a privilege log privileged communications and/or documents between, on the one hand, (a) counsel of record in this litigation and, on the other hand, (b) the Parties with whom such counsel had an attorney-client relationship at the time of the communication, or documents, provided that such documents were not disclosed beyond the attorney-client relationship.

The Parties further agree that claims of privilege that apply to documents or information created after the date on which the Complaint was filed (or Amended

Complaint as it pertains to Databricks) need not be logged. Other documents or information to which a claim of privilege applies shall be logged within a reasonable time after any such documents or information has been identified as privileged.

I.  Discovery of Expert-Related Materials. The Parties agree that notes, drafts, or other types of preliminary written work by or for experts concerning the subject matter of this civil action shall not be the subject of discovery or inquiry at trial. No communication, whether written or oral, between or among any expert(s) and counsel for the party retaining said expert(s) concerning the subject matter of this action shall be the subject of discovery or inquiry at trial. The foregoing shall not apply to any facts, data, or assumptions upon which the expert relied in forming his or her opinion as expressed in an affidavit, report, or testimony. Materials, communications, and other information exempt from discovery under this paragraph shall be treated as attorney work product and do not need to be identified on a privilege log.

II.  PROTECTIVE ORDER

The Parties have filed a proposed form of Stipulated Protective Order to the Court.

III.  SETTLEMENT

The Parties have discussed the possibility of a prompt settlement or resolution of the case. Plaintiff and Defendants Sheridan and Infinitive have also engaged in a Settlement Conference before The Honorable Ivan D. Davis. However, to date, these discussions have not resolved the issues.

IV.  OTHER MATTERS

    A.  Service of Pleadings and Discovery. The Parties agree to serve discovery notices by electronic mail to all Counsel of Record. Requests for discovery (document requests,

interrogatories, requests to admit, and deposition notices) served by e-mail before 8:00 p.m. Eastern time on a business day will be considered as having been served by hand delivery on that day. Any requests served by e-mail after 8:00 p.m. or not served on a business day shall be considered as having been served by hand on the next business day.

B. <u>Motions in Limine</u>. Motions in limine shall be filed at least five business days before trial.

C. <u>Trial before a Magistrate Judge</u>**.** Trial before a magistrate judge is not requested.

D. <u>Appearance at the Rule 16(b) Pretrial Conference</u>. In light of the agreement to the above Plan, the Parties request the currently scheduled Rule 16(b) Conference be cancelled.

DATED: May 1, 2025

| M CORP DBA 11:59: | INFINITIVE, INC.: |
|---|---|
| By: /s/ *John M. Murdock* | By  /s/ *Micah E. Ticatch* |
| John M. Murdock | Micah E. Ticatch, (VA Bar No. 83351) |
| Virginia Bar No. 26647 | John W.H. Harding (VA Bar No. 87602) |
| Brian S. Szmak | ISLERDARE, PC |
| Virginia Bar No. 92555 | 1945 Old Gallows Road, Suite 650 |
| Counsel for Plaintiff | Vienna, Virginia 22182 |
| POTTER & MURDOCK, P.C. | Telephone: 703-663-1308 |
| 252 N. Washington Street | Facsimile: 703-748-2695 |
| Falls Church, VA 22046 | mticatch@islerdare.com |
| Telephone: (703) 992-6950 | jharding@islerdare.com |
| jmurdock@pottermurdock.com | |
| bszmak@pottermurdock.com | |

Kegan S. Andeskie (admitted Pro Hac Vice)
Stacy Landau (admitted Pro Hac Vice)
NUKK-FREEMAN & CERRA, P.C.
26 Main Street, Suite 202
Chatham, New Jersey 07928
Tel: (973) 665-9100
Fax: (973) 665-9101
kandeskie@nfclegal.com
slandau@nfclegal.com

| JOSEPH BRADLEY SHERIDAN: | DATABRICKS, INC.: |
|---|---|
| By: /s/ *John M. Remy* <br> John M. Remy (VA Bar No. 65863) <br> Eric P. Burns (VA Bar No. 76554) <br> Alyssa B. Testo (VA Bar No. 97254) <br> Counsel for *Defendant Sheridan* <br> JACKSON LEWIS P.C. <br> 11790 Sunrise Valley Drive, Suite 400 <br> Reston, VA  20191 <br> Telephone:  (703) 483-8300 <br> John.Remy@jacksonlewis.com <br> Eric.Burns@jacksonlewis.com <br> Alyssa.Testo@jacksonlewis.com | By /s/ *Robert R. Vieth* <br> Robert R. Vieth (VSB No. 24304) <br> HIRSCHLER FLEISCHER, PC <br> 1676 International Dr., Suite 1350 <br> Tysons Corner, Virginia 22102 <br> T: (703) 584-8366 <br> F: (703) 584-8901 <br> Email: rvieth@hirschlerlaw.com <br><br> Daniel J. McCoy, *pro hac vice* <br> Reanne Swafford-Harris, *pro hac vice* <br> FENWICK & WEST LLP <br> 801 California Street <br> Mountain View, CA 94041 <br> Telephone: (650) 988-8500 <br> Facsimile: (650) 938-5200 <br> dmccoy@fenwick.com <br> rswaffordharris@fenwick.com |

4903-9594-9373, v. 2