IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| **M CORP DBA 11:59,** | ) |
| *Plaintiff,* | ) ) ) ) |
| v. | ) Case No. 1:24-cv-1823 |
| **INFINITIVE, INC.,** *et al.* | ) ) ) ) |
| *Defendants.* | ) ) |

### DEFENDANT INFINITIVE, INC.'S MEMORANDUM IN SUPPORT OF MOTION TO FILE AN AMENDED ANSWER AND COUNTERCLAIMS

Defendant Infinitive, Inc.'s ("Infinitive") Motion to File an Amended Answer and Counterclaims should be granted. During the forensic review ordered by the Court (Dkt. No. 32), Infinitive became aware of alarming correspondence between Plaintiff M Corp's ("11:59") employees that show that 11:59, proposed Counter-Defendant Alison Moye, Mr. Sheridan and other conspirators entered into a wide-ranging conspiracy to willfully and maliciously harm Infinitive's business in 2023.

Given this highly relevant and newly discovered information, Infinitive now moves to amend its responsive pleading to add an additional defense and counterclaims against 11:59 and Ms. Moye pursuant to Federal Rule of Civil Procedure 15(a).

### BACKGROUND

In the Spring of 2023, Mr. Sheridan and Ms. Moye left Infinitive for 11:59, a competitor. Under their employment agreements with Infinitive, these individuals were prohibited from soliciting or encouraging the solicitation of Infinitive employees. Nevertheless, over the course of 2023, 11:59 hired *eleven* employees away from Infinitive. When Infinitive expressed concern to

1

11:59 through counsel, 11:59 represented that "no 11:59 employee that had an active non-solicit restriction was involved in the hiring process in any way."

The forensic review of Mr. Sheridan's text messages and email correspondence in this case, however has revealed that 11:59's denial was inaccurate. Rather, the documents reviewed to date show that, while 11:59 attempted to provide Ms. Moye, Mr. Sheridan, and other individuals with "plausible deniability," the former Infinitive employees were encouraging and directing the solicitation of their former Infinitive colleagues, including Ms. Moye's sister. Moreover, the text messages and emails also reveal that 11:59 was engaging in other wrongful acts, including: (i) soliciting and interfering with Infinitive's customers and potential customers in violation of the for employees' contractual obligations to Infinitive, (ii) encouraging, aiding, and abetting the breach of the duty of loyalty of Infinitive's current employees; and (iii) using Infinitive's work product for the benefit of 11:59.

Based on this newly discovered information, Infinitive requests that it be permitted to amend its Answer to include an additional defense of unclean hands and counterclaims of breach of contract, tortious interference, and conspiracy.

## ARGUMENT

Under Federal Rule of Civil Procedure 15(a), leave to amend a pleading "shall be freely given when justice so requires." "The Supreme Court has emphasized that 'this mandate is to be heeded.'" *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Leave to amend should only be denied when "the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Id.* None of these issues are present in the instant case.

First, 11:59 is not prejudiced by the amendment. As the Fourth Circuit has explained, prejudice typically occurs when "the amendment is offered shortly before or during trial." *Id.* That is not the case here, where discovery is just beginning and there is sufficient time for 11:59 to respond to the counterclaims and develop its potential defenses. Moreover, Infinitive informed 11:59 that would be filing a proposed counterclaim several weeks ago and the Parties planned for the filing of the counterclaim in their Amended Joint Discovery Plan (Dkt. No. 75) that was adopted by the Court (Dkt. No. 76). Specifically, the Parties noted that they "anticipate that Defendant Infinitive will file a counterclaim within two weeks of the filing of this Discovery Plan alleging, among other things, a conspiracy by Plaintiff to injure Infinitive's business. The parties intend to pursue discovery related to such claims as well." (Dkt. No. 76). Infinitive has followed the timeline for filing a counterclaim. Given that adding a counterclaim was baked into the Parties' Discovery Plan, there is no prejudice.

Second, the amendment is not brought in bad faith. As described above, the counterclaim is primarily based on new information that was discovered during the Court ordered forensic review. Upon discovering this information, Infinitive informed counsel for 11:59 of the information it had discovered and outlined the counterclaims it anticipated filing.

Third, the amendment is not futile. Leave to amend "should only be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face." *Johnson*, 785 F.2d at 509 (4th Cir. 1986). Here, all three counts of the counterclaim are well pled and supported by text messages and emails reviewed as part of the forensic review. Infinitive has legitimate claims against 11:59 and Ms. Moye. The amendment is not futile.

For these reasons, Infinitive respectfully requests that the Court permit Infinitive to amend its Answer to add an additional defense and counterclaims based on the newly discovered information.

Dated: May 14, 2025

Respectfully submitted,

/s/ Micah E. Ticatch
Micah E. Ticatch, Va. Bar No. 83351
John W. H. Harding, Va. Bar No. 87602
ISLER DARE, P.C.
1945 Old Gallows Road. Suite 650
Vienna, Virginia 22182
Phone: (703) 748-2690
Facsimile: (703) 748-2695
mticatch@islerdare.com
jharding@islerdare.com

*Counsel for Infinitive, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of May 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

      /s/ Micah E. Ticatch
Micah E. Ticatch, Va. Bar No. 83351
ISLER DARE, P.C.
1945 Old Gallows Road. Suite 650
Vienna, Virginia 22182
Phone: (703) 748-2690
Facsimile: (703) 748-2695
mticatch@islerdare.com

*Counsel for Infinitive, Inc.*