**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

---

M CORP DBA 11:59,

                Plaintiff,

      v.

INFINITIVE, INC., et al.,

                Defendants.

Case No.: 1:24-cv-1823

---

### DEFENDANT JOSEPH BRADLEY SHERIDAN'S OPPOSITION TO MOTION FOR LEAVE TO FILE AMENDED ANSWER AND COUNTERCLAIMS

Defendant Joseph Bradley Sheridan ("Sheridan"), through undersigned counsel, hereby opposes Co-Defendant Infinitive, Inc. ("Infinitive")'s motion for leave to file amended answer and counterclaims on the following grounds:

### INTRODUCTION

Mr. Sheridan opposes the motion for leave only to the extent it seeks to add a counterclaim to the answer. He does not oppose the effort to amend the answer to assert a defense of unclean hands, which he himself previously asserted. While the counterclaim is certainly a compulsory counterclaim under Fed. R. Civ. P. 13(a), it still involves different witnesses and a different time period. Allowing the counterclaim at this stage would have the effect of significantly delaying litigation, causing undue prejudice to Mr. Sheridan.

### RELEVANT STANDARD

Infinitive is correct that the rules are generally in favor of liberal leave when it comes to amendment, it is also true that "[a] motion to amend under Rule 15(a) may be denied where … where allowing the amendment would unduly prejudice the non-movant." *Deasy v. Hill*, 833 F.2d

38, 40 (4th Cir. 1987) (citing *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980); *Woodson v. Fulton*, 614 F.2d 940, 943 (4th Cir. 1980)).

## ARGUMENT

While Mr. Sheridan is not a named defendant in the proposed counterclaim, he features prominently in the allegations, putting him in the cross-hairs between two competitive entities: Infinitive and M Corp. d/b/a 11:59 ("11:59"). He has already spent a substantial amount of time and effort, suffering greatly personally, dealing with the lawsuit as it currently stands, and will be unduly prejudiced by the increased discovery demands, and likely delay of an eventual trial date, despite the parties having planned for a counterclaim in the Joint Discovery Plan.

Infinitive argues that the counterclaim cannot possibly be prejudicial because it was accounted for in the Joint Discovery Plan, but that Joint Discovery Plan was submitted before a draft of the counterclaim was circulated. What is clear upon actually reviewing the proposed counterclaim, is that it relates to a different time period and involves different witnesses. Indeed, litigating the counterclaim will likely require discovery from several individuals, (e.g., the individuals participating in the communications included in the counterclaim) that are not relevant to the ongoing litigation. Because of this, and despite accounting for the filing of "a" counterclaim in the Joint Discovery Plan (not "this" counterclaim), it is unrealistic for Infinitive to argue that discovery will be completed in time and not result in any upset of the current scheduling order.

Moreover, a significant amount of time and effort in discovery has already been spent on forensic examination of Mr. Sheridan's devices, but that is the only evidence from the case as it currently stands that overlaps with the discovery needs associated with the discovery needs of the proposed counterclaim. The counterclaim will, by necessity, greatly expand the necessary discovery of documents, domains, and witnesses not currently relevant to the litigation.

Mr. Sheridan, as an individual party, even though not a named counterclaim defendant, is uniquely burdened and prejudiced by the increased discovery demands and delay of this litigation because of the increased effort, time, expense that will almost certainly be caused by allowing this counterclaim to proceed.

## CONCLUSION

For these reasons, Mr. Sheridan respectfully requests an order of this Court denying Infinitive's motion for leave to file its proposed counterclaim.

Dated: May 21, 2025

Respectfully submitted,

/s/ *Eric P. Burns*
John M. Remy (VA Bar No. 65863)
Eric P. Burns (VA Bar No. 76554)
Alyssa B. Testo (VA Bar No. 97254)
**JACKSON LEWIS P.C.**
11790 Sunrise Valley Drive
Suite 400
Reston, VA 20191
(703) 483-8300 – Tel
(703) 483-8301 – Fax
John.Remy@jacksonlewis.com
Eric.Burns@jacksonlewis.com
Alyssa.Testo@jacksonlewis.com

*Counsel for Defendant Sheridan*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 21, 2025, a true and accurate copy of the foregoing was served to all counsel of record by electronic mail:

John M. Murdock, Esq.
Brian S. Szmak, Esq.
POTTER & MURDOCK, P.C.
252 N. Washington Street
Falls Church, VA 22046
jmurdock@pottermurdock.com
bszmak@pottermurdock.com

Stacy Landau, Esq.
Kegan S. Andeskie, Esq.
26 Main Street, Suite 202
Chatham, NJ 07928
slandau@nfclegal.com
kandeskie@nfclegal.com

*Counsel for Plaintiff M Corp dba 11:59*

Micah E. Ticatch
Joseph W.H. Harding
ISLER DARE, P.C.
1945 Old Gallows Road. Suite 650
Vienna, Virginia 22182
mticatch@islerdare.com
jharding@islerdare.com

*Counsel for Defendant Infinitive Inc.*

Daniel McCoy
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
dmmcoy@fenwick.com

Reanne Swafford-Harris
FENWICK & WEST LLP
730 Arizona Avenue, 1st Floor
Santa Monica, CA 90401
rswaffordharris@fenwick.com

Robert R. Vieth
Stacey Rose Harris
Hirschler Fleischer, P.C.
1676 International Drive,
Suite 1350
Tysons, Virginia 22102
rvieth@hirschlerlaw.com
sharris@hirschlerlaw.com

*Counsel for Defendant Databricks, Inc*

*/s/ Eric P. Burns*
Eric P. Burns (VA Bar No. 76554)
**JACKSON LEWIS P.C.**
11790 Sunrise Valley Drive, Suite 400
 Reston, VA 20191
(703) 483-8300 – Tel
(703) 483-8301 – Fax
Eric.Burns@jacksonlewis.com

*Counsel for Defendant Sheridan*