IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| **M CORP DBA 11:59,** | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | Case No. 1:24-cv-1823 |
| | ) | |
| **INFINITIVE, INC.,** *et al.* | ) | |
| | ) | |
| *Defendants.* | ) | |
| | ) | |

**DEFENDANT INFINITIVE, INC.'S REPLY IN FURTHER SUPPORT
OF MOTION TO FILE AN AMENDED ANSWER AND COUNTERCLAIMS**

For the reasons stated below as well as those in the initial Memorandum in Support (Dkt. 78), Defendant Infinitive, Inc.'s ("Infinitive") Motion to File an Amended Answer and Counterclaims should be granted.

A.   **Defendant Sheridan's Opposition Lacks Merit.**

Despite the fact that Mr. Sheridan is not a named party in the proposed counterclaim, he opposes the pleading because Mr. Sheridan will allegedly be "unduly prejudiced by increased discovery demands, and likely delay of an eventual trial date." (Dkt. 81 at 2.)

While it may be true that Mr. Sheridan could have to provide some additional discovery in connection with the proposed counterclaims, that fact does not constitute "undue prejudice" or a basis for denial of the amendment under Rule 15. "Although prejudice can result where a new legal theory is alleged if it would entail additional discovery and evidentiary burdens on the part of the opposing party, this basis for a finding of prejudice essentially applies <u>where the amendment is offered shortly before or during trial</u>." *Scott v. Fam. Dollar Stores, Inc.*, 733 F.3d 105, 118–19 (4th Cir. 2013) (emphasis added). When an amendment is offered far in advance of the close of

1

discovery, "prejudice does not exist." *Bonumose Biochem LLC v. Yi-Heng Zhang*, 2018 WL 10068674, at *1 (W.D. Va. 2018).

In *Bonumose*, the court held that the additional discovery burden of an amendment would not lead to "legally cognizable prejudice" because there were six weeks left for discovery. *See id.* Given that in the instant case, there are <u>sixteen weeks</u> left on the discovery calendar, Mr. Sheridan's argument of prejudice is without merit.

Moreover, as previously noted, a claim of prejudice is particularly inapt in this case where Infinitive alerted the parties of its intention to file the proposed counterclaims before they engaged in the Rule 26(f) discovery conference, and the parties explicitly agreed on discovery deadlines taking into account those anticipated claims in the Discovery Plan. (*See* Dkt. 75.)

In his Opposition, Mr. Sheridan states:

> Infinitive argues that the counterclaim cannot possibly be prejudicial because it was accounted for in the Joint Discovery Plan, but that Joint Discovery Plan was submitted before a draft of the counterclaim was circulated. What is clear upon actually reviewing the proposed counterclaim, is that it relates to a different time period and involves different witnesses.

(Dkt. 81 at 2.)

While it is true that Infinitive did not have a written draft counterclaim for review by the parties until after the submission of the Discovery Plan, Mr. Sheridan's Counsel was explicitly and intentionally informed *before* the Rule 26(f) Conference on the precise nature of the proposed counterclaims. To the extent the above quotation from Mr. Sheridan's Opposition may be read to insinuate that Mr. Sheridan was somehow unaware of the nature of the counterclaims, the relevant individuals involved in the claims, and/or the relevant time period for those claims at the time of the 26(f) Conference, that insinuation is inaccurate.

Counsel for Infinitive had a virtual meeting with Counsel for Mr. Sheridan on April 24, 2025. (*See* Exhibit 1.) During the meeting, Infinitive shared the documents that had been discovered in the forensics review and talked at length about the legal claims Infinitive intended to assert based on those documents. (*See id.*) Following the meeting, Counsel for Infinitive followed up by identifying each of the emails and text messages that were concerning and created the legal counterclaims Infinitive intended to assert. (*See id.*) Consequently, when the parties met for the Rule 26(f) Conference on April 25 and when the parties agreed to the Discovery Plan on April 30, Mr. Sheridan was fully aware of the nature, the time periods, and the individuals involved in the anticipated counterclaims.

Lastly, it is worth noting that Mr. Sheridan had the relevant emails and text messages that alerted Infinitive to the potential counterclaims in his possession since the start of this case and chose not to share those documents with Infinitive. Instead, the company only learned of these documents by happenstance in its review of the results of the Court-ordered forensics investigation. In other words, Mr. Sheridan's failure to provide the documents to Infinitive is the primary reason Infinitive was not aware of its potential counterclaims at the time it filed its original Answer. It is particularly unpersuasive for Mr. Sheridan to claim prejudice based on Infinitive's delay in filing the counterclaims given that Mr. Sheridan is the primary cause of that delay.

**B.**     **Plaintiff 11:59 and Defendant Databricks Do Not Oppose the Amendment.**

Plaintiff indicates in its filing that it does not oppose Infinitive's Motion. (Dkt. 80.) Likewise, Defendant Databricks has previously consented to the Motion. (*See* Exhibit 2.)

Given that Mr. Sheridan's Opposition lacks merit, and no other party opposes the Motion, Infinitive respectfully requests the Motion be granted and it be given leave to file the Amended Answer and Counterclaims.

Dated: May 22, 2025

Respectfully submitted,

_____/s/ Micah E. Ticatch_____
Micah E. Ticatch, Va. Bar No. 83351
John W. H. Harding, Va. Bar No. 87602
ISLER DARE, P.C.
1945 Old Gallows Road. Suite 650
Vienna, Virginia 22182
Phone: (703) 748-2690
Facsimile: (703) 748-2695
mticatch@islerdare.com
jharding@islerdare.com

*Counsel for Infinitive, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of May 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

        /s/ Micah E. Ticatch
Micah E. Ticatch, Va. Bar No. 83351
ISLER DARE, P.C.
1945 Old Gallows Road. Suite 650
Vienna, Virginia 22182
Phone: (703) 748-2690
Facsimile: (703) 748-2695
mticatch@islerdare.com

*Counsel for Infinitive, Inc.*

5