IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| **M CORP DBA 11:59,** | ) |
| *Plaintiff,* | ) ) ) |
| v. | ) Case No. 1:24-cv-1823 |
| **INFINITIVE, INC.,** *et al.* | ) ) ) |
| *Defendants.* | ) ) |

**DEFENDANT INFINITIVE, INC.'S MEMORANDUM
IN SUPPORT OF ITS MOTION TO COMPEL DISCLOSURE**

Plaintiff 11:59 M Corp dba 11:59 ("11:59") and Counter-Defendant Alison Moye have failed to comply with initial disclosure obligations under Rule 26(a)(1). For the reasons explained below, Defendant Infinitive, Inc.'s ("Infinitive") Motion to Compel Disclosure should be granted.

## BACKGROUND

1. 11:59 filed its original Complaint on October 15, 2024 alleging, among other things, that its former employee Defendant Sheridan has misappropriated trade secrets and breached his duty of loyalty to 11:59 and related causes of action against his subsequent employer, Infinitive. (Dkt. 1.)

2. On December 20, 2024, 11:59 amended its pleading to add a third defendant, Databricks, and asserting several additional claims against them. (Dkt. 43.)

3. Throughout the litigation, 11:59 has communicated to Defendants that their damages are in the tens of millions of dollars, but have failed to substantiate that claim with documentation or detailed explanation.

4. Pursuant to the parties Amended Joint Discovery Plant (Dkt. 75) and the Court's

1

Rule 16(b) Scheduling Order (Dkt. 76, ¶ 4), the parties were required to provide 26(a)(1) disclosures for the claims in the Amended Complaint by May 14, 2025.

5. On May 14, 2025, 11:59 provided a document purporting to be a "Rule 26 Initial Disclosure," but which contained no information at all regarding the amount or calculation of its damages. (*See* Exhibit A.)

6. The following day, Counsel for Infinitive emailed 11:59's Counsel and explained that the disclosures as to damages were woefully deficient. (*See* Exhibit B.) The email stated:

> Stacy/Kegan,
>
> I have reviewed your initial disclosures, and these do not appear to comply with Rule 26(a)(1)(A)(iii). The rule requires you to provide computation of each category of damages claimed. You have not done so. You have not even provided any amounts-- let alone computations. You are also required to produce the documents on which each computation is based. I understand from your prior representations, that you have built a damages model. That is the kind of information that needs to be provided.
>
> Please let me know if you have some time this morning to discuss.

(*Id.*)

7. Counsel for the parties conferred on this matter on multiple occasions, with 11:59 agreeing to supplement the disclosures to correct the deficiencies.

8. On May 28, 2025, Counsel for Infinitive emailed Counsel for 11:59 to ensure supplementation would be happening asking, "Are we getting updated disclosures/damages documents today or tomorrow?" (Exhibit C.) Counsel for 11:59 responded "Yes." (*Id.*)

9. On May 29, 2025, 11:59 provided an Amended Disclosure. (Exhibit D.) The Amended Disclosure's damages section contains only the following information as to 11:59's claimed damages:

- Lost profits in the amount of $16.3 to $35.1 million (before tripling as provided under applicable remedies) relating to Projects A, B, C, K, L, N, T, and Companies F and O as well as the remaining projects in 11:59's $7 million initial stage Databricks pipeline;

- Investment into its business pipeline in the amount of $1.5 million;

- Forensic analysis fees in the amount of $65,537; and

- Attorneys' fees and costs, including consultation with economic damages expert, of $443,683.

(*Id.*)

10. 11:59 did not provide any documents to support the amended disclosure.

11. On June 6, counsel for the parties met and conferred again. 11:59's Counsel represented during that meeting that damages documentation would be provided that evening. 11:59 subsequently produced two Attorneys' Eyes Only excel spreadsheets the contained a listing of every potential project tracked by 11:59 in its Salesforce database, with a "value" of the project, and column stating whether the project was "won" "lost" or "no bid." The charts include numerous projects that obviously are not relevant to the claims in this matter, and the charts make no effort to indicate which projects are actually included in the undisclosed damages' calculations. Furthermore, Counsel for Infinitive has attempted to reverse engineer the damages numbers in the disclosure from the charts, and it appears not possible to do with the current information.

12. Additionally, pursuant to the parties Amended Discovery Plan (Dkt. 75), as adopted by the Court, Counter-Defendants 11:59 and Alison Moye were required to provide initial disclosure information as to the Counterclaims on or before June 6, 2025. Neither Counter-Defendant provided any such disclosure.

13. On Tuesday, June 10, Counsel for Infinitive alerted 11:59 and Ms. Moye of their failure to timely disclose. (Exhibit E.) Counsel for Counter-Defendants replied, without further

explanation, that "we will have them to you by the end of this week." (*Id.*) Counsel for Infinitive responded:

> Hi Stacy,
>
> Unfortunately, agreement of the parties alone cannot modify a discovery deadline in EDVA. We are happy to consent to a motion requesting an extension if you can confirm that both 11:59 and Ms. Moye will serve their disclosures by Friday. Please let me know if you have any questions or would like to discuss further.

(*Id.*; *see also* Dkt. 76 ¶ 4.)

14. Counsel for Counter-Defendants did not respond to this communication or submit any Motion to the Court seeking an extension of the disclosure deadline.

## ARGUMENT

**A.    11:59 has failed to fully disclose its damages computations.**

Rule 26(a)(1)(A)(iii) requires a party to disclose:

> a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered

Accordingly, "a party's Rule 26(a)(1)(A)(iii) disclosure must state the types of damages that the party seeks, ***must contain a specific computation of each category***, and must include documents to support the computations." *Jaguar Land Rover Ltd. v. Bentley Motors Ltd.*, 2020 WL 6817060, at *4 (E.D. Va. 2020). Providing a damages number, without any calculation, explanation, or documentary support is clearly insufficient. *See, e.g., Ruddy v. Bluestream Pro. Serv., LLC*, 2020 WL 13694227, at *3 (E.D. Va. 2020). Moreover, "[t]he need for computation and supporting documents is especially necessary" in a lost profits case. *Design Strategy, Inc. v.*

*Davis*, 469 F.3d 284, 295 (2d Cir. 2006); *Advanced Training Grp. Worldwide, Inc. v. Proactive Techs. Inc.*, 2020 WL 4574493, at *6 (E.D. Va. 2020).

11:59's disclosures do not contain any calculations or any way for Infinitive to discern how 11:59 arrived at its numbers. Compounding this problem, 11:59 has not provided sufficient documentation to understand its computations. There is simply no way for Infinitive or the other defendants to fairly evaluate the strengths and weaknesses of the case under these circumstances.

As best as can be discerned from discussions, 11:59's main justification for failing to comply with its disclosure obligations is because discovery is on-going. But, such is always the case for initial disclosures, and 11:59's excuse is particularly unpersuasive in this specific case. 11:59's main category of damages is "lost profits." Such a calculation is invariably based on 11:59's own documentation and information. Further, 11:59's secondary category of damages is "investment" into its "pipeline." Again, this category of damages will almost certainly be dependent on 11:59's own documentation and information. Moreover, because 11:59 has already been litigating this case for *eight months*, there is no reasonable argument that it has not had time to prepare for providing initial disclosures. 11:59 should be compelled to provide complete disclosure.

**B.      11:59 and Alison Moye have failed to provide initial disclosures related to the Counterclaims.**

As noted above, Counter-Defendants 11:59 and Alison Moye were required to provide initial disclosure information regarding the Counterclaims on or before June 6, 2025. Without explanation, they have not done so. Consequently, they should be compelled to provide that information to Infinitive.

**C.      Infinitive is entitled to its fees.**

Pursuant to Rule 37(a)(5)(A), Infinitive "must" be awarded its fees unless 11:59 and Ms. Moye can demonstrate substantial justification for its failure to disclose. There does not appear to be any reasonable basis for their deficiencies. Consequently, because the failure to disclose lacks a substantial justification, the Court should award Infinitive its fees in bringing this Motion.

Dated: June 11, 2025                                   Respectfully submitted,

                                                                         /s/ Micah E. Ticatch
                                                                Micah E. Ticatch, Va. Bar No. 83351
                                                                John W. H. Harding, Va. Bar No. 87602
                                                                ISLER DARE, P.C.
                                                                1945 Old Gallows Road. Suite 650
                                                                Vienna, Virginia 22182
                                                                Phone: (703) 748-2690
                                                                Facsimile: (703) 748-2695
                                                                mticatch@islerdare.com
                                                                jharding@islerdare.com
                                                                *Counsel for Infinitive, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of June 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

      /s/ Micah E. Ticatch
Micah E. Ticatch, Va. Bar No. 83351
ISLER DARE, P.C.
1945 Old Gallows Road. Suite 650
Vienna, Virginia 22182
Phone: (703) 748-2690
Facsimile: (703) 748-2695
mticatch@islerdare.com

*Counsel for Infinitive, Inc.*