# EXHIBIT A

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| M CORP DBA 11:59, : <br> : Civil Action: 1:24-cv-1823 <br> Plaintiff, : <br> : <br> v. : <br> : **PLAINTIFF M CORP DBA 11:59's** <br> INFINITIVE, INC., JOSEPH : **RULE 26 INITIAL DISCLOSURES** <br> BRADLEY SHERIDAN, : <br> DATABRICKS INC., WILLIAM : <br> McKINNEY, CHERYL MILES, AND : <br> DOES 1-25, INCLUSIVE. : <br> : <br> Defendants. : <br> : | |

Plaintiff M Corp dba 11:59 ("Defendant" or "11:59"), by and through its counsel Nukk-Freeman & Cerra, P.C., hereby submits the following initial disclosures to Defendants Infinitive, Inc. ("Infinitive"), Joseph Bradley Sheridan ("Sheridan"), Databricks Inc. ("Databricks"), William McKinney ("McKinney") and Cheryl Miles ("Miles") (collectively "Defendants") in accordance with Rule 26(a)(1) of the Federal Rules of Civil Procedure as follows:

**A.   Individuals with Discoverable Information**

Based on the information known at this time, the following individuals are likely to have discoverable information that Plaintiff may use to support its claims or defenses, unless solely for impeachment:

**1. Defendant, Joseph Bradley Sheridan**

Mr. Sheridan has knowledge and information related to the allegations set forth in the Amended Complaint, including but not limited to: his employment with 11:59; his resignation of employment; his employment with Infinitive; his interactions with 11:59 employees, clients and prospective clients, and partners; his disparagement of 11:59; his misappropriation of 11:59's trade secrets, confidential and proprietary information; his and others including but not limited to Defendants Infinitive and

Databricks' use, disclosure and benefits received from the use of 11:59's trade secrets, confidential and proprietary information.

2. **Denis McFarlane, Infinitive's Founder and Chief Executive Officer**

Mr. McFarlane has knowledge and information related to the allegations set forth in the Amended Complaint involving him and/or Infinitive, including but not limited to: Mr. Sheridan's employment with Infinitive; Infinitive's communications and business relations with 11:59 client and prospective clients; Mr. Sheridan's breach of his fiduciary duty to 11:59; Infinitive's involvement in the misappropriation of 11:59's trade secrets, confidential, and proprietary information; Infinitive's retention, use and/or benefit from 11:59's trade secrets, confidential, and proprietary information; Databricks' retention, use and/or benefit from 11:59's trade secrets, confidential, and proprietary information.

3. **Jeff Theobald, Infinitive's Managing Director**

Mr. Theobald has knowledge and information related to the allegations set forth in the Amended Complaint involving him and/or Infinitive, including but not limited to: Mr. Sheridan's employment with Infinitive; Infinitive's communications and business relations with 11:59 client and prospective clients; Mr. Sheridan's breach of his fiduciary duty to 11:59; Infinitive's involvement in the misappropriation of 11:59's trade secrets, confidential, and proprietary information; Infinitive's retention, use and/or benefit from 11:59's trade secrets, confidential, and proprietary information; Databricks' retention, use and/or benefit from 11:59's trade secrets, confidential, and proprietary information.

4. **Phil Kyle, Infinitive Chief Executive Officer**

Mr. Kyle has knowledge and information related to the allegations set forth in the Amended Complaint involving Infinitive, including but not limited to: Mr. Sheridan's employment with Infinitive; Infinitive's involvement in the misappropriation of 11:59's trade secrets, confidential, and proprietary information; Infinitive's retention, use and/or benefit from 11:59's trade secrets, confidential, and proprietary information; Databricks' retention, use and/or benefit from 11:59's trade secrets, confidential, and proprietary information; Infinitive's communications and business relations with 11:59 client and prospective clients;.

5. **David Gonet, Infinitive Human Resources**

Mr. Gonet has knowledge and information related to the allegations set forth in the Amended Complaint involving Infinitive, including but not limited to: Mr. Sheridan's employment with Infinitive; Infinitive's recruiting, onboarding, training, agreements and employment policies and procedures.

6. **Cheryl Miles, Databricks Account Executive**

Ms. Miles has knowledge and information related to the allegations set forth in the Amended Complaint involving her and Databricks, including but not limited to: Mr. Sheridan's employment with 11:59 and Infinitive; Databricks' misappropriation of 11:59's trade secrets, confidential, and proprietary information; Databricks' retention, use and/or benefit from 11:59's trade secrets, confidential, and proprietary information; and Databricks' relations with 11:59 prospective and existing clients.

7. **William McKinney, Databricks Account Executive**

Mr. McKinney has knowledge and information related to the allegations set forth in the Amended Complaint involving him and Databricks, including but not limited to: Mr. Sheridan's employment with 11:59 and Infinitive; Databricks' involvement in the misappropriation of 11:59's trade secrets, confidential, and proprietary information; Databricks' retention, use and/or benefit from 11:59's trade secrets, confidential, and proprietary information; and Databricks' relations with 11:59 prospective and existing clients.

8. **Tim Collinson, 11:59 Chief Technology Officer**

Mr. Collinson has knowledge and information related to the allegations set forth in the Amended Complaint, including but not limited to: 11:59's consulting services, vendor and partner relationships, pipeline, Sheridan's 11:59 job responsibilities and performance, Sheridan's interference with 11:59's current and prospective client relationships, and Sheridan's disparagement of 11:59.

9. **Kenneth Geh, 11:59 Manager, Data Analytics**

Mr. Geh has knowledge and information related to the allegations set forth in the Amended Complaint, including but not limited to: 11:59's consulting services, vendor and partner relationships, pipeline, and his creation of proprietary coding and demos for 11:59 current and potential clients.

10. **11:59's existing and prospective clients**

While 11:59's existing and prospective clients may have knowledge related to certain allegations set forth in the Amended Complaint, it is anticipated that the parties have substantially similar or greater knowledge of the same subject matter. Thus, in order to avoid further interference with 11:59's client relationships, Plaintiff requests that Defendants seek discovery first from the parties. If third party subpoenas to any 11:59 existing or prospective client on the Restricted Client List are contemplated, the parties must confer with Plaintiff regarding the same before service as stated in the parties' proposed joint Discovery Plan.

11. All other individuals identified in: (a) Defendants' Initial Disclosures; (b) documents to be produced by the parties; and (c) interrogatory answers and other discovery to be produced by the parties.

Plaintiff reserves the right to supplement this list as discovery progresses. By identifying the above-named individuals, Plaintiff does not intend to waive any rights under R.P.C. 1.13(a).

**B.** **Relevant Documents & Tangible Things**

The following is a list of documents, electronically stored ("ESI"), and other tangible things in Plaintiff's possession, custody, or control, described by category and location, that Plaintiff may use to support its claims and/or defenses.

1. Documents and/or other tangible things relating to Mr. Sheridan's employment at 11:59;

2. Documents and/or other tangible things relating to Mr. Sheridan's personnel records, agreements, and job performance with 11:59;

3. Documents and/or other tangible things relating to Mr. Sheridan's resignation from 11:59;

4. Documents and/or other tangible things relating to Mr. Sheridan's compensation during his employment with 11:59;

5. Documents and/or other tangible things relating to Infinitive and Databricks' misconduct as alleged in the Amended Complaint;

6. Documents and/or other tangible things relating to 11:59's investigation into Mr. Sheridan, Databricks and Infinitive's misconduct;

7. Documents and/or other tangible things relating to 11:59's applicable employment policies and practices;

8. Documents and/or other tangible things relating to 11:59's efforts to mitigate its losses;

By identifying the above categories of documents, Plaintiff does not admit or concede that they are admissible and expressly reserves the right to object to the admission into evidence

of any of these documents. Pursuant to Fed. R. Civ. P. 26(b)(2)(B), and subject to additional considerations under the Fed. R. Civ. P. 26(b)(2)(C), any search for ESI will be limited to what is proportional to the needs of the case. Plaintiff will not search ESI sources with potentially discoverable information that it cannot locate, retrieve, review, and provide discovery of without undue burden or cost. Plaintiff reserves the right to supplement and amend this list as discovery in this case proceeds.

C.  **Information Related to Calculation of Damages**

This disclosure is preliminary and has been made at an early stage in this case. At this time, the full extent of Plaintiff's damages is difficult to calculate. To the extent that Plaintiff's damages can be determined, the precise calculation of such damages is yet to be determined and will likely rely on expert testimony, which will be timely disclosed pursuant to the Federal Rules of Civil Procedure and any scheduling order entered by the Court.

Plaintiff intends to seek all statutory and common law damages available under the causes of action asserted. Such damages include, but may not be limited to compensatory damages, punitive damages, disgorgement of compensation received during any period of disloyalty, disgorgement of any ill-gotten proceeds resulting from Defendants' malfeasance, recovery of forensic fees expended in connection with this litigation, and attorneys' fees and costs. Plaintiff reserves the right to supplement this response.

D.  **Insurance**

No claims are currently asserted against Plaintiff.

E.  **Expert Testimony**

Plaintiff has not yet determined whether it will obtain expert testimony in connection with this action. If Plaintiff does retain expert witness(es) for trial, Plaintiff will make the required disclosures in accordance with Fed. R. Civ. P. 26(a)(2) and any applicable court orders.

**POTTER & MURDOCK**
*Attorneys for Plaintiff M Corp dba 11:59*

By: /s/ John M. Murdock
John M. Murdock, Esq.
Brian S. Szmak, Esq.
252 N. Washington Street
Falls Church, VA  22046
jmurdock@pottermurdock.com
bszmak@pottermurdock.com
Telephone:  (703) 992-6950

**NUKK-FREEMAN & CERRA, P.C.**
*Attorneys for Plaintiff M Corp dba 11:59*

By: 
Kegan S. Andeskie, Esq.
Stacy Landau, Esq.
26 Main Street, Suite 202
Chatham, NJ, 07928
kandeskie@nfclegal.com
slandau@nfclegal.com
Tel.: (973) 665-9100
Fax: (973) 665-9101

Dated: May 14, 2025

## **CERTIFICATION OF SERVICE**

I hereby certify that on the 14th day of May, 2025 I caused Plaintiff's M Corp dba 11:59's Rule 26 Initial Disclosures to be served upon Defendants by electronic mail as follows:

| | |
|---|---|
| Micah E. ,Ticatch, Esq.<br>Joseph W.H. Harding, Esq.<br>ISLERDARE, P.C.<br>1945 Old Gallows Road. Suite 650<br>Vienna, Virginia 22182<br>mticatch@islerdare.com<br>jharding@islerdare.com<br>*Attorneys for Defendant Infinitive, Inc.* | John M. Remy, Esq.<br>Eric P. Burns, Esq.<br>Alyssa B. Testo, Esq.<br>JACKSON LEWIS, P.C.<br>10701 Parkridge Blvd., Suite 300<br>Reston, VA  20191<br>John.Remy@jacksonlewis.com<br>Eric.Burns@jacksonlewis.com<br>Alyssa.Testo@jacksonlewis.com<br>*Attorneys for Defendant Joseph Bradley Sheridan* |
| Daniel McCoy, Esq.<br>FENWICK & WEST LLP<br>801 California Street<br>Mountain View, CA  94041<br>dmccoy@fenwick.com<br>*Attorneys for Defendant Databricks Inc.* | Reanne Swafford-Harris, Esq.<br>FENWICK & WEST LLP<br>730 Arizona Avenue, 1st Floor<br>Santa Monica, CA  90401<br>rswaffordharris@fenwick.com<br>*Attorneys for Defendant Databricks Inc.* |

Robert R. Vieth, Esq.
HIRSCHLER FLEISCHER, PC
1676 International Dr., Suite 1350
Tysons Corner, Virginia 22102
rvieth@hirschlerlaw.com
*Attorneys for Defendant Databricks Inc.*

*Brenda Widman*
Brenda Widman, Paralegal

Dated:  May 14, 2025