# EXHIBIT D

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| M CORP DBA 11:59, | : |
| | : Civil Action: 1:24-cv-1823 |
| Plaintiff, | : |
| | : |
| v. | : |
| | : **PLAINTIFF M CORP DBA 11:59's** |
| INFINITIVE, INC., JOSEPH BRADLEY SHERIDAN, DATABRICKS INC., WILLIAM McKINNEY, CHERYL MILES, AND DOES 1-25, INCLUSIVE. | : **AMENDED RULE 26 INITIAL DISCLOSURES** |
| Defendants. | : |

Plaintiff M Corp dba 11:59 ("Defendant" or "11:59"), by and through its counsel Nukk-Freeman & Cerra, P.C., hereby submits the following initial disclosures to Defendants Infinitive, Inc. ("Infinitive"), Joseph Bradley Sheridan ("Sheridan"), and Databricks Inc. ("Databricks") (collectively "Defendants") in accordance with Rule 26(a)(1) of the Federal Rules of Civil Procedure as follows:

A.   **Individuals with Discoverable Information**

Based on the information known at this time, the following individuals are likely to have discoverable information that Plaintiff may use to support its claims or defenses, unless solely for impeachment:

1. **Defendant, Joseph Bradley Sheridan**

    Mr. Sheridan has knowledge and information related to the allegations set forth in the Amended Complaint, including but not limited to: his employment with 11:59; his resignation of employment; his employment with Infinitive; his interactions with 11:59 employees, clients and prospective clients, and partners; his disparagement of 11:59; his misappropriation of 11:59's trade secrets, confidential and proprietary information; his and others including but not limited to Defendants Infinitive and

Databricks' use, disclosure and benefits received from the use of 11:59's trade secrets, confidential and proprietary information.

2. **Denis McFarlane, Infinitive's Founder and Chief Executive Officer**

Mr. McFarlane has knowledge and information related to the allegations set forth in the Amended Complaint involving him and/or Infinitive, including but not limited to: Mr. Sheridan's employment with Infinitive; Infinitive's communications and business relations with 11:59 client and prospective clients; Mr. Sheridan's breach of his fiduciary duty to 11:59; Infinitive's involvement in the misappropriation of 11:59's trade secrets, confidential, and proprietary information; Infinitive's retention, use and/or benefit from 11:59's trade secrets, confidential, and proprietary information; Databricks' retention, use and/or benefit from 11:59's trade secrets, confidential, and proprietary information.

3. **Jeff Theobald, Infinitive's Managing Director**

Mr. Theobald has knowledge and information related to the allegations set forth in the Amended Complaint involving him and/or Infinitive, including but not limited to: Mr. Sheridan's employment with Infinitive; Infinitive's communications and business relations with 11:59 client and prospective clients; Mr. Sheridan's breach of his fiduciary duty to 11:59; Infinitive's involvement in the misappropriation of 11:59's trade secrets, confidential, and proprietary information; Infinitive's retention, use and/or benefit from 11:59's trade secrets, confidential, and proprietary information; Databricks' retention, use and/or benefit from 11:59's trade secrets, confidential, and proprietary information.

4. **Phil Kyle, Infinitive Chief Executive Officer**

Mr. Kyle has knowledge and information related to the allegations set forth in the Amended Complaint involving Infinitive, including but not limited to: Mr. Sheridan's employment with Infinitive; Infinitive's involvement in the misappropriation of 11:59's trade secrets, confidential, and proprietary information; Infinitive's retention, use and/or benefit from 11:59's trade secrets, confidential, and proprietary information; Databricks' retention, use and/or benefit from 11:59's trade secrets, confidential, and proprietary information; Infinitive's communications and business relations with 11:59 client and prospective clients;.

5. **David Gonet, Infinitive Human Resources**

Mr. Gonet has knowledge and information related to the allegations set forth in the Amended Complaint involving Infinitive, including but not limited to: Mr. Sheridan's employment with Infinitive; Infinitive's recruiting, onboarding, training, agreements and employment policies and procedures.

6. **Cheryl Miles, Databricks Account Executive**

   Ms. Miles has knowledge and information related to the allegations set forth in the Amended Complaint involving her and Databricks, including but not limited to: Mr. Sheridan's employment with 11:59 and Infinitive; Databricks' misappropriation of 11:59's trade secrets, confidential, and proprietary information; Databricks' retention, use and/or benefit from 11:59's trade secrets, confidential, and proprietary information; and Databricks' relations with 11:59 prospective and existing clients.

7. **William McKinney, Databricks Account Executive**

   Mr. McKinney has knowledge and information related to the allegations set forth in the Amended Complaint involving him and Databricks, including but not limited to: Mr. Sheridan's employment with 11:59 and Infinitive; Databricks' involvement in the misappropriation of 11:59's trade secrets, confidential, and proprietary information; Databricks' retention, use and/or benefit from 11:59's trade secrets, confidential, and proprietary information; and Databricks' relations with 11:59 prospective and existing clients.

8. **Tim Collinson, 11:59 Chief Technology Officer**

   Mr. Collinson has knowledge and information related to the allegations set forth in the Amended Complaint, including but not limited to: 11:59's consulting services, vendor and partner relationships, pipeline, Sheridan's 11:59 job responsibilities and performance, Sheridan's interference with 11:59's current and prospective client relationships, and Sheridan's disparagement of 11:59.

9. **Kenneth Geh, 11:59 Manager, Data Analytics**

   Mr. Geh has knowledge and information related to the allegations set forth in the Amended Complaint, including but not limited to: 11:59's consulting services, vendor and partner relationships, pipeline, and his creation of proprietary coding and demos for 11:59 current and potential clients.

10. **11:59's existing and prospective clients**

    While 11:59's existing and prospective clients may have knowledge related to certain allegations set forth in the Amended Complaint, it is anticipated that the parties have substantially similar or greater knowledge of the same subject matter. Thus, in order to avoid further interference with 11:59's client relationships, Plaintiff requests that Defendants seek discovery first from the parties. If third party subpoenas to any 11:59 existing or prospective client on the Restricted Client List are contemplated, the parties must confer with Plaintiff regarding the same before service as stated in the parties' proposed joint Discovery Plan.

11. All other individuals identified in: (a) Defendants' Initial Disclosures; (b) documents to be produced by the parties; and (c) interrogatory answers and other discovery to be produced by the parties.

Plaintiff reserves the right to supplement this list as discovery progresses. By identifying the above-named individuals, Plaintiff does not intend to waive any rights under R.P.C. 1.13(a).

B. **Relevant Documents & Tangible Things**

The following is a list of documents, electronically stored ("ESI"), and other tangible things in Plaintiff's possession, custody, or control, described by category and location, that Plaintiff may use to support its claims and/or defenses.

1. Documents and/or other tangible things relating to Mr. Sheridan's employment at 11:59;

2. Documents and/or other tangible things relating to Mr. Sheridan's personnel records, agreements, and job performance with 11:59;

3. Documents and/or other tangible things relating to Mr. Sheridan's resignation from 11:59;

4. Documents and/or other tangible things relating to Mr. Sheridan's compensation during his employment with 11:59;

5. Documents and/or other tangible things relating to Infinitive and Databricks' misconduct as alleged in the Amended Complaint;

6. Documents and/or other tangible things relating to 11:59's investigation into Mr. Sheridan, Databricks and Infinitive's misconduct;

7. Documents and/or other tangible things relating to 11:59's applicable employment policies and practices; and

8. Documents and/or other tangible things relating to 11:59's efforts to mitigate its losses.

By identifying the above categories of documents, Plaintiff does not admit or concede that they are admissible and expressly reserves the right to object to the admission into evidence of any of these documents. Pursuant to Fed. R. Civ. P. 26(b)(2)(B), and subject to additional

considerations under the Fed. R. Civ. P. 26(b)(2)(C), any search for ESI will be limited to what is proportional to the needs of the case. Plaintiff will not search ESI sources with potentially discoverable information that it cannot locate, retrieve, review, and provide discovery of without undue burden or cost. Plaintiff reserves the right to supplement and amend this list as discovery in this case proceeds.

C. **Information Related to Calculation of Damages**

This disclosure is preliminary and has been made at an early stage in this case. At this time, the full extent of Plaintiff's damages is difficult to calculate. To the extent that Plaintiff's damages can be determined, the precise calculation of such damages is yet to be determined and will likely rely on expert testimony, which will be timely disclosed pursuant to the Federal Rules of Civil Procedure and any scheduling order entered by the Court.

Plaintiff intends to seek all statutory and common law damages available under the causes of action asserted. Such damages include, but may not be limited to treble damages sustained by Plaintiff, including lost profits and attorneys' fees and costs, in connection with Defendants' violation of VA Code Ann § 18.2-500; compensatory damages, including lost profits, and punitive damages in connection with Defendants' tortious interference with Plaintiff's contractual relations and business expectancies; treble damages, attorneys' fees and costs in connection with Infinitive and Databricks' aiding and abetting Defendant Sheridan's breach of his fiduciary duty to Plaintiff; actual loss caused by the misappropriation, unjust enrichment, exemplary damages in an amount up to two (2) times the amount of the damages awarded, forensic fees/costs, and exemplary damages and attorneys' fees for Infinitive's violation of the Defend Trade Secrets Act; and actual loss caused by the misappropriation, unjust enrichment, punitive damages up to two (2) times the amount of the damages awarded, or $350,000, whichever is less, attorneys' fees and costs, forensic fees/costs for Defendants'

5

violation of the Virginia Uniform Trade Secrets Act.  In further response, Plaintiff is entitled to the following categories of damages: (1) lost profits; (2) investment into the pipeline of business with which Defendants interfered; (3) attorneys' fees and costs, including consultation with economic damages expert; (4) fees related to the forensic examination of relevant devices and information.

At this early stage and without the benefit of anticipated analysis from an economic expert, Plaintiff currently estimates its total damages to range from $18.3 million to $37.1 million.  This rough estimate is based on information known to date, which total is comprised of the following approximate amounts (subject to revision based upon the anticipated analysis to be provided by Plaintiff's economic expert, which will be disclosed pursuant to applicable court rules and any applicable court order):

- Lost profits in the amount of $16.3 to $35.1 million (before tripling as provided under applicable remedies) relating to Projects A, B, C, K, L, N, T, and Companies F and O as well as the remaining projects in 11:59's $7 million initial stage Databricks pipeline;
- Investment into its business pipeline in the amount of $1.5 million;
- Forensic analysis fees in the amount of $65,537; and
- Attorneys' fees and costs, including consultation with economic damages expert, of $443,683.

Plaintiff is also entitled to additional categories of damages that cannot be quantified at this stage in the litigation, which include without limitation: injuries to Plaintiff's reputation, trade, business or profession, punitive damages which may be awarded by a jury, unjust enrichment, reasonable royalties for unauthorized use or disclosure of 11:59's trade secrets and all other equitable remedies.

To the extent Plaintiff's economic expert relies on documents to arrive at the conclusions in its economic damages report, such documents will be timely produced.

Plaintiff reserves the right to supplement this response.

**D.   Insurance**

As it pertains to the Counterclaims filed by Infinitive on May 23, 2025, Plaintiff is ascertaining whether any insurance coverage is available that may satisfy all or part of a possible judgment and will update its disclosures to reflect same.

**E.   Expert Testimony**

Plaintiff has not yet determined whether it will obtain expert testimony in connection with this action. If Plaintiff does retain expert witness(es) for trial, Plaintiff will make the required disclosures in accordance with Fed. R. Civ. P. 26(a)(2) and any applicable court orders.

**POTTER & MURDOCK**
*Attorneys for Plaintiff M Corp dba 11:59*

By: _/s/ John M. Murdock_
    John M. Murdock, Esq.
    Brian S. Szmak, Esq.
    252 N. Washington Street
    Falls Church, VA  22046
    jmurdock@pottermurdock.com
    bszmak@pottermurdock.com
    Telephone: (703) 992-6950

**NUKK-FREEMAN & CERRA, P.C.**
*Attorneys for Plaintiff M Corp dba 11:59*

By: _____
    Kegan S. Andeskie, Esq.
    Stacy Landau, Esq.
    26 Main Street, Suite 202
    Chatham, NJ, 07928
    kandeskie@nfclegal.com
    slandau@nfclegal.com
    Tel.: (973) 665-9100
    Fax: (973) 665-9101

Dated: May 29, 2025

## **CERTIFICATION OF SERVICE**

I hereby certify that on the 29th day of May, 2025 I caused Plaintiff's M Corp dba 11:59's Rule 26 Initial Disclosures to be served upon Defendants by electronic mail as follows:

Micah E. Ticatch, Esq.
John W.H. Harding, Esq.
ISLER DARE, P.C.
1945 Old Gallows Road. Suite 650
Vienna, Virginia 22182
mticatch@islerdare.com
jharding@islerdare.com
*Attorneys for Defendant Infinitive, Inc.*

John M. Remy, Esq.
Eric P. Burns, Esq.
Alyssa B. Testo, Esq.
JACKSON LEWIS, P.C.
10701 Parkridge Blvd., Suite 300
Reston, VA  20191
John.Remy@jacksonlewis.com
Eric.Burns@jacksonlewis.com
Alyssa.Testo@jacksonlewis.com
*Attorneys for Defendant Joseph Bradley Sheridan*

Daniel McCoy, Esq.
FENWICK & WEST LLP
801 California Street
Mountain View, CA  94041
dmccoy@fenwick.com
*Attorneys for Defendant Databricks Inc.*

Reanne Swafford-Harris, Esq.
FENWICK & WEST LLP
730 Arizona Avenue, 1st Floor
Santa Monica, CA  90401
rswaffordharris@fenwick.com
*Attorneys for Defendant Databricks Inc.*

Robert R. Vieth, Esq.
HIRSCHLER FLEISCHER, PC
1676 International Dr., Suite 1350
Tysons Corner, Virginia 22102
rvieth@hirschlerlaw.com
*Attorneys for Defendant Databricks Inc.*

Dated:  May 29, 2025

*Brenda Widman*
Brenda Widman, Paralegal

8