**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| **M CORP DBA 11:59,** | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| v. | )      **Case No. 1:24-cv-1823** |
| | ) |
| **INFINITIVE, INC.,** *et al.* | ) |
| | ) |
| *Defendants.* | ) |
| | ) |

### DEFENDANT INFINITIVE, INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION TO COMPEL COMPLETE INTERROGATORY RESPONSES

Plaintiff 11:59 M Corp dba 11:59 ("11:59") has failed to fully respond to the interrogatories propounded by Defendant Infinitive, Inc. ("Infinitive"). For the reasons explained below, Plaintiff should be compelled to provide full and complete responses.

### BACKGROUND

1.     On May 1, 2025, Infinitive served 11:59 with First Set of Interrogatories. (Exhibit 1.)

2.     On May 16, 2025, 11:59 served its Objections to the Interrogatories. On May 22, 2025, Counsel for the parties met and conferred on those Objections.

3.     On June 2, 2025, 11:59 served its Objections and Responses to the Interrogatories (Exhibit 2.)

4.     On June 3, 2025, Counsel for Infinitive sent Counsel for 11:59 a deficiency letter addressing issues with its interrogatory responses. (Exhibit 3.)

5.      On June 6, 2025, Counsel for the parties met and conferred again to discuss these issues.  11:59 did not agree to supplement any of its responses during that meeting, and has not supplemented its responses since that meeting concluded.

## ARGUMENT

### A.    11:59 Inappropriately Objected to Each Contention Interrogatory.

In Interrogatory Nos. 2-6, Infinitive propounded to 11:59 contention interrogatories.  Such interrogatories are specifically permitted by the Rules.  *See* FRCP 33(a)(2) ("An interrogatory is not objectionable merely because it asks for an opinion <u>or contention</u> that relates to fact or the application of law to fact…") (emphasis added).  Despite this clear rule permitting them, 11:59 repeatedly asserted the following objection (or one substantially similar) to each contention interrogatory:

> Plaintiff further objects on the grounds that this is a contention interrogatory, which is improper as it requires that Plaintiff provide the equivalent of a narrative account of its case, as well as a legal conclusion. <u>See, e.g.</u>, <u>Rainey for Estate of Rainey v. Anderson</u>, No. 2:17cv444, 2018 WL 3636596, at *2 (E.D. Va. Apr. 11, 2018).

(*E.g.,* Exhibit 2, No. 3.)  It remains unclear how 11:59 could read *Rainey* for the proposition that contention interrogatories are categorically improper.  That case does not state as much — nor could it— in light of Rule 33's clear statement that contention interrogatories are a proper area of inquiry.  *See also*, *Rsrv. at Winchester I, LLC v. R 150 SPE, LLC*, 2022 WL 4594026, at *8 (W.D. Va. 2022) ("Examples of proper contention interrogatories include asking a party to (1) state its contentions or clarify whether it is making a contention, (2) articulate the facts underlying a

contention, (3) assert a position or explain that position in relation to how the law applies to the facts, and (4) explain the legal or theoretical basis behind a contention.").[1]

Counsel discussed this issue in its initial meet-and-confer to the objections. 11:59 did not withdraw the objection in its substantive responses, and as best as can be discerned, continues to rely on it for its responses.  Because this objection is clearly improper, it should be stricken and full and complete responses to the contention interrogatories should be provided.

**B.    11:59 Has Not Responded to the Actual Question in Interrogatory No. 2.**

In Interrogatory No. 2, Infinitive sought, among other things, an identification of each trade secret 11:59 contends Infinitive misappropriated, the value of that trade secret, and the facts that support the contention that *Infinitive* misappropriated that trade secret.  (*See* Exhibit 1, No. 2.)  In response, 11:59 provided a two-page narrative that does not answer the question propounded. Nowhere in its response has 11:59 provided a specific identification of a single actual trade secret. Instead, 11:59 simply refers to a general allegation that are some trade secrets in the 1709 files that Mr. Sheridan put on his google drive.  But, Infinitive cannot prepare its trial defense to the claim that *it* misappropriated trade secrets without a specific identification of which documents actually hold the trade secrets that is the basis of the claim against the company.  11:59 should not be permitted to hide the ball on this basic and essential information.

**C.    11:59 Has Failed to Detail its Lost Revenue.**

In Interrogatory No. 8, Infinitive asked for a description of any loss of revenue that 11:59 experienced for which Infinitive is liable, including the identity of the customer, project, the

---

[1] Rule 33(a)(2) does provide the Court with discretion to delay response to contention interrogatories until after certain discovery is complete.  However, 11:59 does not appear to argue that the contention interrogatories are premature; nor would such an argument have much merit considering 11:59 has had in its possession the vast majority of the relevant evidence since at least October 2024.

estimated lost revenue, and facts that support these contentions.  (Exhibit 1, No. 8.)  11:59's response is simply a cut-and-paste of its deficient initial disclosure response.  (Exhibit 2, No. 8.) Frankly, the response borders on nonsensical when looking at the question asked.  First, there is not a single mention of any loss of revenue.  Instead 11:59 gives a cumulative amount of "lost profits," "investment," "forensic analysis fees" and "attorneys' fees."  None of that is responsive to the question actually propounded — to detail the revenue allegedly lost.  11:59 should be compelled to properly response to the interrogatory.

**D.    11:59 Has Failed to Provide Any Information Regarding its Claimed "Client List."**

As part of the stipulated preliminary injunction, 11:59 created a list of entities it claimed Mr. Sheridan provided substantive work for during his 11:59 employment.  That client list comprises the entities that Infinitive and Mr. Sheridan are enjoined from soliciting during the pendency of this matter.  Moreover, 11:59 apparently intends to seek a permanent *perpetual* injunction against Infinitive from soliciting any of these clients.  (*See* Exhibit 2, No. 7.)

There is a strong reason to believe the list of entities is not accurate— that 11:59 did not have relationships with many of these entities, and that Mr. Sheridan did not actually service many of the entities with whom 11:59 did have relationships.[2]  Obviously, Infinitive has the right in discovery to explore this crucial issue.  In Interrogatory No. 10, Infinitive sought basic information about each of the "clients" included on the list to understand if the list is accurate.  (Exhibit 1, No. 10.)  The information sought is simply: (i) point of contact; (ii) date the relationship was established; (iii) revenue 11:59 earned from the client before Mr. Sheridan's hire, during his

---

[2] Mr. Sheridan has provided sworn interrogatory responses indicating that he did not service the vast majority of entities on the list.

employment, and following his termination; and (iv) a detailed description of the services Mr. Sheridan provided to the client.

11:59 objected as follows:

> Plaintiff objects to the Interrogatory on the grounds that it is overbroad and unduly burdensome as it is not reasonably limited in time and scope. Plaintiff further objects on the grounds that the Interrogatory seeks information that is proprietary and highly confidential regarding Plaintiff's clients, accounting data, and services which is not relevant to the claims or defenses in this action.

(Exhibit 2, No. 10.)  The objections are improperly made without specificity.  Moreover, it is unclear how 11:59 could plausibly claim in good faith that the interrogatory is overbroad, unduly burdensome, or not limited in time and scope.   The interrogatory asks relatively limited information about only those "clients" that 11:59 has claimed Infinitive should never be allowed to solicit.  These objections are without merit.  Furthermore, the objection of confidential is not well founded given that the parties have agreed to a protective order with attorneys' eyes only protection.

Astoundingly, despite the obvious relevance and lack of meritorious objections, 11:59 has provided *no substantive information* in response to this Interrogatory.  (Exhibit 2, No. 10.)  Given the circumstances, that response is indefensible.  11:59 should be compelled to provide a complete response to Interrogatory No. 10.

Likewise in Interrogatory No. 1, Plaintiff was required, among other things, to provide contact information for every person with knowledge of the allegations in the pleadings. (Exhibit 1, No. 1.)  Plaintiff identified "11:59's existing and prospective clients" as parties with knowledge but failed to provide any further contact information.  (Exhibit 2, No. 1, ¶ 10.) Without this information, Infinitive cannot engage in formal or informal discovery with regard to any of

these entities.  There is no basis for 11:59's refusal to provide this information, and it should be compelled to remedy this deficiency.[3]

**E.    11:59 Has Not Provided Information Regarding its "Pipeline".**

One of 11:59's main assertions in this case is that Mr. Sheridan was responsible for a $7 million "pipeline" of Databricks work during his employment with 11:59, and that the pipeline was substantially damaged by Defendants' conduct.  (*See* Am. Compl. ¶ 41; Exhibit 2, No. 8.)  To understand the pipeline claim, Infinitive reasonably asked for a description of the "pipeline" of Databricks work as of three dates: (i) Mr. Sheridan's date of hire with 11:59; (ii) Mr. Sheridan's last day of work for 11:59; and (iii) present.

11:59 provided a response marked "confidential" under the governing protective order.[4] As best as can be discerned, that response provides only some information on some of the projects in the pipeline.  But 11:59 provides no dating information at all, let alone provide what was requested— the pipeline as it existed on each of the three dates outlined.  It remains unclear why 11:59 has not provided that information.  11:59 should be compelled to fully respond to Interrogatory No. 11.

**F.    11:59 Has Refused to Provide Communications With the Former Infinitive Employees.**

In its Counterclaim, Infinitive alleges that certain 11:59's employees, who had contractual obligations not to solicit Infinitive employees, did in fact solicit directly and indirectly Infinitive's employees.  (*See* Counterclaim ¶¶ 42-57.)  In light of this claim, in Interrogatory No. 13, Infinitive

---

[3] In fact, 11:59 was already required to provide this information under FRCP 26(a)(1)(A)(i) as of May 14, 2025.

[4] Infinitive has not included a copy of this response with its initial filing while it determines whether 11:59 will withdraw its designation.  To the extent 11:59 does not so agree, Infinitive will file the response to Interrogatory No. 11 under seal.

reasonably sought the communications between 11:59 and the Former Infinitive employees which 11:59 hired away from Infinitive. (Exhibit 1, No. 13.) The request was limited to those communications which occurred *before* the employees began working for 11:59, resulting in a relatively narrow time and scope for each such individual.

11:59 objected as follows:

> Plaintiff objects to the Interrogatory on the grounds that it is overbroad, unduly burdensome as it is not reasonably limited in time and scope.

> Plaintiff further objects on the grounds that the request is not relevant to any party's claim or defense and it is not proportional to the needs of the case. See Fed. R. Civ. P. 26(b)(1).

(Exhibit 2, No. 13 (spacing added).) The first sentence contains inappropriate, nonspecific objections that do not seem to be applicable. As noted, the request is relatively limited in time and scope for each individual. Nor is it clear why 11:59 believes it is unduly burdensome or overbroad.

The second sentence in the objections is completely meritless. The Counterclaims assert improper solicitation. The Interrogatory seeks communications made to those individuals believed to have been wrongly solicited. This is clearly relevant.

Despite the groundlessness of the objections, 11:59 stood on them and did not provide any substantive response. (*See id*.) 11:59 has further indicated that they are not willing to provide responsive information until "after an Answer to Infinitive's Counterclaims is filed." (*See id.*) There is no basis in the Rules for refusing to provide discovery until an Answer is filed. 11:59 should be compelled to provide a complete response to this Interrogatory as well.

## G.    Infinitive is Entitled to its Fees.

Pursuant to Rule 37(a)(5)(A), Infinitive "must" be awarded its fees unless 11:59 can demonstrate substantial justification for its failure to disclose. For the reasons stated above, the

deficiencies are not substantially justified. Consequently, the Court should award Infinitive its fees in bringing this Motion.

Dated: June 12, 2025

Respectfully submitted,

_____/s/ Micah E. Ticatch_____
Micah E. Ticatch, Va. Bar No. 83351
John W. H. Harding, Va. Bar No. 87602
ISLER DARE, P.C.
1945 Old Gallows Road. Suite 650
Vienna, Virginia 22182
Phone: (703) 748-2690
Facsimile: (703) 748-2695
mticatch@islerdare.com
jharding@islerdare.com
*Counsel for Infinitive, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 12th  day of June 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

_/s/ Micah E. Ticatch_

Micah E. Ticatch, Va. Bar No. 83351
ISLER DARE, P.C.
1945 Old Gallows Road. Suite 650
Vienna, Virginia 22182
Phone: (703) 748-2690
Facsimile: (703) 748-2695
mticatch@islerdare.com

_Counsel for Infinitive, Inc._
