# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| **M CORP DBA 11:59,** )<br>)<br>*Plaintiff,* )<br>)<br>v. )<br>)<br>**INFINITIVE, INC.,** *et al.* )<br>)<br>*Defendants.* )<br>_____) | Case No. 1:24-cv-1823 |

**DEFENDANT INFINITIVE INC.'S
FIRST SET OF INTERROGATORIES TO PLAINTIFF**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant Infinitive Inc., by and through undersigned counsel, hereby requests that Plaintiff 11:59 answer the following interrogatories in writing and under oath and serve such answers upon counsel for Infinitive within the time period required for such responses in the Federal Rules of Civil Procedure and the Local Rules of this Court.

**INSTRUCTIONS**

A. These interrogatories are deemed to be continuing and require the filing of supplemental answers promptly in the event that Plaintiff learns of additional facts not set forth in her answers or discovers that the information given in the answers is erroneous.

B. Each interrogatory is to be answered separately and as completely as possible. The fact that an investigation is continuing or that discovery is not complete shall not be used as an excuse for a failure to answer each interrogatory as fully as possible. The omission of any name, fact, or other item of information from the answers shall be deemed a representation that such name, fact, or item is not known to Plaintiff or her counsel, or other representative(s) or agent(s) at the time of the service of the answers.

C. In answering the interrogatories that follow, furnish all information in the possession of Plaintiff and Plaintiff's agents, representatives, investigators, attorneys or anyone acting in Plaintiff's behalf and not merely such information within Plaintiff's personal knowledge. If Plaintiff cannot answer the following interrogatories in full, after exercising due diligence to secure the information to do so, so state, answer to the fullest extent possible, state the reason for

Plaintiff's inability to answer the remainder and state whatever information or knowledge the Plaintiff has concerning the unanswered portions.

   D. With respect to each interrogatory to which a claim of privilege is asserted, separately state the following so that the claim of privilege can be evaluated: (a) the type of communication, information or document to which a claim of privilege is being asserted; (b) the basis of any claim of privilege; (c) if work-product immunity is being asserted, identify the proceeding for which the document was prepared; (d) with respect to each document or communication to which a claim of privilege is being asserted, state: (i) its date; (ii) the name, business address and present position of its originator(s) or author(s); (iii) the position of its originator(s) or author(s) at the time the communication was made or the document was prepared; (iv) the name, business address and present position of each recipient of the communication or document; (v) the position of each recipient at the time the communication or document was prepared, and the time it was received; and (vi) a general description of the subject of the communication or document.

   E. If any response is given that states an objection to the interrogatories on any ground, state the grounds completely. If the interrogatory is only partly objectionable, respond to the remainder of the interrogatory as set forth above.

## **DEFINITIONS**

Notwithstanding any definition set forth below, each word, term, or phrase used in these interrogatories are intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure. As used in these interrogatories, the following terms are to be interpreted in accordance with these definitions:

   A. "Communication" or "communicate" shall mean: any oral or written statement, or any action or gesture transmitting information, beliefs, thoughts, or attitudes, made by one person to, or in the presence of, one or more persons, or any documents delivered by one person to one or more persons, specifically including, but not limited to, emails, texts, and all other electronically stored information. Identify the person making the statement, actions or gestures or delivering a document, the person or persons to whom it was made or delivered and all persons in whose presence it was made or delivered.

   B. "Identify" or "identity" shall mean: (a) when used with respect to an individual: state the full name of said person; the postal address, phone number and email address of said person; the name and address of his or her present employer; and his or her job title; (b) when used with respect to any entity other than an individual: state its full name, the present address and telephone number of the principal place of business of such entity, as well as the identity of each person who acted on its behalf with respect to the subject matter of the interrogatory; (c) when used with respect to a document: state at least the following information with respect to each document: (i) the title, heading or caption of such document, if any; (ii) the identifying number(s), letter(s), or combination(s) thereof, if any, contained on such document and the significance and meaning of such number(s), letter(s), or combination(s) thereof; (iii) the date appearing on such document, or if no date appears thereon or if the date the document was prepared is different from the date appearing thereon, the answer shall so state and give the date, or approximate date on

2

which the document was prepared; (iv) the general nature or description of such document (*e.g.*, whether it is a letter, memorandum, etc.) and the number of pages of which it consists; (v) the identity of the person who signed such document or, if it was not signed, the answer shall so state; (vi) the identity of the person or persons who prepared the document if different from the person or persons who signed it; (vii) the identity of each person to whom such document was addressed and the identity of each person, other than such addressee, to whom such document, or a copy thereof, was sent or given or who received it, or a copy thereof; and (viii) the identity of the person who has custody of such document.

The foregoing information shall be given in sufficient detail to enable a party or person to whom a subpoena is directed to identify fully the document to be produced, and to permit a determination to be made when such document is produced that it is in fact the document so described.

In lieu of such description, you may produce copies of such documents; however, if you produce copies, you shall state in reference to each such document: (i) the date such document was prepared and the identity of the person(s) who prepared it; (ii) the identity of each person(s) to whom such document was sent or given and by whom it was received; (iii) the identity of the person(s) who now has custody of each document; and (iv) the interrogatory or interrogatories to which the document is responsive.

C. The words "describe" or "state," or the phrases "describe in detail" or "state in detail" shall mean, in the case of an act, transaction, thing or occurrence: (a) state fully such act, transaction, relationship, thing, or occurrence by a reference to underlying facts rather than to ultimate facts or conclusions of law, including complete references to: (i) dates; (ii) places; (iii) person involved; (iv) matter or means employed; (b) identify your source(s) of information concerning such act, transaction, relationship, thing or occurrence including the date on which you received such information; (c) identify and describe each document relating to, referring to, or evidencing such act, transaction, relationship, thing or occurrence; (d) specify each document so identified which you intend to offer into evidence, specifying the particular acts, transactions, relationships, thing or occurrences in connection with which the offer is to be made; (e) identify each person having knowledge of such act, transaction, relationship, thing or occurrence; (f) specify each person so identified whom you intend to call as a witness, indicating the particular acts, transactions, relationships, things or occurrences in connection with which each person is expected to testify.

D. "Document(s)" shall mean: any kind of written, typewritten, printed or recorded material whatsoever, including, but without limitation: recordings; papers; correspondence; written communications (including internal and external communications); reports; directives; computer print-outs or tapes; summaries, recordings, notes or memoranda of telephone conversations; summaries, recordings, notes, or memoranda of personal conversations, interviews, conferences or meetings; executed agreements and all other forms of understanding; memoranda; instructions; projections; tabulations; notes; notebooks; diaries; telephone logs; calendars; travel and expense records (including ledgers, sub-ledgers, journals, sub-journals, vouchers, receipts, invoices and billings and all other financial records); bank records and statements; canceled checks and all vouchers or retained copies; debit memos or other banking devises or similar written communication; all financial notes, mortgages and security instruments; manuals; books;

3

pamphlets; brochures; circulars; telegrams; cablegrams; transcripts; newspaper or magazine clippings; letters; reports; telegrams; publications; contracts; recordings or transcriptions of recordings; graphic representations of information including photographs, x-rays, and diagrams; and business records. As used herein, the term "document" shall also include, without limitation, electronically stored information, originals, duplicates, all copies, all other non-identical copies (with or without notes or changes thereon) no matter how prepared, drafts, working papers, routing slips and similar materials.

E. "Relate" or "relating to" means constituting, pertaining to, with respect to, recording, evidencing, setting forth, reflecting, showing, disclosing, describing, explaining, summarizing, concerning, or referring to.

F. The term "person" as used herein means and includes any natural person, firm, association, corporation, partnership, or other legal entity or organization separately identifiable.

G. The term "including" means including but not limited to.

H. Whenever used herein, the singular shall include the plural and vice versa.

I. Whenever used herein, "and" may be understood to mean "or" and vice versa whenever such construction results in a broader request for information.

J. "Operative Pleadings" refers to your operative complaint, all Defendants' operative answers, and any pleadings asserting any counter or cross-claims, in the above captioned action.

K. "11:59 Client List" shall refer to the list provided to Defendants' Counsel on November 8, 2024, which purported to be the list of "11:59 client[s] services within the last two (2) calendar years by Sheridan during his employment with 11:59."

L. "Former Infinitive Employees" refers to: Paige Hipes, Kenneth Geh, Mr. Sheridan, Alison Moye, Connor Mackert, Laura Moye, Noah Lacy, Peyton Starr, Liz Hardin, Derek Kennedy, Ryder Miconi, Aiden Sullivan, Valeria Barreto, and Sarah Wisniewski.

## INTERROGATORIES

## INTERROGATORY NO. 1

Identify every person who has knowledge concerning the allegations contained in the Operative Pleadings and, for each person so identified, set forth their full name, address, job title, employer or affiliated entity, and a detailed summary of the relevant facts that you believe are known to that person.

**INTERROGATORY NO. 2**

Describe in detail each of the trade secrets you claim were misappropriated by Infinitive in Counts II, III, and IV against Infinitive, including: the identification of the trade secret, an identification of any document containing the trade secret, all efforts undertaken by 11:59 to prevent disclosure of the trade secret, the value of the trade secret, and all facts that support your contention that the trade secret was misappropriated by Infinitive.

**INTERROGATORY NO. 3**

Describe in detail all facts that support your contention that Infinitive acted with willful and/or malicious intent.

**INTERROGATORY NO. 4**

Describe in detail all facts to support the contention that Infinitive conspired with the other Defendants.

**INTERROGATORY NO. 5**

Describe in detail all facts that support your contention that Infinitive "intentionally sought to destroy 11:59's relationships with its customers without any legitimate purpose for doing so."

**INTERROGATORY NO. 6**

Describe in detail all facts to support the contention that Infinitive "requested, directed, incited, encouraged, compelled, and otherwise solicited Sheridan to breach his fiduciary duty to 11:59."

**INTERROGATORY NO. 7**

To the extent you are seeking a permanent injunction against Infinitive, state specifically and precisely what conduct you contend Infinitive should be enjoined from performing and the duration you contend the injunction should last.

**INTERROGATORY NO. 8**

Describe in detail any loss of revenue for which you contend Infinitive is liable, including but not limited to the identity of the customer; the identify of the project; the estimated loss of revenue; the facts that support the calculation of the estimated loss of revenue; and the facts that support your contention that Infinitive's conduct caused the loss.

**INTERROGATORY NO. 9**

Describe in detail your claim for attorneys' fees against Infinitive, including, but not limited to, the number of hours billed to the claims asserted against Infinitive for each attorney, paralegal, law clerk or other timekeeper; the number of additional hours you anticipate each timekeeper billing to those claims prior to final judgment; the rate or rates charged for each time keeper in connection with the claim; and all facts that support your contention that the rates or time spent are reasonable.

**INTERROGATORY NO. 10**

Describe in detail your relationship with each of the clients on the 11:59 Client List, including: the point of contact for the client, the date you first established a relationship with the client, the amount of revenue you earned from the client prior to Mr. Sheridan's hire at 11:59, the amount of revenue you earned during Mr. Sheridan's employment, the amount of revenue you have earned since his resignation, and a detailed description of the services Mr. Sheridan performed for the client on behalf of 11:59.

**INTERROGATORY NO. 11**

Describe in detail your "pipeline" with regard to Databricks work as of (i) March 27, 2023; .(ii) September 6, 2024; and (iii) today, including a description of every project in the pipeline, identification of the client, the amount of projected revenue associated with that project, and the basis for that projection.

**INTERROGATORY NO. 12**

Describe in detail every project you have completed or proposed for .(i) Common App; (ii) National Student Clearinghouse; and (iii) Navy Mutual Aid Association, including the identification of the project, the dates the project was proposed, the dates the project was completed, the revenue earned, the identification of the 11:59 employees who worked on the project and a description of their respective roles on the project.

**INTERROGATORY NO. 13**

Describe all communications between you and any Former Infinitive Employees, which occurred before that Former Infinitive Employee began working for 11:59.

Dated: May 1, 2025                                     Respectfully submitted,

                                                                             /s/ Micah E. Ticatch
Micah E. Ticatch, Va. Bar No. 83351
John W. H. Harding, Va. Bar No. 87602
ISLERDARE, P.C.
1945 Old Gallows Road. Suite 650
Vienna, Virginia 22182
Phone: (703) 748-2690
Facsimile: (703) 748-2695
mticatch@islerdare.com
jharding@islerdare.com

*Counsel for Infinitive, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 1st day of May 2025, I served the foregoing upon all counsel of record by electronic mail:

      /s/ Micah E. Ticatch
Micah E. Ticatch, Va. Bar No. 83351
ISLER DARE, P.C.
1945 Old Gallows Road. Suite 650
Vienna, Virginia 22182
Phone: (703) 748-2690
Facsimile: (703) 748-2695
mticatch@islerdare.com

*Counsel for Defendant Infinitive, Inc.*