UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| M CORP DBA 11:59, | Civil Action: 1:24-cv-1823 |
| Plaintiff, | |
| v. | |
| INFINITIVE, INC., JOSEPH BRADLEY SHERIDAN, DATABRICKS INC., WILLIAM McKINNEY, CHERYL MILES, AND DOES 1-25, INCLUSIVE. | |
| Defendants. | |
| INFINITIVE, INC., | |
| Counterclaim Plaintiff, | |
| v. | |
| M CORP DBA 11:59 AND ALISON MOYE. | |
| Counterclaim Defendants. | |

**CERTIFICATION OF STACY LANDAU, ESQ. IN SUPPORT OF PLAINTIFF-COUNTER DEFENDANT, M CORP DBA 11:59'S OPPOSITION TO DEFENDANT- COUNTER PLAINTIFF, INFINITIVE, INC.'S MOTION TO COMPEL COMPLETE INTERROGATORY RESPONSES**

I, STACY LANDAU, ESQ., hereby certify as follows:

1. I am attorney at law of the State of New Jersey and admitted *pro hac vice* and Counsel with the law firm of Nukk-Freeman & Cerra, P.C., counsel for Plaintiff M Corp dba 11:59 ("Plaintiff" and/or "11:59") and Counterclaim Defendants M Corp dba 11:59 and Alison Moye ("Counterclaim Defendants").

2. I submit this certification in further support of Plaintiff's Opposition to Defendant Infinitive, Inc.'s ("Defendant" or "Infinitive") Motion to Compel Complete Interrogatory Responses.

3. 11:59 served its Objections and Responses to Defendant Infinitive's First Set of Interrogatories on or about June 2, 2025. A true and accurate copy of 11:59's Objections and Responses are attached hereto as **Exhibit A**.

4. Infinitive served its Objections and Responses to Plaintiff's First Set of Interrogatories on May 22, 2025. A true and accurate copy of Infinitive's Objections and Responses are attached hereto as **Exhibit B**.

5. On May 22, 2025, at the request of Infinitive's counsel, we scheduled and held a meet and confer via Microsoft Teams to discuss Infinitive's issues with 11:59's objections to Infinitive's discovery requests. Among the issues discussed was the contention interrogatory objection. We explained that we did not intend to withhold responsive information on that basis, rather made the objection to the extent that contention interrogatories are typically able to be fully responded to later in a case, after discovery is exchanged. Thus, our responses would be subject to further update following the exchange of discovery. Given our representation that information in 11:59's knowledge would not be withheld, it was not necessary for 11:59 to withdraw its objection.

6. On or about June 3, 2025, Infinitive sent 11:59 correspondence identifying various alleged deficiencies in the responses to Infinitive's discovery requests. A true and accurate copy of Infinitive's deficiency letter is attached hereto as **Exhibit C**.

7. The parties scheduled and held an extensive hour-long meet and confer conversation on or about June 6, 2025.

8. During the meet and confer conversation, 11:59 agreed to provide a revised "Restricted Client List," produce Salesforce data relevant to certain projects contained in the Databricks pipeline, and supplement various responses, including:

   a. **Interrogatory No. 1** – 11:59 agreed to produce Salesforce records detailing clients that may have knowledge of the relevant facts in this case, which it produced on or about June 6, 2025.

   b. **Interrogatory No. 2** – While maintaining that it was impracticable to list every trade secret contained in the folders of information and more than 1,700 documents misappropriated by Defendant Sheridan, 11:59 agreed that it could supplement its responses to elaborate on the categories of trade secret documents already identified to include examples of documents contained therein that it maintains constitute trade secrets.

   c. **Interrogatory Nos. 3-6** – While objecting that these contention interrogatories were premature and maintaining that 11:59's response referring to its two page long response to Interrogatory No. 2 contained responsive information to these interrogatories, 11:59 agreed that it could attempt to offer additional information, rather than referring back to Interrogatory No. 2.

   d. **Interrogatory No. 8.** – This Interrogatory requests detailed information regarding Plaintiff's lost revenue as a result of Infinitive's conduct and facts supporting Infinitive caused the loss. While 11:59 maintained that it responded to the Interrogatory to the extent practicable based on currently available information that is not protected by work product privilege (including that which was prepared for the parties' settlement conference), 11:59 acknowledged that it was in the process of gathering Salesforce

records which would contain information responsive to this request. In addition, counsel discussed that 11:59 (and Infinitive) were both engaged in custodial searches for ESI which may be responsive, and that 11:59 would supplement with a further detailed analysis of its damages with its expert disclosures, which will include an analysis of 11:59's economic losses to date.

    e. **Interrogatory No. 10** – 11:59 agreed to review the "Restricted Client List" and provide a revised list in response to representations contained in Defendant Sheridan's discovery responses that he did not work with certain of those clients. Counsel discussed that given the Restricted List dictates the scope of much of the parties' discovery, if 11:59 was willing to voluntarily reduce its contents, that should happen first and any supplements to discovery second.

9.    At the conclusion of the call, 11:59 raised that it could supplement its written interrogatory responses by June 13, 2025, which was the same date Infinitive agreed to supplement its own interrogatory responses.

10.    On or about June 6, 2025, in further response to **Interrogatory No. 10** and other document requests, 11:59 supplemented its production to include an export from Salesforce containing a list of projects related to the broader list of clients on the Restricted List whom it had serviced and/or bid for projects between 2022 and 2025, including: (1) the name of the client or prospective client, (2) the value of the project, (2) the name of the opportunity, (3) whether it closed and when, and (4) in many cases, a primary contact name. 11:59 is further supplementing its discovery responses with printouts from Salesforce containing additional details for any projects it claims were lost as a result of Defendants' misconduct and agreed to a custodial search of emails relevant to the work it performed or sought to perform for these clients.

11. On June 13, 2025, at approximately 12:00 AM, Infinitive filed a Motion to Compel 11:59's Interrogatories. Dkt. 95

12. On June 13, 2025, 11:59 provided Amended Objections and Responses to Defendant Infinitive's First Set of Interrogatories, supplementing its responses consistent with the representations during the meet-and-confer. A true and accurate copy of 11:59's amended responses is attached hereto as **Exhibit D**.

13. Also on June 13, 2025, 11:59 provided a list reducing the number of clients on the Restricted List. A true and accurate copy of the email serving the Revised Restricted List is attached hereto as **Exhibit E**. Counsel discussed that given that the Restricted List dictates the scope of much of the parties' discovery, if 11:59 was willing to voluntarily reduce its contents, that should happen first and any supplements to discovery second.

14. On June 16, 2025, Infinitive sent correspondence to 11:59 alleging continued inadequacies contained within 11:59's Amended Objections and Responses to Defendant Infinitive's First Set of Interrogatories attached hereto as **Exhibit F**.

15. Notwithstanding that 11:59's responses (and its initial disclosures) contain detailed information regarding the expected revenue from the projects[1] and losses sustained from Infinitive's role in interfering with same (what is known to date), Infinitive nonetheless brings this frivolous motion.

16. 11:59 has repeatedly made clear that it will supplement its responses to the best of its ability and as appropriate.

17. 11:59 has not and is not withholding responsive information and will supplement its information appropriately and timely.

---

[1] See also response to Interrogatory No. 11.

18. Attached hereto as **Exhibit G** are true and correct copies of the unpublished cases cited in Plaintiff-Counter Defendant's Opposition to Defendant-Counter Plaintiff Infinitive, Inc.'s Motion to Compel Complete Interrogatory Responses.

19. As set forth above, 11:59 is further supplementing its discovery responses with printouts from Salesforce containing additional details for any projects it claims were lost as a result of Defendants' misconduct and agreed to a custodial search of emails relevant to the work it performed or sought to perform for these clients.

        NUKK-FREEMAN & CERRA, P.C.
*Attorneys for Plaintiff – Counter Defendant*
*M Corp dba 11:59*

By:_____
     STACY LANDAU, ESQ.
     (*Admitted Pro Hac Vice*)
     26 Main Street, Suite 202
     Chatham, New Jersey  07928
     Tel:  (973) 665-9100
     Fax: (973) 665-9101
     slandau@nfclegal.com

Dated:  June 18, 2024