# EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| **M CORP DBA 11:59,** | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| v. | ) |
| | ) |
| **INFINITIVE, INC.,** *et al.* | )   Case No. 1:24-cv-1823 |
| | ) |
| | ) |
| *Defendants.* | ) |
| | ) |

**DEFENDANT INFINITIVE, INC.'S OBJECTIONS AND RESPONSES**
**TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure and Local Civil Rule 26, Defendant Infinitive, Inc. ("Infinitive" or the "Company"), by and through undersigned counsel, hereby objects to Plaintiff's First Set of Interrogatories.

**INTERROGATORY NO. 1:**

Identify every person who has knowledge concerning the allegations contained in the First Amended Verified Complaint or the matters at issue in this lawsuit and, for each person so identified, set forth their full name, address, job title, employer or affiliated entity, and a detailed summary of the relevant facts that you believe are known to that person.

**OBJECTION:**

Infinitive objects to the Interrogatory as not proportional to the needs of the case to the extent it seeks information related to tangential allegations which are not central to the legal claims made against Infinitive. Infinitive further objects to the term "detailed summary" as vague and ambiguous.

**RESPONSE:**

1

Subject to and without waving the objections above, the individuals below have knowledge of the allegations contained in the First Verified Amended Complaint:

| **Name and Last Known Address** | **Subjects** |
|---|---|
| Brad Sheridan<br>c/o John Remy, Esq.<br>Jackson Lewis P.C. | All allegations in the Complaint. |
| Denis McFarlane* | Meeting with Mr. Sheridan on August 13, 2024; Infinitive hiring Mr. Sheridan; Discussions about Mr. Sheridan's potential clients; and any business (if any) resulting from Mr. Sheridan joining Infinitive |
| Jeff Theobald* | Discussions about Mr. Sheridan's potential clients; and any business (if any) resulting from Mr. Sheridan joining Infinitive. |
| Michelle Viar* | Infinitive's diligence regarding Mr. Sheridan's obligations to 11:59; Mr. Sheridan obtaining an Infinitive email address; onboarding Mr. Sheridan. |
| David Gonet* | Discussions about Mr. Sheridan's potential clients; Mr. Sheridan obtaining an Infinitive email address; onboarding Mr. Sheridan. |
| Phil Kyle* | Discussions about Mr. Sheridan's potential clients; and any business (if any) resulting from Mr. Sheridan joining Infinitive |
| Cheryl Miles<br>c/o Daniel J. McCoy, Esq.<br>Fenwick & West LLP | Discussions about Mr. Sheridan's potential clients |
| William McKinney<br>c/o Daniel J. McCoy, Esq.<br>Fenwick & West LLP | Discussions about Mr. Sheridan's potential clients |

* Individuals with an asterisk should be contacted through Defendant's counsel at IslerDare, PC.

**INTERROGATORY NO. 2:**

Identify all statements obtained by you, written or oral, referring or relating to any of the matters at issue in this lawsuit from any person, including the identity of the individual who made the statement, the date of the statement, and a description of the substance of the statement. If the statement is in writing, please attach a copy of each written statement to your responses to these Interrogatories.

**OBJECTION:**

Infinitive objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege and/or the attorney work-product doctrine.

**RESPONSE:**

Subject to and without waving the objections above, Infinitive has not actively "obtained" statements that are not protected by the attorney-client privilege. With regard to searching for and producing ESI information, Infinitive previously attempted to meet-and-confer with Plaintiff's Counsel regarding custodians and search terms, but Counsel was not prepared to negotiate terms.

**INTERROGATORY NO. 3:**

Describe in detail your corporate structure, the identity of all officers and directors, account executives, services offered, and geographical locations serviced.

**OBJECTION:**

Infinitive objects to this Interrogatory as vague as to the term "corporate structure" and compound.

**RESPONSE:**

Subject to and without waving the objections above, Infinitive has produced business records for which an answer to this Interrogatory may be determined. *See* INF 03164-166.

**INTERROGATORY NO. 4:**

Describe in detail your relationship with Defendant Sheridan, including without limitation, all titles and roles he has had with Infinitive since September 2024, the identity of all supervisors who have supervised him during his employment with Infinitive since September 2024, all compensation structures, ownership interest (if any), and detailed job duties for each role

3

Defendant Sheridan has held at Infinitive since September 2024.

**OBJECTION:**

Infinitive objects to the phrase "compensation structures" as vague.

**RESPONSE:**

Subject to and without waving the objections above, Infinitive has produced business records for which an answer to this Interrogatory may be determined. *See* INF 03117-119.

**INTERROGATORY NO. 5:**

Describe in detail your relationship with Databricks, including without limitation, the date when you first started working with Databricks, how you learned of Databricks, all Databricks employees with whom Infinitive has worked, the nature of any agreements that exist between Infinitive and Databricks, and the current status of each aspect of the relationship. Please produce any documents related to your response to this Interrogatory.

**OBJECTION:**

Infinitive objects to this request as not limited in time. Infinitive further objects to this Interrogatory as being overbroad and seeks information that is not relevant to the claims or proportional to the needs of the case. Infinitive further objects to propounding a document request inside an interrogatory, and further that said document request is vague and unclear as to what "related to your response" means.

**RESPONSE:**

Infinitive first heard of Databricks when Kevin Davis, an acquaintance of Mr. McFarlane, was appointed as Vice President, Public Sector for Databricks prior to 2020. Infinitive then dabbled with Databricks and Snowflake (a Databricks competitor) for the next several years. In August 2023, Infinitive decided to focus more completely on Databricks. Infinitive hired Jeff Theobald in early 2024 to further build out the Databricks Program. Mr. Theobald enrolled Infinitive in the DPP Program, which enabled Infinitive to subcontract with Databricks directly. Copies of the contracts between Infinitive and Databricks are attached. *See.* INF 03045-46, INF

4

03050-61, INF 03097-102. With regard to searching for and producing ESI information, Infinitive previously attempted to meet-and-confer with Plaintiff's Counsel regarding custodians and search terms, but Counsel was not prepared to negotiate terms.

**INTERROGATORY NO. 6:**

Describe all communications between any Infinitive representative or employee and Defendant Sheridan while Defendant Sheridan was still employed at 11:59 (March 2023 – September 6, 2024). For each, set forth the date, the identity of the parties involved, the location, method of communication (telephone, email, text message, in person), and describe the substance of the communication. Produce any and all documents relating or referring to said communications.

**OBJECTION:**

Infinitive objects to propounding a document request inside an interrogatory, and further that said document request is vague and unclear as to what "relating or referring to said communications" means. To the extent the Interrogatory seeks ESI, such a search should be limited to reasonable keywords and custodians.

**RESPONSE:**

Subject to and without waving the objections above, Infinitive previously performed a reasonable search and produced documents for which an answer to this Interrogatory may be determined. *See* INF 01001 – 1239. With regard to searching for and producing additional ESI information, Infinitive previously attempted to meet-and-confer with Plaintiff's Counsel regarding custodians and search terms, but Counsel was not prepared to negotiate terms.

**INTERROGATORY NO. 7:**

Describe in detail any instance in which Defendant Sheridan referenced any information or documents related to 11:59 in preparation for or during his employment with Infinitive. For each, please provide the date of the communication, the location, the parties involved, the method of the communication (telephone, email, text message, in person), and describe the substance of the communication. Produce any and all documents relating or referring to said communications.

**OBJECTION:**

5

Infinitive objects to the phrase "information or documents related to 11:59" as vague. Infinitive further objects that the Interrogatory is not limited in time. Infinitive further objects to this Interrogatory as being overbroad because it seeks any instance where Mr. Sheridan referenced any information or documents related to 11:59 in any way regardless of whether that information is confidential or not. To the extent the Interrogatory seeks ESI, such a search should be limited to reasonable keywords and custodians.

**RESPONSE:**

Subject to and without waving the objections above, for purposes of responding to this Interrogatory, Infinitive interprets "information or documents related to 11:59" to mean documents that meet the definition in Paragraph 1 of the NDA and that do not fall within the exceptions to the confidentiality obligations laid out in Paragraph 2 of the NDA.. With that understanding, Infinitive is unaware of an instance when Mr. Sheridan used 11:59 Confidential Information in preparation for or during his employment with Infinitive.

**INTERROGATORY NO. 8:**

Identify the reasons for your decision to re-hire Defendant Sheridan in September 2024. Please include in your response a description of any related internal communications, communications with Defendant Sheridan regarding his re-hiring, the identity of the parties involved, method of communication (telephone, email, text message, in person) and describe the substance of the communication. Produce any and all documents relating or referring to your response to this Interrogatory.

**OBJECTION:**

Infinitive objects to Interrogatory as compound, as it consists of two separate interrogatories, combined with a request for production of documents. Infinitive objects to propounding a document request inside an interrogatory, and further that said document request is vague and unclear as to what "relating or referring to your response" means. To the extent the Interrogatory seeks ESI, such a search should be limited to reasonable keywords and custodians.

**RESPONSE:**

Subject to and without waving the objections above, Infinitive previously performed a reasonable search and produced documents for which an answer to this Interrogatory may be determined. *See* INF 01001 – 1239.

In further response, as discussed above, in August 2023, Infinitive decided to focus more completely on Databricks. Infinitive hired Jeff Theobald in early 2024 to further build out the Databricks Program. Mr. Theobald was responsible for Infinitive's Databricks relationship and pipeline, which was expanding. However, Mr. Theobald had previously worked at Capital One and was limited as to the Databricks work he could perform for that company. There was a need for Mr. Sheridan's technical expertise to perform work for Capital One as well as other clients in the pipeline.

**INTERROGATORY NO. 9:**

Identify and describe all communications between Infinitive and any Client on the Restricted Client List from March 1, 2023 to present. For each, set forth the date, the identity of the parties involved, method of communication (telephone, email, text message, in person), and describe the substance of the communication. Produce any and all documents relating or referring to said communications.

**OBJECTION:**

Infinitive objects to this Interrogatory as overbroad and not proportional to the needs of the case, as it seeks a description of every communication Infinitive had with any of Plaintiff's claimed "Clients," including time periods that are well outside the relevant period of Plaintiff's claims, and with entities that Plaintiff is aware are long-time clients of Infinitive. Infinitive further objects to propounding a document request inside an interrogatory, and further that said document request is vague and unclear as to what "relating or referring to said communications" means. To the extent the Interrogatory seeks ESI, such a search should be limited to reasonable keywords and custodians.

**RESPONSE:**

Infinitive stands on its objections for Interrogatory 9, but responds to Interrogatory 10.

**INTERROGATORY NO. 10:**

Identify all Clients on the Restricted Client List with whom you have communicated in any capacity or have done any business with since June 1, 2024 to present. For each Client, set forth, (a) the date of the initial communication; (b) method of communication (telephone, email, text message, in person); (c) the parties present; (d) a detailed description of the substance of the communication including but not limited to the scope of the work; and (e) the current status of the work (i.e., whether a contract has been executed). Please provide any documents referring or relating to your response to this Interrogatory.

**OBJECTION:**

Infinitive objects to propounding a document request inside an interrogatory, and further that said document request is vague and unclear as to what "relating or referring to your response" means.

**RESPONSE:**

Subject to and without waving the objections above, Infinitive will produce Salesforce data for which an answer to this Interrogatory may be determined. *See* INF 03198. With regard to searching for and producing additional ESI information, Infinitive previously attempted to meet-and-confer with Plaintiff's Counsel regarding custodians and search terms, but Counsel was not prepared to negotiate terms.

**INTERROGATORY NO. 11:**

Identify any and all costs incurred by Infinitive in an effort to obtain business from any Client on the Restricted Client List. For each cost, set forth the amount of the cost, the nature of the cost, the date the cost was incurred, the Client for which the cost was incurred, and the Infinitive representative or employee(s) who had any role in Infinitive's efforts to obtain the business.

**OBJECTION:**

Infinitive objects to this request as it is not limited in time. Infinitive further objects to this Interrogatory as overbroad and not proportional to the needs of the case, as it seeks all costs

incurred by Infinitive related to Plaintiff's claimed "Clients," including time periods that are well outside the relevant period of Plaintiff's claims, and with entities that Plaintiff is aware are long-time clients of Infinitive. To the extent the Interrogatory seeks ESI, such a search should be limited to reasonable keywords and custodians.

**RESPONSE:**

Infinitive stands on its objections.

**INTERROGATORY NO. 12:**

Identify any and all revenue generated by Infinitive as a result of business with any Client on the Restricted Client list. For each, set forth the amount of the revenue, the date the revenue was generated, the Client who generated the revenue, and the Infinitive representative or employee(s) who had any role in generating the revenue.

**OBJECTION:**

Infinitive objects to this request as it is not limited in time. Infinitive further objects to this Interrogatory as overbroad and not proportional to the needs of the case, as it seeks all revenue generated by Infinitive related to Plaintiff's claimed "Clients," including time periods that are well outside the relevant period of Plaintiff's claims, and with entities that Plaintiff is aware are long-time clients of Infinitive. To the extent the Interrogatory seeks ESI, such a search should be limited to reasonable keywords and custodians.

**RESPONSE:**

Subject to and without waving the objections above, Infinitive will produce Salesforce data for which an answer to this Interrogatory may be determined. *See* INF 03198.

**INTERROGATORY NO. 13:**

Identify any and all agreements between Defendant Sheridan and 11:59 of which Infinitive was aware prior to the filing of this lawsuit, and describe the circumstances by which Infinitive learned of the agreement(s) between Defendant Sheridan and 11:59, including the date, any communications related to the agreement (internally within Infinitive, externally outside of Infinitive, and with Defendant Sheridan), the method of the communications (telephone, email, text message, in person), the parties involved in the communication, and Infinitive's assessment of

9

the agreement(s).

**OBJECTION:**

Infinitive objects to Interrogatory as compound, as it consists of two separate interrogatories. To the extent the Interrogatory seeks ESI, such a search should be limited to reasonable keywords and custodians.

**RESPONSE:**

Subject to and without waving the objections above, Infinitive previously performed a reasonable search and produced documents for which an answer to this Interrogatory may be determined. *See* INF 01009 – 1192, INF 03179-03197.

**INTERROGATORY NO. 14:**

Identify and describe all communications among Infinitive representatives or employees regarding any Client on the Restricted Client List from March 1, 2023 to present. For each, set forth the date, the identity of the parties involved, method of communication (telephone, email, text message, in person), and describe the substance of the communication. Produce any and all documents relating or referring to said communications.

**OBJECTION:**

Interrogatory as overbroad and not proportional to the needs of the case, as it seeks all communications related to Plaintiff's claimed "Clients," including time periods that are well outside the relevant period of Plaintiff's claims, and with entities that Plaintiff is aware are long-time clients of Infinitive. Infinitive further objects to propounding a document request inside an interrogatory, and further that said document request is vague and unclear as to what "related or referring to said communications" means. To the extent the Interrogatory seeks ESI, such a search should be limited to reasonable keywords and custodians.

**RESPONSE:**

Infinitive stands on its objections.

**INTERROGATORY NO. 15:**

10

Identify all sources on which Infinitive has relied to prepare proposals, demonstrations, pitches, and presentations for data transformation, data analysis or cloud migration business or projects since September 1, 2024.

**OBJECTION:**

Infinitive objects to this Interrogatory as being overbroad and seeks information that is not relevant to the claims or proportional to the needs of the case. To the extent the Interrogatory seeks ESI, such a search should be limited to reasonable keywords and custodians.

**RESPONSE:**

Infinitive stands on its objections.

**INTERROGATORY NO. 16:**

Describe in detail your recruitment efforts related to Defendant Sheridan for his second stint of employment with Infinitive.

**OBJECTION:**

Infinitive objects to the phrase "recruitment efforts" as vague.

**RESPONSE:**

Subject to and without waving the objections above, Infinitive previously performed a reasonable search and produced documents for which an answer to this Interrogatory may be determined. *See* INF 01001 – 1239. Infinitive further answers that Mr. Sheridan's recruitment was incidental to a personal meeting Mr. McFarlane had with Mr. Sheridan in August 2024 and there were no real "recruitment efforts" as Infinitive understands that term.

**INTERROGATORY NO. 17:**

State whether you contend that any declaration against interest with regard to the issues in this lawsuit have been made by any person. If so, set forth the substance, date, and identity of the person making the declaration against interest, and, if the declaration was made in writing, provide a copy.

11

**OBJECTION:**

Infinitive objects to Interrogatory as compound, as it consists of two separate interrogatories. Infinitive further objects to propounding a document request inside an interrogatory. To the extent the Interrogatory seeks ESI, such a search should be limited to reasonable keywords and custodians.

**RESPONSE:**

Subject to and without waving the objections above, Infinitive is not currently aware of any statements against interest made by an 11:59 representative related to this current lawsuit. Infinitive reserves the right to amend this response.

**INTERROGATORY NO. 18:**

Describe the steps you have taken to search Infinitive's or its employees', agents' or representatives' systems, accounts, and devices for documents or communications containing 11:59's information.

**OBJECTION:**

Infinitive objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege and/or the attorney work-product doctrine. Infinitive further objects to the term "11:59's information" as vague and ambiguous.

**RESPONSE:**

Subject to and without waving the objections above, Infinitive Human Resources Team searched through Infinitive's network and Mr. Sheridan's work email for 11:59 documents. Subsequently, Infinitive's IT provider, Wingswept, performed a search of Infinitive's M365 environment for 11:59's files based on file name. Infinitive also agreed to a forensic examination of Mr. Sheridan's Infinitive computer for 11:59 documents, which remains ongoing.

**INTERROGATORY NO. 19:**

Identify all communications between Infinitive and Sheridan regarding 11:59, its

employees, or Clients on the Restricted Client List from March 2023 through the present. For each, set forth the date, the identity of the parties involved, method of communication (telephone, email, text message, in person), and describe the substance of the communication. Produce any and all documents relating or referring to said communications.

**OBJECTION:**

Infinitive objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege and/or the attorney work-product doctrine. Infinitive further objects to this Interrogatory as being overbroad because it seeks any instance where Mr. Sheridan referenced 11:59 in any way regardless of whether that information is confidential or not. Infinitive further objects to propounding a document request inside an interrogatory. To the extent the Interrogatory seeks ESI, such a search should be limited to reasonable keywords and custodians.

**RESPONSE:**

Infinitive stands on its objections.

**INTERROGATORY NO. 20:**

Identify all parties to whom you or Defendant Sheridan have made negative remarks about 11:59, including related to any alleged insolvency, comparisons between 11:59 and Infinitive, or anything that could reasonably dissuade a business from engaging 11:59. In your response, please provide a detailed description of the negative remark, the date it was made, the parties involved, and provide any documents related to same.

**OBJECTION:**

Infinitive objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege and/or the attorney work-product doctrine. Infinitive further objects to this Interrogatory as being overbroad because it seeks any instance where Infinitive or Mr. Sheridan referenced 11:59 in any negative way regardless of whether those statements would be protected or actionable. Infinitive further objects to propounding a document request inside an interrogatory. To the extent the Interrogatory seeks ESI, such a search should be limited to reasonable keywords and custodians.

**RESPONSE:**

Infinitive stands on its objections.

Dated: May 22, 2025                                Respectfully submitted,


        /s/ *John W. H. Harding*
Micah E. Ticatch, Va. Bar No. 83351
John W.H. Harding, Va. Bar No. 87602
ISLER DARE P.C.
1945 Old Gallows Road, Suite 650
Vienna, Virginia 22182
(703) 748-2690
(703) 748-2695 (facsimile)
mticatch@islerdare.com
jharding@islerdare.com
*Counsel for Defendant Infinitive, Inc.*

**CERTIFICATION OF SERVICE**

      I hereby certify that on May 22, 2025, a true and correct copy of Defendant's Objections and Responses to Plaintiff's First Set of Interrogatories to Defendant Infinitive, Inc. was served upon all counsel of record.

                                                     /s/ *John W. H. Harding*
                                 Micah E. Ticatch, Va. Bar No. 83351
                                 John W.H. Harding, Va. Bar No. 87602
                                 ISLER DARE P.C.
                                 1945 Old Gallows Road, Suite 650
                                 Vienna, Virginia 22182
                                 (703) 748-2690
                                 (703) 748-2695 (facsimile)
                                 mticatch@islerdare.com
                                 jharding@islerdare.com
                                 *Counsel for Defendant Infinitive, Inc.*