# EXHIBIT C



1945 Old Gallows Road, Suite 650
Tysons Corner / Vienna, Virginia 22182
703.748.2690 / 703.748.2695 (fax)

1111 East Main Street, Suite 1605
Richmond, Virginia 23219
804.489.5500 / 804.234.8234 (fax)

9841 Broken Land Parkway, Suite 214
Columbia, Maryland 21046
443.537.9810

300 East Main Street
Charlottesville, Virginia 22902
804.489.5500

www.islerdare.com

Sender's email: mticatch@islerdare.com

Steven W. Ray — Admitted VA DC MD CA
Edward Lee Isler — Admitted VA DC
Michelle B. Radcliffe — Admitted VA DC MD
Andrea I. O'Brien — Admitted VA DC MD
Steven D. Brown — Admitted VA CT FL NC
J Eric Paltell — Admitted VA DC MD
Darrell R. VanDeusen — Admitted DC MD
Lori H. Turner — Admitted VA DC MD
Vi D. Nguyen — Admitted VA DC
Crystal L. Tyler — Admitted VA
Micah E. Ticatch — Admitted VA DC MD CA
Alison D. Kewer — Admitted VA GA

Amy E. Smith — Admitted VA DC GA FL
Grace H. Ristuccia — Admitted VA DC IL
Lindsey Strachan Komisin — Admitted VA
Clifford B. Geiger — Admitted MD
J. Garrett Wozniak — Admitted MD
Ashley F. Hedge — Admitted VA DC MD
Matthew M. Craig — Admitted VA PA
Jessica E. Kuester — Admitted DC MD PA IN
Katherine L. Yourth — Admitted VA NY
John W.H. Harding — Admitted VA DC MD
Ramana R. Briggs — Admitted VA DC

R. Mark Dare (Ret.)
Wayne A. Schrader (Ret.)

June 3, 2025

<u>*Via Email*</u>
Stacy Landau, Esq.
Kegan Andeskie, Esq.
Nukk-Freeman & Cerra, P.C.
26 Main Street, Ste 202
Chatham, NJ 07928

Re:  *11:59 v. Infinitive, et al.*, Plaintiff's Discovery Deficiencies

Dear Stacy and Kegan,

I am writing with regard to Plaintiff's continuing failure to meet its discovery obligations in this matter. Despite the fact we have engaged in multiple meet-and-confer meetings, Plaintiff continues to assert groundless objections and fails to provide basic information to Defendants. While this conduct would be unfortunate in any forum, it is unworkable in the Eastern District of Virginia. We simply do not have the time in this Court to deal with baseless withholding of vital information or multiple meet-and-confers.

Please review the following and let me know when we can speak tomorrow. Given the number of issues, please reserve June 13 for a hearing on a motion to compel.

**A.   Initial Disclosures**

Pursuant to FRCP 26(a)(1)(A)(iii), you were required to provide "a computation of each category of damages claimed by the disclosing party [and] make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or

June 3, 2025
Page 2

**IslerDare** PC

protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered."

Your initial disclosure contained no damage amounts and no documents. We met and conferred multiple times. I understood you agreed to supplement with actual computations and supporting documentation. Instead we have received an amended disclosure that states: (i) Plaintiff's lost profits are between $16.3 to $35.1 million with no indication as to how you calculated that number and no documentation to support the claim; (ii) Plaintiff's made some sort of "investment" of $1.5 million with no indication as to how you calculated that number and no documentation to support the claim; (iii) forensic analysis fees of $65,537; and (iv) attorneys' fees with no documentation to support the claim.

As we have discussed several times before, if these claimed damages are based on actual computations of actual information, we are entitled to understand the details of how you arrived at those numbers, including the documents and information you used to calculate those numbers. Even if Plaintiff were not required to provide this information, which it clearly is, I am perplexed why it continues to "hide-the-ball," as one would think you would want Defendants to fully understand the potential liability.

**B.   Interrogatories**

*No 1.*

Interrogatory 1 requests an identification of individuals with knowledge. You state in part 10 that 11:59's "clients" have knowledge but you are refusing to provide contact names or information. There is no basis for your refusal to provide this information, and you have not asserted an objection that would possibly cover this issue.

*No. 2.*

Interrogatory 2 requests that you (i) identify each trade secret that was misappropriated by Infinitive; (ii) identify the documents that contain that trade secret; (iii) efforts undertaken to prevent disclosure of the trade secret; and (iv) all facts that support the contention that Infinitive misappropriated that trade secret. Although you provided a substantial narrative, I am unsure you answered any of the questions posed.

Every trade secret you claim Infinitive misappropriated (as opposed to the other defendants) must be individually identified, along with the supporting information requested. You have not even attempted to do so.

*No. 3 - 6.*

Interrogatories 3-6 requests facts that support certain contentions made against Infinitive in this matter. You have incorporated the non-responsive narrative from Number 2, but that incorporation provides no insight into what facts you are relying on for this particular contention asked for.

June 3, 2025
Page 3

**IslerDare**<sub>PC</sub>

*No. 8*

Interrogatory 8 requests that you identify every customer and project that was lost for which Infinitive is liable, the amount of loss associated with that project; and the facts the support the contention that Infinitive is responsible for that loss. You have not attempted to answer that question. Instead, you cut-and-pasted your deficient initial disclosure. This is especially obvious (and inappropriate) given that large portions of the answer do not have anything to do with a loss of revenue. For example, how are forensic analysis fees responsive to a query of loss of revenue?

*No. 10*

Interrogatory 10 asks for the basic information of the "clients" you represented were the clients that Mr. Sheridan did work with at 11:59. Infinitive is currently enjoined from soliciting those clients based on your representation, and apparently you seek to make that injunction permanent. Obviously, then, it is entirely relevant for Infinitive to explore the underlying facts of the claimed relationship between you and those "clients." Your position that you do not need to provide any of this information is baseless.

*No. 11*

Interrogatory 11 requests a description of your Databricks pipeline on March 27, 2023, September 6, 2024, and today. The "pipeline" is a main component of your damages claim and is obviously highly relevant to the matter. Your only objection to the interrogatory is that it seeks confidential information. That objection is not a basis for withholding responsive information, when there is an AEO protective order in place. Despite the fact that you did not assert any effective objections, you have not attempted to answer the interrogatory as to the three time periods requested.

*No. 12*

Interrogatory 12 seeks a description of every project done for 3 clients. You have indicated you will produce documents at some point in the future. This is not acceptable. This is information that is unlikely to be contained in a document, and you have clearly not internally identified such documentation or it would already be produced. You are required to provide this information now.

*No. 13*

Interrogatory 13 seeks a description of all communication between you and former Infinitive employees before they began employment with 11:59. You objected as "overbroad and unduly burdensome" without any more specifics. This is not an effective objection. You also objected that it is not limited in time and scope—but of course, it is limited in both, since each of these employees became employees at 11:59 at which point, the communications do not need to be described. Lastly, you object as not proportional to the needs of the case. This objection borders on sanctionable— we are pursuing an improper solicitation claim, discovery as to the communications with those solicited clearly go to the heart of the matter. Given that your objections are without merit, your response standing on your objections is equally without merit.

June 3, 2025
Page 4



C.  **Requests for Production**

*General Objections to First Set*

We have previously discussed that it is inappropriate to assert general objections and Judge Davis has specifically ordered that parties not do so. It is therefore perplexing that your responses to the first set of requests include general objections. I assume these were included by mistake. Please confirm that you are withdrawing them.

*Subject to Objections*

Each of your responses to requests for documents states that Plaintiff is producing some documents "subject to and without waiving the foregoing objections." This is not appropriate. Rule 34(c) requires a clear indication regarding whether you are withholding any documents based on the objections or not. Your responses are intentionally unclear in this regard, and therefore violate that Rule. Please revise your responses to clarify what has been withheld because of the objections.

*Nos. 1 and 2*

Requests 1 and 2 seek documents supporting the contention that entities on the client list were actual clients of 11:59 and Mr. Sheridan serviced them. You have produced less than 15 pages of documents. The majority of entities on the list have no documentation to support their inclusion. It is not possible that Plaintiff has clients for which there are no documents that reflect that status. Either produce responsive documents as to each client claimed or acknowledge that the list was improperly created and revise accordingly.

*No. 4*

Request 4 seeks all communications between Mr. Sheridan and 3 clients for a 12-month period. It is difficult to imagine a narrower request for communications. Despite that, you have asserted every objection in the book and stood on those objections. This response is so meritless as to violate Rule 26(g).

*No. 5*

Request 5 seeks all communications from Mr. Sheridan to any client or partner of 11:59. Plaintiff's claim in this matter is that Mr. Sheridan communicated improperly in his final weeks with clients and partners. Infinitive believes a wholesale review of the communications will demonstrate that he properly communicated in the vast majority of circumstances. This is obviously relevant information. Your objections to the contrary are without merit.

*No. 6*

Request 6 seeks the communications to Mr. Sheridan's alleged clients after his resignation. Infinitive is entitled to explore 11:59's attempt to retain those clients and any mitigation efforts.

June 3, 2025
Page 5

The original request contained no time limitation following his resignation. We will agree to limit the request to 6 weeks after his notice of resignation.

*No. 9*

Request 9 seeks all documents related to your damages claims. You have not produced responsive documents. Instead, you cited the entire 837-page production. As you know, the vast majority of those documents have nothing to do with any claimed damages. *See, e.g.,* Plaintiff 000001-000425.

*No. 10*

Request 10 seeks the production of Plaintiff's retainer agreement, bills and time records in support of its attorneys' fees claim. You have produced a single document that shows a purported monthly total of fees accrued. These numbers appear to be highly inflated and unlikely to be awarded. However, without billing records, we are unable to assess what an actual award would be if Plaintiff prevailed. These documents must be produced.

*No. 12*

Request 12 seeks all contracts or expectancies you claim were lost due to the Defendants' actions. You have not provided a single executed contract. Instead, you cited to the entire production. As you know the vast majority of those documents have nothing to do with any contracts or expectancies lost. *See, e.g.,* Plaintiff 000001-000425.

*No. 13*

Request 13 seeks all documents reflecting the pipeline of 11:59's work from Jan 2023 to present. You did not produce any documents that reflect what the pipeline was at any time in that time period.

*No. 15*

In this matter, 11:59 has taken the implausible position that the *identity* of every customer relevant to this case is somehow confidential information. Request 15 seeks all documents that support that contention. You have produced nothing but handbooks, a contract with Mr. Sheridan, and a contract with Databricks. None of these documents support the contention asserted. Either produce documents to support the contention or acknowledge that customer identity is not confidential.

*No. 16*

The primary damage claim in this matter is 11:59's claim that it "lost profits." The secondary claim is that it invested $1.5 million into a business pipeline. Request 16 seeks financial statements for 2022-2026 so that Infinitive and its expert can review the profitability of 11:59's business and the so-called investment in pipeline. This is obviously relevant to the case, and is not burdensome to produce.

June 3, 2025  
Page 6



*No. 19*

Request 19 seeks documents supporting the contention that 11:59's reputation has been harmed. In response you cited to the entire production. It is not clear that you produced any documents in response to this request. As you know the vast majority of documents produced have nothing to do with reputational harm. *See, e.g.,* Plaintiff 000001-000425.

*No. 21*

Request 21 seeks the personnel file for employees believed to have been improperly solicited and who may have improperly solicited others. The personnel file obviously contains relevant information to these claims.

*Nos. 22, 23, 24, 25, 29, 30*

Each of the above requests seeks documents that are clearly relevant to Infinitive's counterclaims. In response you have stated that you will not provide documents until after an Answer is filed. There is no Rule that permits such a delay and you cite none in your response.

*No. 26*

Request 26 seeks all communications between 11:59 between an employee and a person who was employed at Infinitive at the time of the communication from Jan 1, 2023 to present. This is a narrow request both in scope and time, which is clearly relevant to Infinitive's counterclaims. For some unspecified reason you have asserted every objection in the book and stood on those objections. This position is without merit.

Sincerely,

Micah E. Ticatch