# EXHIBIT F



1945 Old Gallows Road, Suite 650
Tysons Corner / Vienna, Virginia 22182
703.748.2690 / 703.748.2695 (fax)

1111 East Main Street, Suite 1605
Richmond, Virginia 23219
804.489.5500 / 804.234.8234 (fax)

9841 Broken Land Parkway, Suite 214
Columbia, Maryland 21046
443.537.9810

300 East Main Street
Charlottesville, Virginia 22902
804.489.5500

www.islerdare.com

Sender's email: mticatch@islerdare.com

Steven W. Ray — Admitted VA DC MD CA
Edward Lee Isler — Admitted VA DC
Michelle B. Radcliffe — Admitted VA DC MD
Andrea I. O'Brien — Admitted VA DC MD
Steven D. Brown — Admitted VA CT FL NC
J Eric Paltell — Admitted VA DC MD
Darrell R. VanDeusen — Admitted DC MD
Lori H. Turner — Admitted VA DC MD
Vi D. Nguyen — Admitted VA DC
Crystal L. Tyler — Admitted VA
Micah E. Ticatch — Admitted VA DC MD CA
Alison D. Kewer — Admitted VA GA

Amy E. Smith — Admitted VA DC GA FL
Grace H. Ristuccia — Admitted VA DC IL
Lindsey Strachan Komisin — Admitted VA
Clifford B. Geiger — Admitted MD
J. Garrett Wozniak — Admitted MD
Ashley F. Hedge — Admitted VA DC MD
Matthew M. Craig — Admitted VA PA
Jessica E. Kuester — Admitted DC MD PA IN
Katherine L. Yourth — Admitted VA NY
John W.H. Harding — Admitted VA DC MD
Ramana R. Briggs — Admitted VA DC

R. Mark Dare (Ret.)
Wayne A. Schrader (Ret.)

June 16, 2025

<u>**Via Email**</u>

Kegan Andeskie, Esq.
Stacy Landau, Esq.
Nukk-Freeman & Cerra, P.C.
26 Main Street, Ste 202
Chatham, NJ 07928

Re:    *11:59 v. Infinitive, et al.*, Response to Email of June 13, 2025

Dear Kegan,

    I am writing in response to your email of June 13, 2025. As a starting point, I would note that I have been practicing law since 2007. In that time, I cannot recall another attorney ever accusing me of violating the ethics rules. I strongly believe in those rules[1] and try to take great care to comply with them. All of which is to say, I take the allegations you made that I intentionally violated Rule 3.3 in your email very seriously.

    That being said, as I go through my notes and my recollection, I am not certain how you left our June 6 meet-and-confer meeting with the impression that I had somehow agreed to give you until *after* the close of business of Friday, June 13, to supplement your interrogatory responses.

---

[1] For example, for years I have volunteered on the local Disciplinary District Committee, which has initial enforcement responsibilities for attorneys who are accused of violating those rules. I am also scheduled to present an ethics CLE to the State Disciplinary Conference at the beginning of August.

A.      **Background on Meet and Confer**

As you recall, we initially conferred on your objections to interrogatories on May 22. Despite the fact that you had asserted numerous improper and baseless objections, you did not agree to withdraw a single one of them during our hour-long conversation. Instead, you spent the entire conversation representing that the objections were mainly asserted for "preservation" and that I could expect fulsome substantive responses when they came due. Towards the end of the call, I indicated that I considered the May 22 meeting to be our meet-and-confer and if I did not get adequate substantive responses, I planned to just file a motion to compel. You asked that I refrain from doing so and meet-and-confer again if I did not like the responses.

On the evening of June 2, you provided substantive responses to the interrogatories. In an effort to comply with your request, I did not file a motion to compel. Instead, I quickly drafted a deficiency letter, which I provided on June 3. I indicated a plan to file on June 6 and asked that we quickly meet to discuss.

You refused to schedule a meeting until the *afternoon* of June 6. Given that Judge Davis's scheduling order requires a 1-week motion be filed on Friday at 5 p.m., I had concerns that you may have been playing with the schedule partly to make it difficult for me to go through with filing on June 6. Nonetheless, because I believe in the meet-and-confer process, I agreed to meet at that late hour.

B.      **Discussion of Supplementation at the Meet-and-Confer.**

At the beginning of the June 6 meeting, you indicated that by the close of business that day you would be providing Sales Force data to the parties. I do not recall a single other firm commitment you made to supplement the interrogatories; and in *none* of the discussions of potential supplementation did you suggest you would provide the information I was actually asking for.

On multiple occasions, I stated, "if you are going to supplement, I need it by Wednesday, so I can draft the motion on Thursday and file on Friday." I remember I said this multiple times because the second (or perhaps third) time you cut me off mid-sentence and said something to the effect of "I get it."

I phrased it that way because it was obvious from our discussions that you were not going to provide sufficient information to avoid the need for a motion altogether. Given the late hour that our discussion wrapped up (3 p.m.) it was not possible to get a motion filed that day. I expressed as much at the end of our phone call, and told you I would not be filing that day, but I do not believe I ever said I would hold off the following week as well. Frankly, given your failure to meet-and-confer earlier in the week, I was highly frustrated that the motion was getting delayed another week (from June 6 to June 13) and had absolutely no interest at all in extending these issues any further than that. I certainly did not intend to communicate that I would wait and allow you to supplement on the evening of June 13— which would push a motion filing to June 20.

Kegan Andeskie, Esq.
June 16, 2025
Page 3



    I would note that typically when a firm agreement is reached between counsel in a meet-and-confer, a confirming email is sent by one attorney to the other. Because we had no such agreement, I did not send you any confirming email. Tellingly, neither did you.

**C.    Your Request that Infinitive Withdraw its Motion to Compel is Meritless.**

    It is often the case that litigants facing a motion to compel provide supplemental responses after the motion is filed. Generally, when I am faced with such a scenario, I will withdraw a mooted motion to compel because my client does not need to waste its money on a hearing where there is nothing in controversy.

    That, however, is not what is going on in our case. You have provided "supplemental responses" that do not provide the information I actually demanded at the meet-and confer or in the Motion to Compel. In no way have those responses mooted the Motion.

    *No 1.*

    As you know, Interrogatory 1 requires you to provide the contact information for 11:59's "clients." You have never provided a legal basis for refusing to give us this information. For some reason, your supplemental responses still do not provide the information.

    *No. 2.*

    As I explained repeatedly, I believe Interrogatory 2 requires you to provide a table identifying every trade secret that was misappropriated by Infinitive, and for each one (i) identifying the documents that contain that trade secret; (ii) efforts undertaken to prevent disclosure of the trade secret; and (iii) all facts that support the contention that Infinitive (as opposed to Mr. Sheridan) misappropriated that trade secret.

    In our discussion, you suggested that perhaps you *might* agree to provide examples of trade secrets that Mr. Sheridan took. I told you that was not sufficient. It appears that you went ahead and provided "examples" of trade secrets Mr. Sheridan allegedly misappropriated, without regard to what I asked for in the interrogatory and the meet-and-confer meeting.

    *No. 8*

    In our discussion of Interrogatory 8, I pointed out that you had not attempted to answer the question asked, but instead simply cut-and-pasted your initial disclosure response, which requires different information. As best I can tell, the supplemental response continues the same indefensible conduct.

    *No. 10*

    I do not recall you identifying any plausible basis in our meet-and-confer regarding your failure to provide any information regarding Interrogatory 10. As best I can tell, your failure to provide substantive information is entirely baseless. Yet you have continued to stand on your objections in the supplemental responses.

Kegan Andeskie, Esq.
June 16, 2025
Page 4



*No. 11*

As we have discussed, this interrogatory required a detailed description of the pipeline on three separate dates. In our meet-and-confer you implausibly suggested that such a request was impossible for your client to provide. In your supplement, you have neither provided that information requested, nor attested under oath that it cannot be done. You have simply provided the same information as before.

*No. 13*

In our meet-and-confer meeting, we discussed that your objections to Interrogatory 13 were completely inappropriate. For some reason your supplemental responses still contain preposterous objections including that "the request is not relevant to any party's claim or defense." I struggle to understand how multiple attorneys could sign off on such a baseless objection after I had repeatedly pointed out that it was inappropriate.

We also discussed the need to provide a response as to oral communications in addition to a production of documents. You have provided no oral communications and no documents.

**D.   Your Claim of a Meet-and-Confer "Agreement" Seems Implausible Given the Lack of Supplementation.**

Given the fact that you have not provided the information I actually requested in the meet-and-confer, it is difficult to understand your claim of an agreement between the parties. Did you agree to provide the contact information required by Interrogatory No. 1? If not, then why would I agree to delay bringing the motion to compel on that interrogatory? If you did agree to provide that information, *then why did you not provide it?*

I have the same questions as to Nos. 2, 8, 10, 11, and 13. I am confused in your telling why I would have agreed to delay the motion if you did not commit to providing any of this information. If you did commit to providing it, then why did you violate your agreement?

In sum, if you want to engage in a swearing contest about what occurred in the June 6 meeting, I am prepared to speak on that at the hearing. I think between my testimony and the record of your responses, the Court will conclude that I acted appropriately.

However, I really do not think any of this is a very good use of ours or the court's time. If you think your interrogatory responses are sufficient, then I encourage you to defend them on the merits rather than by attacking me.

**E.   Future Meetings.**

Given our stark disagreement regarding our recollections of the June 6 conversation, I suggest that any future communications be done by recorded conversation. This procedure will ensure we will not have a repeat of the above disagreement over what was said. Please let me

Kegan Andeskie, Esq.
June 16, 2025
Page 5

**IslerDare**~PC~

know if you disagree with this plan. If you do disagree, I will plan to bring the issue up before Judge Davis at Friday's hearing.

Sincerely,

Micah E. Ticatch