# EXHIBIT G

Case 1:24-cv-01823-RDA-IDD   Document 100-8   Filed 06/18/25   Page 2 of 8 PageID# 1716
Rainey for Estate of Rainey v. Anderson, Not Reported in Fed. Supp. (2018)
2018 WL 3636596

2018 WL 3636596
Only the Westlaw citation is currently available.
United States District Court, E.D. Virginia,
Norfolk Division.

Edward Joseph RAINEY, Administrator FOR the ESTATE OF Austin Charles RAINEY Plaintiff,
v.
James Albert ANDERSON, et al., Defendants.

Civil Action No. 2:17cv444
|
Signed 04/11/2018

**Attorneys and Law Firms**

Thomas Walters Henson, Jr., Pro Hac Vice, Rachel Alexis Fuerst, Henson & Fuerst, P.A., Raliegh, NC, for Plaintiff.

Christopher Kendal Jones, Terrence Lemarr Graves, Sands Anderson PC, William Tyler Shands, Carter Taliaferro Keeney, Carter & Shands PC, Richmond, VA, Robert Daniel Moseley, Jr., Pro Hac Vice, Smith Moore Leatherwood LLP, Greenville, SC, for Defendants.

## MEMORANDUM ORDER

DOUGLAS E. MILLER, UNITED STATES MAGISTRATE JUDGE

 **\*1**  Plaintiff Edward Rainey, as administrator of the estate of Austin Rainey, brought this action for wrongful death against the Defendants. The deceased was killed in a motor vehicle accident involving a tractor-trailer driven by Defendant James Anderson. During discovery in the case, after receiving responses to their interrogatories, Defendants Anderson and JQJ Trucking, LLC, moved to compel the Plaintiff to respond to four interrogatories to which the Plaintiff objected, and to deem the objections withdrawn as untimely. (ECF No. 40). At a hearing conducted by telephone on April 9, 2018, the court heard oral argument on the Motion. Because the Defendants failed to confer with opposing counsel about the issues involved in the discovery dispute before filing the Motion and a proper conference would have substantially narrowed or eliminated the dispute, the court declined to grant relief and will TERMINATE Defendants' Motion (ECF No. 40).

The Defendants filed the Motion to Compel after Rainey objected to several of the interrogatories served on him and provided responses which the Defendants deemed deficient. Defs.' Br. at 2-3 (ECF No. 41). In a brief opposing the Defendants' Motion, in addition to substantive arguments against the Motion, Rainey raised the issue of the Defendants' failure to meet with opposing counsel and confer over the discovery dispute prior to their filing the Motion to Compel. Pl.'s Br. at 3-4 (ECF No. 45). Although counsel for both parties discussed the dispute after the Defendants filed their Motion, they did not confer in person or by telephone prior to the Motion being filed. Defs.' Reply Br. at 1-2 (ECF No. 47).

Local Civil Rule 37(E) states, "No motion concerning discovery matters may be filed until counsel shall have conferred in person or by telephone to explore with opposing counsel the possibility of resolving the discovery matters in controversy." E.D. Va. Civ. R. 37(E). The requirement to meet and confer is an important tool in the court's efforts to streamline and economize the discovery process because "person-to-person dialogue most often leads to the resolution, or at least the limitation, of dispute." Kolon Indus., Inc. v. E.I. Dupont De Nemours and Co., No. 3:11cv622, 2012 WL 12894840, at \*4 (E.D. Va. Feb. 23, 2012); accord Bailey v. Quest Diagnostics, Inc., No. 1:17cv625, 2017 WL 6524950, at \*4 (E.D. Va. Dec. 19, 2017). The timing of this conference matters. The plain language of the Rule requires a verbal exchange before the filing of a motion. This requirement was deliberate, as parties often lose flexibility and freedom to compromise a discovery dispute once their positions are hardened in a written filing.

In this instance, there were three main points of contention between the parties. All of them could have been resolved by a reasoned exchange between counsel.

First, the Defendants disputed whether Rainey's objections to the interrogatories were timely made. Because of an early miscommunication between counsel about when the objections were due, counsel for Rainey believed that both sides committed to a specific date for objections. Counsel for the Defendants believed they were due earlier. A personal conversation reviewing the correspondence between the parties' attorneys would have quickly revealed a misunderstanding about their prior exchange and created an opportunity to rectify the miscommunication without requiring the court's intervention.

Case 1:24-cv-01823-RDA-IDD    Document 100-8    Filed 06/18/25    Page 3 of 8 PageID# 1717
Rainey for Estate of Rainey v. Anderson, Not Reported in Fed. Supp. (2018)
2018 WL 3636596

**\*2** Next, Anderson's counsel argued in their brief that Rainey should have identified fact and expert witnesses in response to two of the interrogatories. But during the telephonic hearing on the Motion to Compel, Defendants' counsel immediately agreed that there was no need for the court to compel responses to the interrogatories directed at identifying witnesses because Rainey had already provided responsive information elsewhere during the course of discovery. An inperson or telephonic conference between counsel would obviously have spared the court involvement in this non-existent dispute.

Finally, counsel disagreed over whether Rainey's partial response to two contention interrogatories was sufficient. Rainey's counsel had objected to both interrogatories and directed defense counsel to documents including the statements of witnesses and police reports. The Defendants took issue with the limited narrative response, contending at the hearing that a more detailed response was necessary to "pin down" the Plaintiff to a particular theory of the case.

Although the Federal Rules permit contention interrogatories, they cannot be used to "require a party to provide the equivalent of a narrative account of its case, including every evidentiary fact, details of testimony of supporting witnesses, and the contents of supporting documents." Lucero v. Valdez, 240 F.R.D. 591, 594 (D.N.M. 2007). Nor is an interrogatory the appropriate device to "pin down" a litigant to one or another line of argument, or to restrict the evidence at trial. See, e.g., Fed. R. Civ. P. 33 advisory committee's note to 1970 amendment ("The general rule governing the use of answers to interrogatories is that under ordinary circumstances they do not limit proof."); Harris v. Kellogg, Brown, & Root Svcs., Inc., No. 08-563, 2016 WL 8201854, at \*1 (W.D. Pa. Sept. 6, 2016) ("[I]t is well established that interrogatory answers constitute, at most, 'evidentiary admissions' that do not limit a party's proof and may be contradicted at trial."). This is particularly true where, as here, the litigant sues in a representative capacity, and attests to the interrogatory answers based on evidence compiled in discovery.

In this case, a conversation between counsel about the sufficiency of Rainey's responses should have identified important flaws in the very broad contention interrogatories at issue.[1] Moreover, prior to the filing of the Motion to Compel, extensive additional discovery had been completed, including the depositions of several eye witnesses and the Defendant Anderson himself. In light of this extensive additional discovery, which amplified the Plaintiffs admittedly meager written interrogatory response, a proper meet and confer before filing the Motion would have allowed the parties to shape a compromise around more narrowly-constructed interrogatories and then identify what manner of response would be proper to those more-focused questions.

**\*3** Because the counsel for the Defendants failed to confer as required by Local Civil Rule 37(E) with opposing counsel prior to filing its motion to compel, and because a proper conference would have all but eliminated the dispute, the court will not consider the Motion (ECF No. 40) and DIRECTS the Clerk of Court to terminate it.

**All Citations**

Not Reported in Fed. Supp., 2018 WL 3636596

---

**Footnotes**

1   The main interrogatory in dispute, Number 12, was a model of overbreadth:

   State the facts as to how the Anderson Collision occurred, including where the Decedent was going and where he had come from. In your Answer, explain and state the facts fully and in complete detail of what you contend any defendant did or failed to do, which in any way caused or contributed to the Anderson Collision. State, in detail, all facts that support the claim asserted in your Complaint that any defendant is responsible or liable to you for damages. Include in your Answer any duties any defendant allegedly had, how any defendant allegedly failed to perform those duties, and what actions, or failures to act, allegedly resulted in your injuries, including all facts that support your Answer. Additionally, include in your Answer a description of all events leading up to the Anderson Collision, including a description of the Decedent's actions between the Stevens Collision and the Anderson Collision, the actions of all other persons present

Case 1:24-cv-01823-RDA-IDD   Document 100-8   Filed 06/18/25   Page 4 of 8 PageID# 1718

**Rainey for Estate of Rainey v. Anderson, Not Reported in Fed. Supp. (2018)**
2018 WL 3636596

> at the scene of the Accident between the Stevens Collision and the Anderson Collision, and the specific amount of time that passed between the Stevens Collision and the Anderson Collision.

Def.'s First Interrogatories at 6 (ECF No. 41-1).

---

**End of Document**     © 2025 Thomson Reuters. No claim to original U.S. Government Works.

Case 1:24-cv-01823-RDA-IDD Document 100-8 Filed 06/18/25 Page 5 of 8 PageID# 1719

University of Virginia Patent Foundation v. General Elec. Co., Not Reported in...
2015 WL 4878880

2015 WL 4878880
Only the Westlaw citation is currently available.
United States District Court, W.D. Virginia,
Charlottesville Division.

UNIVERSITY OF VIRGINIA
PATENT FOUNDATION, Plaintiff,
v.
GENERAL ELECTRIC COMPANY
d/b/a GE Healthcare, Defendant.

Civil Action No. 3:14cv51.
|
Signed Aug. 14, 2015.

**Attorneys and Law Firms**

Charles Connor Crook, III, The Law Office of C. Conner Crook, Charlottesville, VA, Jennifer M. Rynell, Ari Rafilson, Joseph F. Depumpo, Russell J. Depalma, Shore Chan Depumpo LLP, Dallas, TX, for Plaintiff.

Mark Wayne Wasserman, Reed Smith LLP, Falls Church, VA, Brian D. Roche, Reed Smith LLP, Chicago, IL, David Thomas Pollock, Reed Smith, LLP, San Francisco, CA, for Defendant.

*MEMORANDUM & ORDER*

JOEL C. HOPPE, United States Magistrate Judge.

 *1 Before the Court is Defendant General Electric Company's ("GE") motion to compel responses to interrogatories 12 and 13, ECF No. 75, and brief in support, ECF No. 75–1. Plaintiff University of Virginia Patent Foundation ("UVAPF") filed a brief in opposition, ECF No. 81, and the matter is ripe for decision.[1] Having considered the motions and supporting documents, the Court denies the motion without prejudice.

This case concerns a patent for magnetic resonance imaging ("MRI"). UVAPF alleges that GE infringed upon Patent No. RE44,644, titled "Method and apparatus for spin-echo-train MR imaging using prescribed signal evolutions." The history of the ′644 patent begins with a provisional application, No. 60/257,182, filed by UVAPF on December 21, 2000. UVAPF followed the provisional application with an international application under the Patent Cooperation Treaty ("PCT") on December 21, 2001. UVAPF then filed U.S. Patent No. 7,164,268, which issued on January 16, 2007. Compl. Ex. A, at 2, ECF No. 1–1. The ′644 patent was filed on January 15, 2009, as a reissue of the ′268 patent. *Id.* During the pendency of the ′644 patent, UVAPF filed a second reissue patent, No. 14/053,190, which is a continuation of the ′644 patent. The United States Patent and Trademark Office has notified UVAPF that it would allow the ′190 reissue application, and once it issues, UVAPF intends to file an amended complaint adding the ′190 patent to this case. *See* Joint Amended Request to Modify Proposed Pretrial Order at 1, ECF No. 33. UVAPF asserts that both the ′644 and ′190 patents claim priority through the PCT application to the filing date of the provisional application, December 21, 2000.

GE propounded interrogatories 12 and 13 as part of its First Set of Interrogatories. Interrogatory 13 requests UVAPF to identify on an element-by-element basis why each claim it asserts in the ′644 and ′190 patents satisfies the written description requirement of 35 U.S.C. § 112. Def. Br. in Supp. Ex. C, at 47–48. Subsumed within this interrogatory, GE also asks UVAPF to identify each element of each asserted claim that UVAPF contends is described by the provisional or PCT applications, with page and line citations to the old applications. *Id.* Interrogatory 12 requests UVAPF to identify on an element-by-element and combination-of-elements basis why each claim it asserts in the ′644 and ′190 patents is disclosed by the provisional or PCT applications, with page and line citations to the applications. *Id.* at 43–46.

UVAPF objected on the grounds that the interrogatories are unduly burdensome, constitute improper burden shifting, and require premature provision of expert opinions on validity. GE proposed a compromise whereby UVAPF would provide only citations in chart form on a claim-by-claim rather than element-by-element basis, similar in structure and content to charts UVAPF submitted as part of its ′190 reissue application.[2] UVAPF rejected this proposal and reiterated its objections.

**I. Discussion**

 *2 Federal Rule of Civil Procedure 33(a)(2) provides for interrogatories that request an opinion or contention related to the facts of a case or the legal application of those facts. Contention interrogatories, however, can be of limited use "before substantial documentary or testimonial discovery has been completed" if the parties have not yet been able to narrow the dispute or collect key facts. *In re Convergent*

*Techs. Sec. Litig.,* 108 F.R.D. 328, 338 (N.D.Cal.1985); *see also In re eBay Seller Antitrust Litig.,* No. C07–1882 JF (RS), 2008 WL 5212170, at *2 (N.D.Cal. Dec. 11, 2008) (noting answers to contention interrogatories early in the discovery process "would be of questionable value to the goal of efficiently advancing the litigation"). Rule 33 thus grants courts discretion to "order that the interrogatory need not be answered until designated discovery is complete." Fed.R.Civ.P. 33(a)(2).

A magistrate judge in the Northern District of California fashioned four guidelines to evaluate early contention interrogatories in *In re Convergent Technologies Securities Litigation:*

> Under these guidelines, the moving party must demonstrate that interrogatory responses would contribute meaningfully to: (1) clarifying the issues in the case; (2) narrowing the scope of the dispute; (3) setting up early settlement discussion; or (4) exposing a substantial basis for a motion under Rule 11 or Rule 56.

*eBay Antitrust Litig.,* 2008 WL 5212170, at *1 (citing *Convergent Techs.,* 108 F.R.D. at 338–39). GE argues that the general guidelines in *Convergent Technologies* are rendered irrelevant for this motion by the Northern District of California Patent Local Rules, which the parties have agreed to follow. Despite GE's objections, the *Convergent Technologies* guidelines have been employed in patent litigation before, *see, e.g., HTC Corp. v. Tech. Properties Ltd.,* No. C0800882 JF HRL, 2011 WL 97787, at *2 (N.D.Cal. Jan. 12, 2011), and they provide a useful starting framework upon which to structure the analysis and incorporate the specialized discovery steps provided for in patent local rules. While the objecting party bears the burden of showing that a discovery request is improper, *Selective Way Ins. Co. v. Schulle,* No. 3:13cv40, 2014 WL 462807, at *1 (W.D.Va. Feb. 5, 2014), I will also consider whether GE has demonstrated that "early answers to its contention questions will materially advance the goals of the Federal Rules of Civil Procedure." *Convergent Techs.,* 108 F.R.D. at 338–39.

GE provides two primary reasons why the Court should compel responses to interrogatories 12 and 13 at this stage in the litigation. First, GE needs them so that it can determine whether the claims in the ′644 and ′190 patents are entitled to the provisional application's priority date. Def. Br. in Supp. 1. Priority dates are key to determining the world of applicable prior art GE can use to challenge the claims' validity, and GE argues that it needs this information to prepare its invalidity contentions. *Id.* at 5–7. Second, the requested information is directly relevant to GE's defenses and counterclaims, specifically the validity of the ′644 patent and whether the new claims added in the reissue process satisfy sections 112 and 251. *Id.* at 1, 7–8. Both of these arguments go to the first *Convergent Technologies* factor, clarifying the issues in the case. The question for the Court is thus whether GE's arguments provide "plausible grounds for believing that securing early answers to its contention questions will materially advance the goal[ ]" of clarifying the issues in the case. *Convergent Techs,* 108 F.R.D. at 339.

*3 Considering first the priority argument, GE is undeniably entitled to know the alleged priority dates for the claims of the patents in issue. *See* Northern District of California Patent Local Rule 3–1(f) (requiring party alleging infringement to provide within fourteen days of the initial case management conference information including, "[f]or any patent that claims priority to an earlier application, the priority date to which each asserted claim allegedly is entitled"); *Lamoureux v. Genesis Pharm. Servs., Inc.,* 226 F.R.D. 154, 160 (D.Conn.2004) ("The dates in question—when the plaintiffs conceived and reduced to practice the invention claimed with regard to the [patent-in-suit]—are incontrovertibly relevant to defenses and counterclaims based upon statutes which turn almost exclusively on such dates."). In the case GE relies upon, *McKesson Info. Solutions, LLC v. Epic Sys. Corp.,* 242 F.R.D. 689, 692 (N.D.Ga.2007), the plaintiff flatly refused the defendant's request for information about when the patent-in-issue was invented. 242 F.R.D. at 691–92. The ′644 patent, on the other hand, facially tracks its priority to the provisional application. Compl. Ex. A, at 2; *see* Def. Br. in Supp. 11. Additionally, in its infringement contentions submitted in June 2015, UVAPF provided the dates of conception for each claim. ECF No. 75–7 at 6. *McKesson* and the local rules advocate for the provision of basic discovery concerning priority dates for the patents-in-issue early in the discovery process, but they do not speak to the detail or depth of that discovery.

The information GE requests in interrogatories 12 and 13 would be helpful in its attempt to evaluate UVAPF's claims of priority; claims in a reissue patent must meet the

Case 1:24-cv-01823-RDA-IDD    Document 100-8    Filed 06/18/25    Page 7 of 8 PageID# 1721

University of Virginia Patent Foundation v. General Elec. Co., Not Reported in...
2015 WL 4878880

written requirements of sections 112 and 251 in order to claim the priority of previous patents or patent applications. *Antares Pharma, Inc. v. Medac Pharma, Inc.,* 771 F.3d 1354, 1358 (Fed.Cir.2014). Those same requirements, however, are also fundamental considerations for evaluating the validity of the patents-in-issue. Considering the significant overlap between the two purposes for this evidence, the value of the interrogatory responses for determining claim priority should not decide the motion to compel if efficient management of discovery concerning claim validity suggests a different schedule.

As GE points out in its brief, Def. Br. in Supp. 5, the primary purpose of the patent rules adopted in this case is to "provide for a streamlined mechanism to replace the series of interrogatories that accused infringers would likely have propounded in its absence." *Shire, LLC v. Impax Labs, Inc.,* No. 10–cv–05467, 2013 WL 1786591, at *2 (N.D.Cal. Apr. 25, 2013) (quoting *FusionArc, Inc. v. Solidus Networks, Inc.,* No. C06–06770 RMW (RS), 2007 WL 1052900, at *2 (N.D. Cal Apr. 5, 2007)). Patents often involve hundreds of claims that could potentially be infringed, and patent rules are designed to efficiently narrow the dispute to the few claims at the heart of the case through a series of standardized steps.

 *4  Evaluating interrogatories 12 and 13 with that objective in mind, GE's motion is premature for two primary reasons, the first being the status of the discovery. This litigation is nine months old, and the parties are still moving through the beginning stages of discovery. UVAPF has served its infringement contentions, and GE will soon serve its invalidity contentions. There are still 170 claims asserted in this case—many more than will actually be contested at the close of discovery and likely many more than will be contested after GE submits its invalidity contentions. *See* Pl. Br. in Opp. 12 n. 15 ("Until UVAPF obtains GE's core technical documents, it cannot whittle down its asserted claims."). If UVAPF were to answer the interrogatories now, it would provide information on many claims that will not ultimately be relevant to this lawsuit. *See Bonutti Skeletal Innovations, LLC v. Linvatec Corp.,* No. 6:12–cv–1379–ORL–22TBS, 2014 WL 186123, *4 (M.D.Fla. Jan. 16, 2014) (denying motion to compel all factual and legal support, on a claim-by-claim basis, that the patent-in-suit's claims are not invalid because it "ask[ed] Bonutti to provide a detailed explanation of a substantial part of its case before expert discovery on these issues ha[d] taken place," which the court considered "likely to result in a waste of time and resources").

Secondly, besides speaking to priority, the interrogatories at issue ask UVAPF to identify part of the evidence it will rely upon to counter GE's claims that the ′644 and ′190 patents are invalid. Asking a party to defend the validity of its claims before it knows which claims are under attack would disrupt the orderly development of a patent case. Fittingly, UVAPF does not contend that it will never answer the interrogatories, only that to do so now is premature, Pl. Br. in Opp. 17. *See Gen–Probe, Inc. v. Becton, Dickinson And Co.,* Civ. No. 09cv2319 BEN (NLS), 2010 WL 2011526, at *1–2 (S.D.Cal. May 19, 2010) (denying motion to compel documents and support for the defendant's affirmative defenses when "the parties have not yet completed substantial discovery, and [the defendant] does not object to responding further to this contention interrogatory as discovery progresses").

Courts that have compelled parties to answer interrogatories similar to those at issue do so after the parties have undergone more discovery and narrowed the issues through invalidity contentions, claim construction, depositions, or expert disclosures. *See, e.g.,* Order at 1–3, *SFA Sys., LLC v. Amazon.com, Inc.,* No. 6:11–cv–052–LED (E.D.Tex. Apr. 11, 2013), ECF No. 400 (denying without prejudice motion to compel SFA's response to an interrogatory seeking its invalidity rebuttal contentions prior to Amazon providing its expert's invalidity report); *HTC Corp. v. Tech. Props. Ltd.,* No. C08–00882 JF (HRL), 2011 WL 97787, at *3 (N .D.Cal. Jan. 12, 2011) ("[D]iscovery is still in full-swing, and Defendants have not shown a real need for supplemented responses at this point in time. HTC, however, shall supplement its responses to these interrogatories within 30 days after the filing of the parties' Joint Claim Construction and Pre–Hearing Statement as it proposed."); *Gardner v. Toyota Motor Corp.,* No. C08–0632 RAJ, 2009 WL 8732016, at *1 (W.D.Wash. May 6, 2009) (upholding motion to compel evaluation of four claims in light of six specific prior art references identified in invalidity contentions).

 *5  While interrogatories 12 and 13 are not fundamentally improper, in light of the current status of this litigation, they "need not be answered until [additional] discovery is complete." Fed.R.Civ.P. 33(a)(2). I will require UVAPF to provide substantive responses to the interrogatories at some point after the presiding District Judge issues his claim construction order. I leave it to the parties to confer as to the precise timing of the responses. If they are unable to agree, they may submit the dispute, following the procedure provided in the Court's Order of August 11, 2015, ECF No.

Case 1:24-cv-01823-RDA-IDD   Document 100-8   Filed 06/18/25   Page 8 of 8 PageID# 1722

University of Virginia Patent Foundation v. General Elec. Co., Not Reported in...
2015 WL 4878880

86, no sooner than 30 days after the District Judge issues the claim construction order.

I therefore **DENY WITHOUT PREJUDICE** Defendant's Motion to Compel. ECF No. 75. GE's reply brief, ECF No. 82, is STRICKEN as improperly filed, and UVAPF's motion for leave to file, ECF No. 83, is DENIED.

It is so ORDERED.

**All Citations**

Not Reported in F.Supp.3d, 2015 WL 4878880

---

**Footnotes**

1   On August 4, 2015, GE filed a further reply brief in support of its motion, ECF No. 82, prompting UVAPF to request leave to file a responsive letter brief the same day, ECF No. 83. In a conference call on July 17, 2015, this Court outlined a specific briefing schedule for the instant dispute, with GE's motion to compel due by July 24, 2015, and UVAPF's response due by July 31, 2015, ECF No. 72. The Court did not authorize additional briefing, nor did it authorize filings past July 31, 2015. Accordingly, GE's reply brief will be stricken from the record, and I will deny UVAPF's request to file a letter brief. *Cf.* Order, *John Doe v. Washington and Lee University,* No. 6:14cv52 (W.D.Va. May 14, 2015) (Moon, J.), ECF No. 47 (ordering counsel to pay $300.00 for filing a brief that exceeded the page limit set forth in the Court's pretrial order).

2   Specifically, UVA would provide a chart identifying for each asserted claim in the #644 and #190 patents page and line citations to the portions of the provisional or PCT applications that UVAPF contends prove the claims' compliance with sections 112 and 251.

---