UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| M CORP DBA 11:59, | : |
|                Plaintiff, | : Civil Action: 1:24-cv-1823 |
| v. | : |
| INFINITIVE, INC., JOSEPH BRADLEY SHERIDAN, DATABRICKS INC., WILLIAM McKINNEY, CHERYL MILES, AND DOES 1-25, INCLUSIVE. | : |
|              Defendants. | : |
| _____ | : |
| INFINITIVE, INC., | : |
|              Counterclaim Plaintiff, | : |
| v. | : |
| M CORP DBA 11:59 AND ALISON MOYE. | : |
|              Counterclaim Defendants. | : |

**PLAINTIFF-COUNTER DEFENDANT, M CORP DBA 11:59'S OPPOSITION TO DEFENDANT, COUNTER-PLAINTIFF, INFINITIVE, INC.'S <u>MOTION TO COMPEL</u>**

Infinitive, Inc. ("Infinitive") seeks to compel disclosures pursuant to Rule 26(a). Infinitive argues that Plaintiff 11:59 has failed to fully disclose its damages computations, and that Counter Defendants 11:59 and Defendant Moye have failed to provide Initial Counterclaim Disclosures. Infinitive's Motion to Compel should be denied for the following reasons.

<u>ARGUMENT</u>

**A. 11:59 Damages Disclosures Meet Rule 26(a)(1)(iii) Requirements.**

Fed. R. Civ. P. 26(a)(1)(iii) requires disclosure of a computation of each category of

claimed damages; and the documents or other evidentiary material on which each computation is based. Rule 26 does not describe the level of specificity required in the initial damages disclosure. *Silvagni v Wal-Mart Stores, Inc.*, 320 F.R.D. 237, 240 (D.C. Nev. 2017). A party is expected to make its initial disclosures based on information then reasonably available to it, however a computation of damages need not be detailed before all relevant documents or evidence has been obtained by the disclosing party *Id*. Logically, a damages calculation may not be possible in an initial disclosure when an expert analysis is necessary to calculate damages. *Id*. A precise method of calculation is not required in an initial disclosure to the extent the method and calculation is properly the subject of expert opinion that will be provided through a future expert report. *Id*. at 241. A plaintiff does have a duty to provide an initial disclosure of the types of damages it is claiming, while leaving until an expert report a detailed methodology and computation. *Id*.

11:59 fully disclosed in its First Amended Complaint that it is seeking damages for past, present, and prospective damages from loss of future business opportunities, loss of customers and other goodwill, loss of market share, and competitor use of confidential and trade secret information, and exclusive customer relationships. *See e.g.*, First Amended Complaint, Pars. 108 and 109.  11:59's Amended Disclosure fully informs Infinitive about the categories, types, and amounts of its damages: lost profits, business development costs, forensic analysis fees, attorneys' fees and expert fees and the specific projects for which damages are claimed. See Infinitive Memorandum, Ex. D, Plaintiff's Amended Disclosure.  As a matter of common sense as well as law, analysis of these types of damages and calculation of corresponding damages amounts are necessarily the province of expert testimony.

Per the Scheduling Order, 11:59's expert designation due on July 14, 2025, will fully disclose its expert's analysis and calculation of damages and the information and data – some of which was

obtained from defendants in discovery – on which the expert's opinion is based. In discovery 11:59 already has produced to Infinitive all the data and information that 11:59 has provided to its expert. Any additional information on which 11:59's expert's opinion relies will be disclosed in the expert designation.

11:59's Amended Disclosure contains the level of detail that is reasonably expected under Rule 26(a)(1) when a damages calculation requires forensic investigation and expert analysis of data and information in plaintiff's possession and to be obtained from defendants in discovery.

Infinitive's four case law citations are not on point. *Jaguar Land Rover Ltd. v. Bentley Motors Ltd.*, 2020 WL 6817060 (E.D. Va. 2020) involved a Motion to Strike an untimely asserted damages theory, at a late stage in litigation and a plaintiff's failure to supplement its initial disclosures. *Id*. at *4. *Ruddy v. Bluestream Pro. Serv., LLC*, 2020 WL 13694227 involved a Motion to Exclude damages evidence after insufficient disclosure via initial disclosure, interrogatory responses, and deposition responses. *Id*. at *2. *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 295 (2d Cir. 2006), involved a plaintiff's failure to disclose a category of damages, thus depriving defendants of notice. In *Advanced Training Grp. Worldwide, Inc. v. Proactive Techs. Inc.*, 2020 WL 4574493 (E.D. Va. 2020) the plaintiff failed to disclose the calculation or amount of its damages even eight months after the close of discovery and prior to trial.

11:59 has met the Rule 26(a)(1)(iii) requirement for disclosure of the documents and other evidentiary material on which its damages computations will be based. The categories of damages claimed have been fully disclosed. The method and computation of damages require expert analysis, which will be disclosed in 11:59's expert designation.

B. **Initial Counterclaim Disclosure Issue is Moot**

The Parties agreed to a Consent Order, extending to June 13, 2025, the deadline for Counter Defendants 11:59 and Moye to file Initial Disclosures regarding the Counterclaims, which the Court granted. *See* Dkt. 98. 11:59 and Moye served their respective Initial Counterclaim Disclosures on June 13.

**CONCLUSION**

Infinitive's Motion to Compel is moot as it relates to counterclaim disclosures, and it is premature regarding more fulsome damages calculations. For the foregoing reasons, Infinitive's Motion should be DENIED.

Respectfully submitted,

**POTTER & MURDOCK**
*Attorneys for Plaintiff M Corp dba 11:59*


By: _/s/ John M. Murdock_
John M. Murdock, Esq.
Brian S. Szmak, Esq.
252 N. Washington Street
Falls Church, VA 22046
jmurdock@pottermurdock.com
bszmak@pottermurdock.com
Telephone: (703) 992-6950

**NUKK-FREEMAN & CERRA, P.C.**
*Attorneys for Plaintiff M Corp dba 11:59*

By: _[signature]_
Kegan S. Andeskie, Esq.
Stacy Landau, Esq.
26 Main Street, Suite 202
Chatham, NJ, 07928
kandeskie@nfclegal.com
slandau@nfclegal.com
Tel.: (973) 665-9100
Fax: (973) 665-9101

Dated: June 18, 2025

## CERTIFICATION OF SERVICE

I HEREBY CERTIFY that on this 18th day of June, 2025, a copy of the foregoing was filed with the United States District Court for the Eastern District of Virginia, Alexandria Division using the CM/ECF system, with a copy of being served via CM/ECF on all counsel of record in this matter.

        Respectfully submitted,

        **POTTER & MURDOCK**
        *Attorneys for Plaintiff M Corp dba 11:59*

        By: */s/ John M. Murdock*
            John M. Murdock, Esq.

Dated: June 18, 2025

5

4896-6736-8527, v. 4