IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| M CORP d/b/a 11:59, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:24-cv-1823 (RDA/IDD) |
| | ) | |
| INFINITIVE, INC. *et al.*, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## <u>ORDER</u>

FOR REASONS stated from the bench and in accord with specific rulings and instructions thereto, it is hereby

ORDERED that Defendant Infinitive Inc.'s Motion to Compel Disclosures [Dkt. No. 91] is **GRANTED**. As required pursuant to Rule 26(a)(1)(A)(iii), Plaintiff shall provide documents, with specific Bates numbers, that support the computation for each category of damages requested by Plaintiff and the overall damages calculation. Plaintiff shall provide such documents no later than Wednesday, June 25, 2025. It is further

ORDERED that Defendant Infinitive Inc.'s Motion to Compel Complete Interrogatory Responses [Dkt. No. 95] is **GRANTED in part and DENIED in part**, as follows:

1. As to Interrogatory No. 1, Plaintiff shall respond with a list of names and contact information for both existing and prospective 11:59 clients with knowledge concerning the allegations in this matter.

2. As to Interrogatory No. 2, Plaintiff's response shall include a representative sample of trade secrets that Defendant Infinitive Inc. is alleged to have misappropriated.

3. As to Interrogatory No. 8, this Court finds that Plaintiff has sufficiently responded to the interrogatory, and therefore, Defendant's Motion to Compel is DENIED.

4. As to Interrogatory No. 10, Plaintiff's response shall include detailed information regarding the parties' agreed narrowed "Client List." This information shall include (i) the point of contact for the client; (ii) the date the relationship was established; (iii) revenue 11:59 earned from the client before Mr. Sheridan's hire, during his employment, and following his termination; and (iv) a detailed description of the services Mr. Sheridan provided to the client.

5. As to Interrogatory No. 11, this Court finds that Plaintiff has sufficiently responded to the interrogatory, and therefore, Defendant's Motion to Compel is DENIED.

6. As to Interrogatory No. 13, Plaintiff shall provide a response which includes all communications between 11:59 and the former Infinitive employees which 11:59 hired away from Infinitive.

7. As to Plaintiff's objections to the contention interrogatories, Plaintiff shall modify its objections to provide additional clarity regarding the nature of the objections. It is further

ORDERED that Plaintiff shall provide the above-referenced responses to Defendant Infinitive Inc.'s interrogatories no later than Friday, June 27, 2025. It is further

ORDERED that Defendant Infinitive Inc.'s requests for attorney's fees are **DENIED**.

ENTERED this 20th day of June 2025.

_____/s/_____
Ivan D. Davis
Alexandria, Virginia                                    United States Magistrate Judge